# EXHIBIT 2B

# EXHIBIT 2B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------- x
```
ARROWHEAD CAPITAL FINANCE, LTD.,
    Plaintiff

-v-

SEVEN ARTS ENTERTAINMENT, INC. and
SEVEN ARTS FILMED ENTERTAINMENT
LOUISIANA, LLC,
    Defendants
```
------------------------------------- x
```

14 CIVIL 6512 (KPF)

**JUDGMENT**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 5, 2018

WHEREAS this Court on September 16, 2016 issued an Opinion and Order (the "September 16, 2016 Opinion") [Doc. 143] which referred to the December 2006 Secured Subordinated Term Loan Promissory Note (the "Arrowhead Note") [Doc. 16-3] signed by Peter Hoffman on behalf of (among others) Seven Arts Pictures, Inc. ("SAP"), Seven Arts Pictures Plc ("PLC"), and Seven Arts Filmed Entertainment Limited ("SAFE") and the Master Agreement and other do.cuments cited therein (a copy of that Arrowhead Note being attached as Exhibit I hereto);

WHEREAS, this Court's September 16, 2016 Opinion also referred to the June 2012 Decision and the Order and Judgment of the New York State Court for New York County in *Arrowhead Capital Finance, Ltd. v. Seven Arts Pictures PLC et al*, Index No. 601199/2010 (the "State Court Judgment") [Doc. 16-2], which adjudicated SAP and SAFE and certain of their affiliates "jointly and severally liable "to Plaintiff Arrowhead for a total sum of $2,496,159.50" on the Arrowhead Note and so entered Judgment on October 10, 2012 for Arrowhead against SAP and SAFE and certain of their affiliates, jointly and severally, for that sum of$2,496,159.50 (a copy of that State Court Judgment being attached as Exhibit 2 hereto);

WHEREAS, in the instant action, Plaintiff Arrowhead's First Amended Complaint [Doc. 16] included a First Cause of Action for declaratory judgment against defendant Seven Arts Entertainment, Inc. ("SAE") and Second Cause of Action for declaratory judgment against co-defendant Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA");

WHEREAS this Court's September 16, 2016 Opinion found [at p. 27] that "Because Plaintiff has proven a de facto merger between SAE and PLC, Plaintiff is entitled to a declaration that SAE assumed PLC's obligations under the Arrowhead Note" and further found Plaintiff Arrowhead had proven de facto merger into SAE of its then wholly-owned subsidiary SAFELA, and [at p.31]:

> "In light of this de facto merger, SAE and SAFE are one and the same company, and as a result, they have one and the same liabilities ... Plaintiff is entitled to a declaratory judgment that SAE is liable on the Arrowhead Note to the same extent as signatory SAFE. Similarly, Plaintiff is entitled to a declaration that SAE is liable on the State Court Judgment to the same extent as judgment debtor SAFE."

WHEREAS, this Court's September 16, 2016 Opinion [at p. 50] further "found that Mr. [Peter] Hoffman is in contempt of Court" for the reasons set forth therein;

WHEREAS, this Court's May 2, 2017 Order [Doc. 195], having found defendant SAFELA continued to fail to fulfill its pretrial discovery obligations and continued to disobey a series of this Court's discovery Orders, granted Plaintiff Arrowhead's motion to strike SAFELA's Answer to, and entered default judgment for Plaintiff Arrowhead on, the First Amended Complaint's Second Cause of Action for declaratory judgment;

WHEREAS, plaintiff Arrowhead has now abandoned its claims under the Third through Eighth Causes of Action in its First Amended Complaint, but has reserved the right to seek, obtain and enforce post-judgment relief (whether post-judgment discovery,

garnishment, attachment, turnover orders, or otherwise) to enforce the judgments and other adjudications (including without limitation discovery, contempt, sanctions, turnover, attachment and other orders) which Arrowhead has obtained;

WHEREAS, pursuant to Rules 5003 and 5004 of the New York Civil Practice Law and Rules ("CPLR"), interest has been accruing on and from the October 12, 2012 date of entry of the State Court Judgment at the rate of 9% (nine percent) per annum; and

WHEREAS, the United States Court of Appeals for the Second Circuit has issued a Remand Order and a Mandate dated May 30, 2018 remanding this case to this Court so that this Court may enter final judgment in this case;

NOW THEREFORE, BE IT ORDERED, ADJUDGED AND DECREED, that Judgment is entered for plaintiff Arrowhead on the First Amended Complaint's First Cause of Action for declaratory judgment against defendant SAE, declaring (i) SAE assumed and is jointly and severally liable for PLC's obligations under the Arrowhead Note and (ii) SAE is also jointly and severally liable on the Arrowhead Note and on the State Court Judgment to the same extent as judgment debtor SAFE, and, pursuant thereto, SAE is jointly and severally liable to Arrowhead for and Arrowhead has judgment against SAE jointly and severally in the $2,496,159.50 amount of the State Court Judgment, plus interest accruing after October 10, 2012 entry of the State Court Judgment at the CPLR 5004 rate of 9% (nine percent) per annum through the date hereof; and it is further

ORDERED, ADJUDGED AND DECREED, that Judgment is entered for plaintiff Arrowhead on and as set forth in the First Amended Complaint's Second Cause of Action for declaratory judgment against defendant SAFELA that SAFELA as a successor to and

3

continuation of the business of SAP, PLC, SAFE and SAE is jointly and severally liable for all duties, liabilities and obligations of its predecessors SAP, PLC, SAFE and SAE (whether under the Arrowhead Note, Master Agreement, Financing and Security Agreements, related agreements, June 2012 Decision, October 2012 [State Court] Judgment, or otherwise); Arrowhead has valid, first priority, and superior Copyright Mortgages and security interests in the Collateral (as defined in the Master Agreement); and Arrowhead is entitled to enforce against SAFELA all Arrowhead's rights and remedies with respect to the Collateral (whether under the Arrowhead Note, Master Agreement, Financing and Security Agreements, related agreements, June 2012 Decision, October 2012 [State Court] Judgment, or otherwise); and pursuant thereto, SAFELA is jointly and severally liable to Arrowhead for and Arrowhead has judgment against SAFELA jointly and severally in the $2,496,159.50 amount of the State Court Judgment, plus interest accruing after October 10, 2012 entry of the State Court Judgment at the CPLR 5004 rate of 9% (nine per cent) per annum through the date hereof; and it is further

ORDERED, ADJUDGED, AND DECREED, that all other causes of action (namely the Third through the Eighth Causes of Action) in Arrowhead's First Amended Complaint are deemed abandoned, *without prejudice* to Arrowhead's right to seek, obtain and enforce (i) post-judgment relief (including without limitation discovery, accounting, garnishment, attachment, turnover orders, or otherwise) under or with respect to this Judgment and any other orders and adjudications obtained or collateral securing and other rights for payment and satisfaction of obligations owing to Arrowhead, and/or (ii) other or further claims against or relief from any other persons or entities.

4

Dated: New York, New York
     June 5, 2018

*Katherine Polk Failla* (signature)

By: Hon. Katherine Polk Failla

80530.1JUDGM

5

# EXHIBIT 1

Case 2:19-cv-10233-D Doc 3-2 Filed 04/19/01 720 Entered 04/19/01/20 15:07:28 Exhibit 2 Judgment Page
Page 8 of 17
Case 1:14-cv-06512-KPF Document 22-1 Filed 06/05/18 Page 7 of 16

Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 2 of 6

### SECURED SUBORDINATED TERM LOAN PROMISSORY NOTE

Amount: $1,000,000                                                                                        December , 2006

    FOR VALUE RECEIVED, each of the Undersigned jointly and severally promises to pay to the order of ARROWHEAD CONSULTING GROUP, LLC, a Minnesota limited liability company (hereinafter, together with any holder hereof, called "Lender"), at the office or bank account of the Lender directed by Lender from time to time, the principal sum of One Million Dollars ($1,00,000). Until further notice from Lender such payments shall be made by wire transfer to:

| | |
|---|---|
| Receiving Bank: | US Bank<br>800 Nicollet Mall<br>Minneapolis, MN 55402 |
| ABA #: | 091000022 |
| Account Name: | ArrowHead Consulting Group, LLC |
| Account #: | 1047-5745-0887 |

    The Undersigned further promises to pay interest on the outstanding principal amount hereof at the rates, in the manner and on the dates provided in the Agreement (as defined below) from the date hereof until payment in full hereof.

    This Secured Subordinated Term Loan Promissory Note (the "Note") is the "Arrowhead Note" issued in connection with, further evidences the Undersigned's obligation to repay that certain Additional Loan created under, and is delivered pursuant to that certain Master Agreement bearing even date herewith, as it may hereafter be amended, modified, restated or replaced from time to time, together with all exhibits thereto, among Lender and the Undersigned (the "Agreement"), and is entitled to all of the benefits and security of the Agreement. All of the terms, covenants and conditions of the Agreement are hereby made a part of this Note and are deemed incorporated herein in full. All terms which are capitalized and used herein (which are not otherwise defined herein) shall have the meaning ascribed to such terms in the Agreement.

    Principal hereunder shall be due on the Maturity Date (i.e., June 30, 2007, subject to one extension to September 30, 2007 upon Lender's consent to payment by the Undersigned of an extension fee equal to one percent (1%) of the original principal amount hereof).

    This Note is subordinate to that certain Secured Term Loan Promissory Note issued of even date herewith by the Undersigned to Cheyne Specialty Finance Fund, L.P., in the manner set forth in the Agreement.

    The Undersigned hereby authorizes the Lender to charge any account of the Undersigned for all sums due hereunder. If payment hereunder becomes due and payable on a day other than a Business Day, the due date thereof shall be extended to the next succeeding Business Day, and interest shall be payable thereon at the rate specified during such extension.



Case 20-10223 Doc 3-2 Filed 04/13/20 Entered 04/13/20 15:07:38 Exhibit 2 Judgment Page 9 of 17
Case 1:14-cv-06512-KPF Document 217 Filed 06/05/18 Page 8 of 16
Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 3 of 6

Credit shall be given for payments made in the manner and at the times provided in the Agreement. It is the intent of the parties that the rate of interest and other charges to the Undersigned under this Note shall be lawful; therefore, if for any reason the interest or other charges payable hereunder are found by a court of competent jurisdiction, in a final determination, to exceed the limit which Lender may lawfully charge the Undersigned, then the obligation to pay interest or other charges shall automatically be reduced to such limit and, if any amount in excess of such limit shall have been paid, then such amount shall be refunded to the Undersigned.

The principal and all accrued interest hereunder may be prepaid by the Undersigned at any time, subject to the terms and conditions of the Agreement.

The Undersigned waives the benefit of any law that would otherwise restrict or limit Lender in the exercise of its right, which is hereby acknowledged, to set-off against the Liabilities, without notice and at any time hereafter, any indebtedness matured or unmatured owing from Lender to the Undersigned. The Undersigned waives every defense, counterclaim or setoff which the Undersigned may now have or hereafter may have to any action by Lender in enforcing this Note and/or any of the other Liabilities, or in enforcing Lender's rights in the Collateral and ratifies and confirms whatever Lender may do pursuant to and in accordance the terms hereof and of the Agreement and with respect to the Collateral and agrees that Lender shall not be liable for any error in judgment or mistakes of fact or law absent gross negligence or wilfull misconduct on the part of Lender.

Time is of the essence with respect to the obligations of the Undersigned under this Note. The Undersigned, any other Person liable with respect to the Liabilities and any and all endorsers and accommodation parties, and each one of them, if more than one, waive any and all presentment, demand, notice of dishonor, protest, and all other notices and demands in connection with the enforcement of Lender's rights hereunder.

THIS NOTE, AND ALL MATTERS RELATED HERETO AND/OR ARISING HEREFROM, SHALL BE GOVERNED AND CONTROLLED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK AS TO INTERPRETATION, ENFORCEMENT, VALIDITY, CONSTRUCTION, EFFECT, AND IN ALL OTHER RESPECTS, INCLUDING, WITHOUT LIMITATION, THE LEGALITY OF THE INTEREST RATE AND OTHER CHARGES, and shall be binding upon the Undersigned and the Undersigned's legal representatives or successors. The Undersigned may not assign any of their rights or obligations and liabilities under this Note. If this Note contains any blanks when executed by the Undersigned, the Lender is hereby authorized, without notice to the Undersigned to complete any such blanks according to the terms upon which the loan or loans were granted. Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or be invalid under such law, such provision shall be severable, and be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note. If more than one Person shall execute this Note, the term "Undersigned" as used herein shall mean all parties signing this Note, and each

-2-

one of them, and all such parties, their respective legal representatives, successors and permitted assigns, shall be jointly and severally obligated hereunder.

No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as an acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Except as provided in the Agreement, after an Event of Default, Lender, at its option exercisable in its sole discretion, may enforce its rights against any Collateral securing this Note or any other Person primarily or secondarily liable for the indebtedness evidenced by this Note without enforcing its rights against the Undersigned or any other property of or indebtedness due or to become due to the Undersigned. The Undersigned agrees that, without releasing or impairing the Undersigned's liability hereunder, Lender may at any time release, surrender, substitute or exchange any Collateral securing this Note and may at any time release any Person primarily or secondarily liable for the indebtedness evidenced by this Note.

To induce the Lender to make the loan evidenced by this Note, the Undersigned (i) irrevocably agrees that, subject to Lender's sole and absolute election, ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS NOTE OR THE COLLATERAL SHALL BE LITIGATED IN COURTS HAVING SITUS WITHIN THE CITY OF NEW YORK, STATE OF NEW YORK, THE UNDERSIGNED HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURTS LOCATED WITHIN SAID CITY AND STATE; AND (II) WAIVES ANY OBJECTION BASED ON FORUM NON-CONVENIENS. IN ADDITION, LENDER AND THE UNDERSIGNED (OR ANY ONE OF THEM, IF MORE THAN ONE) EACH HEREBY WAIVES ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING WHICH PERTAINS DIRECTLY OR INDIRECTLY TO THIS NOTE, THE LIABILITIES, THE COLLATERAL, OR ANY ALLEGED TORTIOUS CONDUCT BY THE UNDERSIGNED OR LENDER OR WHICH IN ANY WAY, DIRECTLY OR INDIRECTLY, ARISES OUT OF OR RELATES TO THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND LENDER. In addition, the Undersigned agrees that all service of process shall be made as provided in the Agreement.

As used herein, all provisions shall include the masculine, feminine, neuter, singular and plural thereof, wherever the context and facts require such construction and in particular the word "Undersigned" shall be so construed.

[SIGNATURES ON FOLLOWING PAGE]

[SIGNATURE PAGE TO SECURED TERM LOAN PROMISSORY NOTE]

IN WITNESS WHEREOF, and intending to be legally bound, the Undersigned has executed this Note on the date above set forth.

Dated: December __, 2006        Seven Arts Pictures PLC

                                By: _____
                                    Peter Hoffman
                                Its: _____

Dated: December __, 2006        Seven Arts Filmed Entertainment, Ltd

                                By: _____
                                    Peter Hoffman
                                Its: _____

Dated: December __, 2006        Deal Investments, LLC

                                By: _____

                                Its: _____

Dated: December __, 2006        Deal Productions, LLC

                                By: _____

                                Its: _____

Dated: December __, 2006        Seven Arts Pictures, Inc.

                                By: _____

                                Its: _____

Dated: December __, 2006        Rectifier Productions LLC

By: [signature]

Its: _____

Dated: December __, 2006         Pool Hall Productions, LLC

By: [signature] _____

Its: _____

-5-

# EXHIBIT 2

Case 20-10223 Doc 3-2 Filed 04/18/20 Entered 04/18/20 15:27:38 Exhibit 2 - Judgment Page 14 of 17
Case 1:14-cv-06512-KPF Document 27-17 Filed 06/05/18 Page 13 of 16
Case 1:14-cv-06512-KPF Document 16-2 Filed 10/07/14 Page 2 of 5

At a Supreme New York State
Supreme Court, held in and for
the County of New York, on the
12 day of September, 2012

PRESENT: HON. SHIRLEY WERNER KORNREICH, J.S.C.
-----------------------------------------------------------x
ARROWHEAD CAPITAL FINANCE, LTD.,

           Plaintiffs,

-against-

SEVEN ARTS PICTURES PLC, SEVEN ARTS FILMED
ENTERTAINMENT, LTD., DEAL INVESTMENTS, LLC,
DEAL PRODUCTIONS, LLC, SEVEN ARTS
PICTURES, INC., SEVEN ARTS FUTURE FLOWS I,
RECTIFIER PRODUCTIONS, and POOL HALL
PRODUCTIONS, LLC,

           Defendants.
-----------------------------------------------------------x

Index No.: 601199/2010

JUDGMENT & ORDER

Defendants Seven Arts Pictures PLC, Seven Arts Filmed Entertainment, Ltd., Deal Investments, LLC, Deal Productions, LLC, Seven Arts Pictures, Inc., Rectifier Productions, LLC, Pool Hall Productions, LLC and Seven Arts Future Flows I having moved for an order granting summary judgment dismissing the complaint, and plaintiff Arrowhead Capital Finance, Ltd., having cross-moved for summary judgment,

And upon reading and filing e-filed documents numbered 11 through 25, 27 through 71 and 78 in support of and in opposition to said motion and cross-motion, and counsel for the parties having appeared for oral argument on January 10, 2012, and due deliberation having been had thereon, and the court having rendered its written decision dated June 20, 2012 and entered on June 22, 2012, denying defendants motion, granting plaintiff's cross-motion for summary

1

Case 1:19-10233 Doc 8-3 Filed 04/18/19 Entered 04/18/19 15:27:38 Exhibit 2B Judgment Page 15 of 17
Case 1:14-cv-06512-KPF Document 221 Filed 06/05/18 Page 14 of 16

Case 1:14-cv-06512-KPF Document 16-2 Filed 10/07/14 Page 3 of 5

judgment on liability on the first and fourth causes of action against Seven Arts Pictures PLC, Seven Arts Filmed Entertainment, Ltd., Deal Investments, LLC, Deal Productions, LLC, Seven Arts Pictures, Inc., Rectifier Productions, LLC, and Pool Hall Productions, LLC, and against said defendants and Seven Arts Future Flows I on the third cause of action, and denying the cross-motion with respect to the second and fifth causes of action, and referring certain issues relating to the first, third and fourth causes of action to a Special Referee; and the court having been notified on August 10, 2012 that a bankruptcy stay is in effect with respect to defendant Seven Arts Pictures PLC, and the court having issued its additional order dated September 5, 2012 (e-filed document 98), and the parties having submitted proposed judgments and letters regarding the same (e-filed documents 91 through 97 and 99 through 102), and plaintiff having waived its fourth cause of action for attorneys' fees and costs,

Now, on motion of William F. Dahill, Esq., attorney for Plaintiff, it is hereby

ORDERED and ADJUDGED that plaintiff Arrowhead Capital Finance, Ltd., with an address c/o W. William Woods, plaintiff's duly appointed liquidator, 175 Bloor Street East, Suite 807, Toronto, Ontario, M4W 3R8, Canada, shall recover on plaintiff's first cause of action, the sum of $1,157,273.42, plus interest at the rate of 23% from October 1, 2007 to the entry of judgment in the sum of $ 1,339,886.08 to be taxed by the Clerk, for a total sum of $ 2,496,159.50, from defendants (i) Seven Arts Filmed Entertainment, Ltd., with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (ii) Deal Investments, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (iii) Deal Productions, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (iv) Seven Arts Pictures, Inc.,

2

with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (v) Rectifier Productions, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, and (vi) Pool Hall Productions, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, jointly and severally, and plaintiff shall have execution therefor; and it is further

ORDERED that the fourth cause of action for attorneys' fees and costs is hereby dismissed based upon plaintiff's waiver; and it is further

ORDERED that the first cause of action against Seven Arts Pictures PLC, and the second, third and fifth causes of action against all defendants are severed and shall continue as a separate action, and plaintiff shall serve a copy of this order with notice of entry on the Clerks of the Court and the Trial Support Office, who shall note the severance in their respective records; and it is further

ORDERED that the third decretal paragraph of the court's June 20, 2012 decision and order is amended to vacate the reference to a Special Referee of the issues of the principal and interest due plaintiff under the Arrowhead Note and the amount of reasonable attorneys' fees and costs plaintiff incurred in enforcing its rights under the Master Agreement.

ENTER:

SHIRLEY WERVER KORNREICH
SHIRLEY WERVER KORNREICH, J.S.C.

FILED
OCT 10 2012
COUNTY CLERK'S OFFICE
NEW YORK

3

CLERK

Case 20-10223 Doc 3-2 Filed 04/18/20 Entered 04/18/20 15:07 Exhibit 2 Judgment Page 17 of 17
Case 1:14-cv-06512-KPF Document 17 Filed 06/05/18 Page 16 of 16
Case 1:14-cv-06512-KPF Document 16-2 Filed 10/07/14 Page 5 of 5

Entered

Index No.

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK**

ARROWHEAD CAPITAL FINANCE, LTD.,

Plaintiff,

-against-

SEVEN ARTS PICTURES PLC, SEVEN ARTS
FILMED ENTERTAINMENT, LTD., DEAL
INVESTMENTS, LLC, DEAL PRODUCTIONS, LLC,
SEVEN ARTS PICTURES, INC., SEVEN ARTS
FUTURE FLOWS I, RECTIFIER PRODUCTIONS,
and POOL HALL PRODUCTIONS, LLC,

Defendants.

Judgment

1-6

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiff Arrowhead Capital Finance, Ltd.*

FILED AND DOCKETED
OCT 10 2012
7:17 P M
AT
N.Y., CO. CLK'S OFFICE


DOCKETED BY