# EXHIBIT 4

FILED: NEW YORK COUNTY CLERK 03/29/2011

NYSCEF DOC. NO. 8

INDEX NO. 601199/2010

RECEIVED NYSCEF: 03/29/2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------X

ARROWHEAD CAPITAL FINANCE    X
LTD,

     Plaintiff,

   -against-

SEVEN ARTS PICTURES PLC;
SEVEN ARTS FILMED
ENTERTAINMENT LIMITED; DEAL
INVESTMENTS LLC; DEAL
PRODUCTIONS LLC; SEVEN ARTS
PICTURES INC.; SEVEN ARTS
FUTURE FLOWS I LLC; RECTIFIER
PRODUCTIONS LLC, and POOL
HALL PRODUCTIONS LLC,

     Defendants.

------------------------------------------------ X

INDEX NO. 601199/10

DEFENDANTS RESPONSE TO
PLAINTIFFS' FIRST SET OF
DOCUMENT DEMANDS

Defendants SEVEN ARTS PICTURES PLC; SEVEN ARTS FILMED ENTERTAINMENT LIMITED; DEAL INVESTMENTS LLC; DEAL PRODUCTIONS LLC; SEVEN ARTS PICTURES INC.; SEVEN ARTS FUTURE FLOWS I LLC; RECTIFIER PRODUCTIONS LLC, and POOL HALL PRODUCTIONS LLC, by their attorneys, Ross & Asmar LLC, Attorneys at Law, 270 Madison Avenue, Suite 1203 New York, New York 10016, hereby responds to Plaintiffs' First Set of Document Demands (the "Demands") by production of documents and subject to the following:

RESPONSES AND OBJECTIONS

Case 1:14-cv-06512-KPF Document 97-6 Filed 02/01/16 Page 3 of 12

GENERAL OBJECTIONS

1.  By objecting or responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' objections and responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding. Defendants reserve the right to object to the use of any document as such time as is appropriate.

2.  Defendants object to the Demands to the extent that they seek the production of documents and/or information that is/are protected by the attorney-client or work-product privilege, or that constitute material prepared for litigation purposes. Defendants further object to the Demands insofar as they seek internal documents that are protected by the deliberative process privilege.

3.  Defendants object to the Demands to the extent that they purport to impose discovery obligations upon Defendants that are inconsistent with, or broader than, the requirements of the CPLR.

4.  Defendants object to the Demands insofar as they are vague, unduly burdensome, overbroad, seek information and documentation already and particularly within the possession and control of the Plaintiff, palpably irrelevant to the subject matter of this action, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence.

5.  Defendants object to the Demands to the extent they seek publicly available documents that are obtainable from some other source that is more convenient, less burdensome, or less expensive.

6. Any objection made by any Defendant to these Demands shall be deemed to have been made by all Defendants.

7. Inadvertent production of any information or document that is privileged was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of any ground for objecting to discovery with respect to that document or any other document, its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained  therein during any proceeding in this litigation or otherwise, without regard to whether such document was produced by Defendants or otherwise.

8. Defendants object generally to the Demands to the extent they seek the production of documents containing confidential commercial, business, financial, proprietary or competitively sensitive information irrelevant to the instant action, disclosure of which could seriously injure Defendants and which is irrelevant to the subject matter of this action, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence.  Such confidential and proprietary information will not be disclosed or logged unless it is directly related to the prosecution or defense of a claim in this action and , if so related, will be deemed "privileged" for the purpose of these objections and responses.

9. Defendants object generally to the Demands to the extent that they call for a legal conclusion or seek information or deliberative work product beyond the scope of what may be required of Defendants pursuant to the CPLR.

10. The foregoing objections and responses are based on Defendants' knowledge, information and belief at this time.  Defendants

3

Case 1:14-cv-06512-KPF   Document 97-6   Filed 02/01/16   Page 5 of 12

reserve the right to amend these responses if any Defendant obtains additional information or locates additional responsive documents, but states that he is not obligated to produce documents created after the date of this response. Discovery is continuing and Defendants are producing only documents currently in their possession, subject to further review and search of their files and records.

11. Defendants reserve the right to raise any additional objections deemed necessary or appropriate in light of the result of any further review. Defendants' failure to object to the Demands on a particular ground shall not be construed as a waiver of any Defendant's rights to assert objections on that ground or any additional ground at any time.

12. Neither the fact that an objection is interposed to a particular Demand, nor the fact that no objection is interposed, necessarily means that responsive information or documents exist.

## OBJECTIONS TO INSTRUCTIONS

13. Defendants object to the definition of Borrower Defendants (Definition #5) as ambiguous and overbroad insofar as it purports to include employees, officers, members, managing members, agent, representatives or persons or entities acting on behalf of other Defendants.

14. Defendants object to this instruction to the extent that it purports to impose discovery obligations upon the Defendants that are inconsistent with, or broader than, the requirements of the CPLR. Defendants also object to the Demands as duplicative and unduly burdensome in so far as they seek the production of the documents within the custody and control of Plaintiff.

## DOCUMENT REQUESTS

REQUEST NO. 1: All communications between any Borrower

Case 1:14-cv-06512-KPF   Document 97-6   Filed 02/01/16   Page 6 of 12

Defendant and Plaintiff.

RESPONSE TO REQUEST NO. 1: Subject to the objections set forth above, Defendants will produce non-privileged documents responsive to this request.

REQUEST NO. 2: All communications between any Borrower Defendant and Cheyne.

RESPONSE TO REQUEST NO. 2: See Response to No. 1.

REQUEST NO. 3: All communications between any Borrower Defendant and Arrowhead Target.

RESPONSE TO REQUEST NO. 3: See Response to No. 1.

REQUEST NO. 4: All communications between any Borrower Defendant and Mercantile.

RESPONSE TO REQUEST NO. 4: See Response to No. 1.

REQUEST NO. 5: All communications between any Borrower Defendant and ACG.

RESPONSE TO REQUEST NO. 5: See Response to No. 1.

REQUEST NO. 6: All communications between any Borrower Defendant and Woods.

RESPONSE TO REQUEST NO. 6: See Response to No. 1.

REQUEST NO. 7: All communications between and among the Borrower concerning Plaintiff, Cheyne, Arrowhead Target, Mercantile and ACG.

RESPONSE TO REQUEST NO. 7: See Response to No. 1.

REQUEST NO. 8: All documents concerning the Promissory Note including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 8: See Response to No. 1.

REQUEST NO. 9: All documents concerning the Master Agreement including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 9: See Response to No. 1.

REQUEST NO. 10: All documents concerning the Pool Hall Loan Agreement including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 10: See Response to No. 1.

REQUEST NO. 11: All documents concerning the Pool Hall Loan Assignment including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 11: See Response to No. 1.

REQUEST NO. 12: All documents concerning the Deal Loan Agreement including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 12: See Response to No. 1.

REQUEST NO. 13: All documents concerning the Deal Loan Assignment including, but not limited to communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 13: See Response to No. 1.

REQUEST NO. 14: All documents concerning the Noise Loan

6

Agreement including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 14: See Response to No. 1.

REQUEST NO. 15: All documents concerning the Noise Loan Assignment including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 15: See Response to No. 1.

REQUEST NO. 16: All documents concerning the Senior Note including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, reports, analyses or proposals.

RESPONSE TO REQUEST NO. 16: See Response to No. 1.

REQUEST NO. 17: All documents concerning the Subordinate Liens including, but not limited to, communications (whether with Plaintiff or others).

RESPONSE TO REQUEST NO. 17: See Response to No. 1.

REQUEST NO. 18: All documents concerning the Senior Liens including, but not limited to, communications (whether with Plaintiff or others).

RESPONSE TO REQUEST NO. 18: See Response to No. 1.

REQUEST NO. 19: All documents concerning the Subordinated Debt including, but not limited to, communications (whether with Plaintiff or others).

RESPONSE TO REQUEST NO. 19: See Response to No. 1.

REQUEST NO. 20: All documents concerning the Senior Debt

including, but not limited to, communications (whether with Plaintiff or others) and the assignment thereof to SAFE or any other person.

RESPONSE TO REQUEST NO. 20: See Response to No. 1.

REQUEST NO. 21: All documents concerning the Collateral including, but not limited to, communications (whether with Plaintiff or others).

RESPONSE TO REQUEST NO. 21: See Response to No. 1.

REQUEST NO. 22: All documents concerning the financing of the Pool Hall Prophets including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, proposals and repayment of the financing.

RESPONSE TO REQUEST NO. 22: See Response to No. 1.

REQUEST NO. 23: All documents concerning revenues or profits generated by or through Pool Hall Prophets.

RESPONSE TO REQUEST NO. 23: Defendants object to production of any documents pursuant to this Request, as such documents in their entirety are subject to the objections set forth above.

REQUEST NO. 24: All documents concerning the financing of Noise including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, proposals and repayment of the financing.

RESPONSE TO REQUEST NO. 24: See Response to Nos. 1 and 23. Defendants object to production of any documents other than documents related to the agreements alleged in the Complaint.

REQUEST NO. 25: All documents concerning revenues or profits generated by or through Noise.

duplicate
Case 1:14-cv-06512-KPF   Document 97-6   Filed 02/01/16   Page 10 of 12

RESPONSE TO REQUEST NO. 25: See Response to No. 23.

REQUEST NO. 26: All documents concerning the financing of Deal including, but not limited to, communications (whether with Plaintiff or others), term sheets, drafts, letters of intent, memoranda, agreements, drafts of agreements, proposals and repayment of the financing.

RESPONSE TO REQUEST NO. 26:  See Response to No. 24.

REQUEST NO. 27: All documents concerning revenues or profits generated by or through Deal.

RESPONSE TO REQUEST NO. 27:  Defendants object to production of any documents pursuant to this Request, as such documents in their entirety are subject to the objections set forth above.

REQUEST NO. 28: All documents including, but not limited to communications (whether with Plaintiff or others), concerning payment of the Senior Note.

RESPONSE TO REQUEST NO. 28:  See Response to No. 1.

REQUEST NO. 29: All documents including, but not limited to communications (whether with Plaintiff or others), concerning the payment of the Senior Debt.

RESPONSE TO REQUEST NO. 29:  See Response to No. 1.

REQUEST NO. 30: All documents including, but not limited to communications (whether with Plaintiff or others), concerning the payment of the Subordinated Debt.

RESPONSE TO REQUEST NO. 30:  See Response to No. 1.

REQUEST NO. 31: All documents concerning each of the Borrower Defendant's financial statements for 2004 through and including 2010.

RESPONSE TO REQUEST NO. 31:  In addition to the general

objection set forth above, Defendants object to production of documents pursuant to this Request, as the request is overbroad, unduly burdensome, and not likely to lead to the discovery of relevant evidence.

REQUEST NO. 32: Each of the Borrower Defendant's tax returns for 2004 through and including 2010.

RESPONSE TO REQUEST NO. 32: In addition to the general objection set forth above, Defendants object to production of documents pursuant to this Request, as the request is overbroad, unduly burdensome, and not likely to lead to the discovery of relevant evidence.

REQUEST NO. 33: All documents that Borrower Defendants relied upon in responding to Plaintiffs First Set of Interrogatories served herewith.

RESPONSE TO REQUEST NO. 33: See Response to No. 1.

REQUEST NO. 34: All documents not already requested for which Borrower Defendants intend to rely on or otherwise use at trial.

RESPONSE TO REQUEST NO. 34: In addition to the general objection set forth above, Defendants object to production of documents pursuant to this Request, as the request is overbroad, vague and beyond the scope of the CPLR.


Dated:    New York, New York
          March 25, 2011

10

ROSS & ASMAR LLC

By: _____
Steven Ross, Esq.
270 Madison Avenue, Suite 1203
New York, New York 10016
(212) 736-4201