# EXHIBIT 22

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**SEVEN ARTS PICTURES, INC., ET AL.**

**VERSUS**

**CIVIL ACTION**

**NO. 09-4814 C/W
09-4815, 11-1994,
11-2628, 12-535
REF: 09-4814 & 09-
4815**

**JONESFILM**

**SECTION "H" (3)**

### ORDER

On March 6, 2013, the Motion for Intervention to File Complaint for Declaratory Relief

Pursuant to Rule 24(a)(2), (b)(2) [Doc. #185] came on for oral hearing before the undersigned.

Present were David Waguespack on behalf of Jonesfilm and William Wegmann on behalf of

movants Susan Hoffman, Leeway Properties, Inc. and Royal Alice Properties, L.L.C. After the oral

hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition,

the case law and the parties' arguments, the Court rules as follows.

### I.    Background

On March 15, 2005, Jonesfilm received an order and judgment confirming an arbitration

award from the Superior Court for Los Angeles County. The order found Peter Hoffman to be an

alter ego of NTTS Productions Ltd. and liable for a $290,911 judgment (plus interest).[1]  That

judgment was made executory by a March 14, 2006 order of the Civil District Court for the Parish

of Orleans.

Jonesfilm also obtained a June 19, 2007 order that confirmed a monetary judgment of

$537,097.53 plus interest against several companies controlled by and affiliates of Hoffman.

Jonesfilm also filed that judgment from the Central District of California in this Court. Jonesfilm

contends that after all of the accrued interest, judgment debtors owes it approximately $920,000.00

Jonesfilm also filed in this Court a February 26, 2008 contempt judgment that granted it

additional monetary sanctions against Hoffman and the corporate judgment debtors for failing to

abide by the June 19, 2007 judgment's turnover and disclosure provisions.  The district court

explicitly found that Hoffman lacked credibility and had a history of stone-walling and

misrepresentation. The United States Court of Appeals for the Ninth Circuit upheld both the June

19, 2007 judgment and the February 26, 2008 contempt judgment.  The United States Supreme

Court denied review, and the judgments are now final and binding.  Judgment debtors have failed

to honor the judgments.

In 2010, Jonesfilm learned that Hoffman and the corporate judgment debtors own and control

several Louisiana limited liability companies, including Seven Arts Pictures Louisiana, L.L.C.

Through filings with the Securities and Exchange Commission ("SEC"), Jonesfilm also learned that

Hoffman had transferred millions of dollars to and through the Louisiana companies.

On October 26, 2011, this Court recommended that Hoffman and his co-judgment debtors

---

[1]     This Order will variously refer to Hoffman and all of the companies with which he is
affiliated – both those in and outside Louisiana – as "the judgment debtors."

2

be held in contempt for violating this Court's Orders, including the Charging Order. The District Court's November 2011 Contempt Order (approving and adopting this Court's October 26, 2011 Report and Recommendation) found that Hoffman, his co-judgment debtors, and their affiliated garnishees (including Leeway) disobeyed this Court's orders; ordered Hoffman and Leeway to immediately turn over $174,769.56 of garnished funds garnishee Leeway had wrongfully transferred to and for Hoffman and his co-judgment debtors (of which Hoffman has been chief executive officer and manager); and granted Jonesfilm judgment against Hoffman, Leeway, and the other co-judgment debtors and garnishees for legal fees and costs in the amount of $21,357.50. The Fifth Circuit has affirmed the District Court's and this Court's orders.

Less than a week after these orders issued, Hoffman and Leeway created Royal Alice Properties, L.L.C. ("RAP") to which they transferred all assets of Leeway. Leeway thus became nothing more than an empty shell. Leeway received no consideration for the transfer.

Instead of complying with the earlier orders, Hoffman, Leeway and their affiliates have continued their disobedience of this Court's Charging Orders, Garnishment Order, and also the 2011 Contempt Order against them, and so again were held in contempt by the District Court's November 1, 2012 Contempt Order. That 2012 Contempt Order again ordered Hoffman and Leeway to immediately turn over the $174,769.56 of garnished funds wrongfully transferred and the legal fees and costs of $21,357.50 awarded in the November 2011 Contempt Order; further granted Jonesfilm an award against them of $15,000 for additional attorneys' fees and costs incurred by Jonesfilm as a result of their continuing disobedience of the Court's orders; and also sanctioned Hoffman, Leeway, and their affiliates $500.00 per day, beginning 14 days after that November 1, 2012 Order and continuing to accrue until disobedience of this Court's orders is fully purged. Hoffman and all

3

others have appealed this order to the Fifth Circuit.

## II.    The Parties' Contentions

### A.    Motion for Intervention to File Complaint for Declaratory Relief Pursuant to Rule 24(a)(2), (b)(2)

Royal Alice Properties, L.L.C. ("RAP"), Leeway Properties, Inc. ("Leeway") and Susan Hoffman seek to intervene to file a declaratory action. Movants are defendants in Civ. A. Nos. 11-1994 and 12-535 and cross-defendants in Civ. A. No. 11-2628. The declaratory judgment addresses the amount of the California federal-court judgment and whether movants' Louisiana property may be the subject of execution. Movants seek to pay the federal judgment to avoid further attempts to execute on their Louisiana property. The parties can not agree on the amount due nor the rate of interest. Movants are not parties to or debtors under either California federal judgment.

Citing Federal Rule of Civil Procedure 24(a)(2), movants contend that the Court must allow intervention when a party claims an interest relating to the property that is the subject of the action unless that interest is adequately protected. Movants note that Jonesfilm seeks to execute judgment on their Louisiana property. Movants contend that only they have the ultimate objective of protecting their Louisiana property, which is not owned by judgment debtors. Movants argue that their motion to intervene is timely given that Jonesfilm just advised them that it disagrees with movants as to the amount due under the judgments.

Citing Rule 24(b)(2), movants contend that the Court may permit intervention if their claims share a common question of fact or law, and intervention will not delay the action. Movants maintain that their intervention could result in full payment of the judgments due and will therefore not delay the action.

### B.    Jonesfilm's Opposition

4

Jonesfilm contends that the complaint in intervention fails to state a cognizable claim. Jonesfilm contends that movants simply seek to challenge the two California federal-court orders that explicitly provide that interest runs at the rate of 10% per annum and to nullify the February 2008 award to Jonesfilm of $14,300.00 in attorneys' fees and $41,766.00 for misappropriation of funds. Jonesfilm contends that movants erroneously argue that the February 2008 award is not a money judgment capable of being registered in another court. Citing case law, Jonesfilm notes that awards of attorneys' fees are final appealable orders capable of registry in another federal court.

Jonesfilm argues that this Court has no jurisdiction, right or power to modify the California federal-court judgments. Jonesfilm maintains that a motion to alter or amend a judgment must be filed in the rendering court. Jonesfilm also maintains that – insofar as Hoffman and his affiliates had an objection to the orders – they must have appealed any objections to the orders to the Ninth Circuit. Hoffman and his affiliates appealed but did not object to the interest rate. Jonesfilm thus contends that movants have waived any objection.

Jonesfilm also argues that any motion to alter or amend would be deemed untimely under both Rules 59 and 60. Jonesfilm thus contends that any right to modify the interest rate or other provisions of the judgments expired long ago.

Jonesfilm also asserts that movants have not met the requirements of Rule 24. It notes that movants have known of their interest in this case since 2009. Jonesfilm notes that Hoffman, as officer, director and manager of Leeway, has known of its interest since then. And it maintains that Susan Hoffman has known of the judgments since at least January 2011, when she signed the responses to the garnishment interrogatories on behalf of Leeway. Moreover, it argues, RAP was formed in November 2011 with Susan Hoffman as its sole member and manager.

5

Jonesfilm also maintains that it will suffer prejudice were the Court to grant the motion given

the upcoming expert-report deadlines and discovery deadline and the judgment debtors' and

movants' failures to timely respond to discovery requests. And Jonesfilm contends that unusual

circumstances argue against intervention, given that movants are opponents of Jonesfilm in other

related cases and that they come to this Court with unclean hands.

Jonesfilm further argues that movants have failed to establish that their interests are not

adequately protected by the parties to this action. Jonesfilm notes that Hoffman is an experienced

attorney who manages and controls both Leeway and RAP.

Jonesfilm asserts that Leeway's pending appeal divests this Court of jurisdiction over the

November 2011 and 2012 orders. Lastly, Jonesfilm maintains that movants failed to obtain its

consent to file the motion under Local Rule 7.6.

## C.    Movants' Reply

Movants dispute Jonesfilm's argument that the complaint fails to state a cause of action for

declaratory relief. Movants note that a claim for declaratory relief exists if there is an actual, present

dispute and does not depend on whether the claimant will in fact prevail on the relief sought.

Movants note that Jonesfilm does not dispute that movants possess a "significant legally protected

interest." Movants also contend that they have demonstrated the minimal showing that the parties

to the action are not adequate to protect their interests. Movants seek to protect their property from

collection efforts, an objective not shared by judgment debtors.

Movants argue that their motion is timely in that they filed their motion to intervene as soon

as they learned of the amounts due under the federal judgments and February 26, 2008 Order.

Movants assert that the case law cited by Jonesfilm addressed motions to intervene after resolution

of a dispute to re-litigate the merits. Movants contend that they acted promptly after receipt of a letter from Jonesfilm in which it outlined the "radical" amounts that it seeks under the judgment.

Movants maintain that Jonesfilm's claim that to satisfy the federal judgment, movants must pay two California state-court attorney-fee awards not registered in this Court is unsupportable. Movants argue that the Feburary 2008 Order imposes a constructive trust and equitable lien in the amounts claimed by Jonesfilm. As an equitable order, movants contend that it can not be registered in this Court.

Movants argue that Jonesfilm asks the Court to interpret the federal judgments as applying incorrectly a California state rate of interest for purposes of enforcing the federal judgments against movants' property in Louisiana. Movants argue that they do not seek to amend the judgments but ask only that the Court interpret the judgments for enforcement purposes.

Movants note that if the Court grants the motion to intervene, they intend to file a motion for summary judgment as soon as possible to effect a speedy resolution here.

**III.    Law and Analysis**

Federal Rule of Civil Procedure 24(a)(2) governs intervention by right. The rule provides that:

[u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicants ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

"Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Courts apply a four-part test when analyzing whether a party is entitled to intervention by right. A party can

7

Case 2:09-cv-02032 Doc 3:09-cv-02032 Document 203 Filed 04/02/13 Entered 04/02/13 14:59:07 Desc Main Document Page 9 of 11

Case 2:09-mc-04814-JTM-DEK   Document 203   Filed 04/02/13   Page 8 of 10

intervene if (1) the application is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest, and; (4) the applicant's interest is inadequately represented by the existing parties to the suit. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). Failure to meet one of the four elements is fatal to intervention by right. *Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978). Rule 24 is liberally construed and any doubts are resolved in favor of the proposed intervenor. *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1158 (8th Cir. 1995); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993); *see United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991)

When determining whether a motion to intervene is timely, a court must consider the following four factors: (1) how long the potential intervenor knew or reasonably should have known of its stake in the case into which it seeks to intervene; (2) the prejudice, if any, the existing parties may suffer because the potential intervenor failed to intervene when it knew or reasonably should have known of its stake in that case; (3) the prejudice, if any, the potential intervenor may suffer if the court does not let them intervene; and (4) any unusual circumstances that weigh in favor of or against a finding of timeliness. *Ford*, 242 F.3d at 239.

Because "[t]he requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner," Sierra Club, 18 F.3d at 1205., "the timeliness clock runs either from the time the applicant knew or reasonably should have known of his stake in the case into which he seeks to intervene or

8

from the time he became aware that his stake would no longer be protected by the existing parties to the lawsuit." *Doe v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (internal quotations omitted).

Rule 24(b) provides for permissive intervention when: (1) the motion is timely; (2) a statute of the United States confers a conditional right to intervene; or (3) the movants' "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b); *Trans Chem. Ltd. v. China Nat'l Mach. Import & Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003)(quoting Fed. R. Civ. P. 24(b)(2)). A district court's Rule 24(b) determination is "wholly discretionary." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Thus, "even [where] there is common question of law or fact, or the requirements of 24(b) are otherwise satisfied," a district court may deny permissive intervention if such would "unduly delay or prejudice the adjudication of the rights of the original parties." *Kneeland*, 806 F.2d at 1289.

Here, the Court finds that the factor of timeliness resolves this motion under either Rule 24(a)(2) or 24(b)(2). Susan Hoffman, Leeway and RAP have known of their interest in this suit since at least 2011 and only now seek leave to intervene, three months from the discovery deadline and five months from the trial date. Indeed, and as noted above, these three would-be intervenors are in any event consolidated parties to this lawsuit as they are parties to the consolidated lawsuits. That, in and of itself, removes the potential for any prejudice against these parties. If – or when – the District Court must resolve the disputes at issue in this litigation, it will do so with regard to the rights and responsibilities of all of the parties to all of the consolidated lawsuits. This case has a long history in this Court, and the Court finds that Jonesfilm will be prejudiced by this late-filed declaratory-judgment action. Allowing a declaratory-judgment complaint at this late date – requiring an answer, discovery, etc. – would jeopardize the deadlines here, and this, the Court is

unwilling to do.

## IV.    Conclusion

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that the Motion for Intervention to File Complaint for Declaratory Relief

Pursuant to Rule 24(a)(2), (b)(2) [Doc. #185] is DENIED.

New Orleans, Louisiana, this 1st day of April, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

10