# EXHIBIT 23B

# Barry Goldin

| | |
|---|---|
| **From:** | Raymond J Markovich, Esq. <rjmarkovich@me.com> |
| **Sent:** | Tuesday, March 10, 2020 10:55 PM |
| **To:** | Barry Goldin |
| **Subject:** | Re: Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. et al, 14 Civ. 6512 (KPD) - Arrowhead's March 2020 Enforcement Discovery Requests on SAFELA |

Forwarded to client.

Raymond J. Markovich
Attorney At Law*
M: +1-323-401-8032
rjmarkovich@icloud.com
http://www.imdb.me/rjmarkovich
https://londonfieldsfilm.com
* BBA, JD & LLM - Admitted in NY,
  SCOTUS, 2d, 6th & 9th Circuits
* Producers Guild of America Member

**THIS IS A CONFIDENTIAL COMMUNICATION** protected by the attorney-client privilege and the work product doctrine. This communication may not be forwarded (other than within the recipient to which it has been sent) without our express written consent. If you are not the intended recipient of this communication, please delete it immediately without opening any attachments. Please notify the sender by reply e-mail that you received this e-mail in error or call +1-323-401-8032.

**IRS Circular 230 Disclaimer:**
To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (I) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer or (ii) in promoting, marketing or recommending to another party, a partnership or other entity, an investment plan, arrangement or other transaction addressed herein.

**Subject To Written Agreement:**
Any purported offer or acceptance contained above is subject to execution of a written agreement by all parties to such agreement and <u>there is no agreement until execution by all parties of such written agreement</u>.

> On Mar 10, 2020, at 7:42 PM, Barry Goldin <barrygoldin@earthlink.net> wrote:
>
> Dear Mr. Markovich:
> As you are still counsel of record for defendants/judgment debtors in the above-referenced matter, attached please find Plaintiff/Judgment Creditor Arrowhead's March 2020 Set of Enforcement Interrogatories and Requests for Production of Documents on Defendant/Judgment Debtor Seven Arts Filmed Entertainment Louisiana, LLC ("SAFELA").
> For your information, the attached discovery request are <u>NOT</u> identical to the discovery requests served earlier today on Defendant/Judgment Debtor Seven Arts Entertainment, Inc.
> Very truly yours,
> Barry L. Goldin
>
> <Scan1397.pdf>

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| ARROWHEAD CAPITAL FINANCE, LTD., <br> Plaintiff, <br><br> - against - <br><br> SEVEN ARTS ENTERTAINMENT, INC. and <br> SEVEN ARTS FILMED ENTERTAINMENT <br> LOUISIANA LLC, <br> Defendants. | : Case No. 14-CV-06512-KPF <br> : Hon. Katherine Polk Failla <br> : <br> : ECF Case <br> : <br> : PLAINTIFF/JUDGMENT <br> : CREDITOR'S MARCH 2020 <br> : SET OF ENFORCEMENT <br> : INTERROGATORIES AND <br> : REQUEST FOR <br> : PRODUCTION OF <br> : DOCUMENTS PROPOUNDED <br> ON DEFENDANT/JUDGMENT <br> DEBTOR SEVEN ARTS <br> FILMED ENTERTAINMENT <br> LOUISIANA LLC |

-----------------------------------------------------------------x

BARRY L. GOLDIN, ESQ. (BG-4637)
*Attorney for Plaintiff/Judgment Creditor Arrowhead Capital Finance Ltd.*
3744 Barrington Drive
Allentown, PA 18104-1759
Tel: 610-336-6680
Fax: 610-336-6678
Email: barrygoldin@earthlink.net
 And
1441 Broadway, 5th Floor, NY, NY 10018

Pursuant to Rule 69 and such other provisions of the Federal Rules of Civil Procedure as may be applicable, defendant/judgment debtor Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA") shall answer, under oath, the following interrogatories, and produce copies of the following documents, within thirty (30) days of the service of this discovery request, at the address of plaintiff's counsel Barry L. Goldin, Esq., 3744 Barrington Drive, Allentown, PA 18104-1759.

## PREFACE

As a preface to these discovery requests, plaintiff Arrowhead Capital Finance Ltd. ("Arrowhead") points out that:

(i) Defendants Seven Arts Entertainment, Inc. ("SAE") and SAFELA previously stipulated and agreed in the Case Management Plan and Scheduling Order, signed and filed by the Court on July 6, 2015 [Doc. No. 47 at p. 6], that:

"Defendant Seven Arts Entertainment Inc. and Wireless Connect Inc. (dba Seven Arts Entertainment) acknowledge that they are and shall be deemed one and the same company, and one and the same defendant, in and for all purposes of this litigation (case no. 14-CV-06512); that they are collectively referred to herein as 'SAE'; that any admission of either of them shall be binding on and deemed an admission by the other; and that any adjudication against or with respect to either of them shall be deemed an adjudication against and binding on the other of them."

(ii) the Court previously rendered its September 16, 2016 Order in the instant action [Doc. 143] pursuant to which the Court adjudicated (among other things) that:

(a) "In December 2006, Mr. Hoffman signed a 'Secured Subordinated Term Loan Promissory Note' (the 'Arrowhead Note') on behalf of SAP, PLC and SAFE", in which SAP, PLC and SAFE each "jointly and severally agreed to pay to the order of" Arrowhead "the principal sum of One Million Dollars" [at p. 6]

(b) In the underlying action entitled *Arrowhead Capital Finance, Ltd. v. Seven Arts Pictures PLC, et al*, Index No. 601199/2010 filed on May 10, 2010 (the "Underlying Filing Date") in the New York Supreme Court for New York County, that New York state court "On October 10, 2012 ... issued a final order and judgment ('the 'State Court Judgment') providing that SAP and SAFE were 'jointly and severally liable' to Plaintiff [Arrowhead] for a total of $2,496,159.50" [at pp. 7 & 8];

(c) "Plaintiff is entitled to a declaration that SAE assumed PLC's obligations under the Arrowhead Note" [at p. 27];

(d) "... SAE and SAFE are one and the same company, and as a result, they have one and the same liabilities. [citation omitted]. Thus, Plaintiff [Arrowhead] is entitled to a declaration that SAE is liable on the Arrowhead Note to the same

1

extent as signatory SAFE. Similarly, Plaintiff is entitled to a declaration that SAE is liable on the State Court Judgment to the same extent as judgment debtor SAFE." [at p. 31];

(e) "... the Court hereby orders that Defendants shall pay the attorneys' fees that Plaintiff incurred ..." [p. 50]; and

(f) "Defendants must retain a second outside counsel -- other than Mr. Markovich -- to do a through review of Defendants' files and determine whether Defendants possess additional discoverable information. This second outside counsel must represent Defendants for any remaining discovery-related proceedings." [p.50]

(iii) the Court adjudicated that attorney fees and costs incurred by Plaintiff which Defendants SAE and SAFELA were required to pay [Doc. 143 at p. 50] were $15,672.82 and so entered its November 2, 2016 Order awarding Plaintiff Arrowhead that sum of $15,672.82 payable by Defendants SAE and SAFELA [Doc. 153 & 195 p. 6];

(iv) the Court rendered a May 2, 2017 Opinion and Order striking Defendant SAFELA's Answer and entering default judgment against SAFELA [Doc. 195 p. 21];

(v) the Court rendered an August 8, 2017 Opinion and Order which ordered Defendants (SAE and SAFELA) "to compensate Plaintiff for the $16,340.26 in reasonable expenses that Plaintiff incurred as a result of Defendants' misconduct subsequent to December 15, 2015" [Dkt. 202 p. 16]; and

(vi) In Item 2 of the November 11, 2016 letter to the Court countersigned by counsel for Defendants and "So Ordered" by the Court [Doc. 155]:

> "Defendants SAE and SAFELA represent and warrant that 60% of the membership interests in SAFELA are owned by SAE and that the balance of 40% of the membership interests in SAFELA are owned by Palm Finance."

DEFINITIONS and INSTRUCTIONS TO THESE DISCOVERY REQUESTS

A. The provisions of Local Rules 26.2 and 26.3 relating to claims of privilege and uniform definitions apply and are incorporated by reference.

B. Documents produced shall be Bates-stamped or otherwise numbered sequentially.

C. References to "Kate Hoffman" are to "Katrin Marthe Hoffman" also known as Kate Hoffman also known as Kate Hedman.

D. The answers to these discovery requests shall be promptly supplemented and amended as required by the Federal Rules of Civil Procedure.

E. The following terms have the definitions set forth hereinbelow:

2

1. "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and includes (without limitation) emails, gmails and other electronic records and transmissions. A draft or non-identical copy is a separate document within the meaning of this term.

2. "COLLATERAL" has the meaning assigned to that term in Section 2.7 of the MASTER AGREEMENT.

3. "COLLATERAL PROCEEDS" means any monies, checks, notes, drafts, tax refunds, insurance proceeds, or other remuneration relating to or as proceeds from development, production, licensing, distribution, exploitation, pledge, sale, transfer, or disposition of any COLLATERAL (whether FILM COLLATERAL or other COLLATERAL).

4. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "DEBTORS" means respectively, Seven Arts Pictures, Inc. ('SAP'), Seven Arts Pictures PLC ('PLC'), Seven Arts Filmed Entertainment Limited ('SAFE'), Deal Investments LLC, Deal Productions LLC, Rectifier Productions LLC, Pool Hall Productions LLC, Seven Arts Entertainment, Inc./Wireless Connect Inc., and Seven Arts Filmed Entertainment Louisiana LLC.

6. "DEFENDANTS" means each of defendant Seven Arts Entertainment Inc. and defendant Seven Arts Filmed Entertainment Louisiana LLC and their respective successors and assigns (including without limitation Wireless Connect Inc.).

7. "FFI" means Seven Arts Future Flows I, LLC.

8. "FFI FILM LIBRARY" means those films and rights and proceeds with respect thereto in which FFI had an ownership or other economic interest [see MASTER AGREEMENT Section 2.7.2 pursuant to which Arrowhead was granted a "security interest in FFI's film library"].

9. "FILM COLLATERAL" means each of the motion pictures known respectively as "*Deal*", "*Noise*" aka "*The Rectifier*", "*Shooting Gallery*" aka "*Pool Hall Prophets*", "*Boo*", "*Broken*" aka "*A Broken Life*", and "*Mirror Wars*"; all copyrights and other ownership rights in and with respect to such motion pictures; and all rights to license, distribute, exploit, or otherwise generate remuneration (including without limitation insurance proceeds and tax refunds) with respect to such motion pictures, copyrights, or related rights.

10. "IDENTIFY" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known physical and email address, and when referring to a natural person, additionally, the

3

present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

11. "IDENTIFY" (with respect to DOCUMENTS). When referring to DOCUMENTS, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

12. "MASTER AGREEMENT" means the "Master Agreement" dated as of December 26, 2006 by and between Debtors, Arrowhead Consulting Group LLC , and Cheyne Specialty Finance Fund LP [said Master Agreement being filed in this action as Doc. No. 16-4].

13. "PALM FINANCE AFFILIATES" means Palm Finance Corporation, AMAG, Inc., Steve Markoff, or any affiliate of any of them.

14. "ROYAL STREET PROPERTIES" means any and all real estate, condominium units, apartments, or other property located at 900-902, 906, or 910-912 Royal Street in New Orleans, Louisiana in which Peter Hoffman, Susan Hoffman, Royal Alice Properties, LLC, Royal Street Bistro, LLC, Katrin and Cassia Hoffman Trust, or any of their affiliates has any right, title, or interest (whether as assignee, owner, landlord, lessee, tenant, subtenant, condominium owner, or otherwise).

15. "SAE" means Seven Arts Entertainment Inc. and its successor Wireless Connect Inc.

16. "SAFELA" means Seven Arts Filmed Entertainment Louisiana LLC.

17. "UNDERLYING FILING DATE" means May 10, 2010, the date of filing by plaintiff of its Complaint in *Arrowhead Capital Finance, Ltd. v. Seven Arts Pictures PLC, et al*, Index No. 601199/2010 in the New York Supreme Court for New York County

F. <u>Not Duplicative Documents</u>.  The enclosed request for production of DOCUMENTS does not require production of DOCUMENTS previously produced.  However, in the event defendant's discovery responses identify any DOCUMENT previously produced, such DOCUMENT shall be identified by specific Bates number.

**INTERROGATORIES**:
1. IDENTIFY each of the members of SAFELA and the respective membership interests in SAFELA owned by each member.

2. IDENTIFY each manager of SAFELA on or after January 1, 2016, including the term (beginning date and ending date, if any) during which he, she, or it served as manager of SAFELA and such manager's last known street and email address and telephone number.

4

3. IDENTIFY each of the investments, films, properties, securities, assets, or other rights or claims in which SAFELA has an ownership or other economic interest and the dollar amount which SAFELA believes to be the current fair market value thereof.

4. IDENTIFY each custodian who on or after January 1, 2016 has had possession, custody or control of DOCUMENTS which evidence, memorialize or otherwise constitute or reflect books of account or other records of receipts and disbursements of SAFELA and state the specific DOCUMENTS as to which such custodian has possession, custody or control, and such custodian's last known street address and email address and telephone number, and the period (beginning date and ending date) during which such custodian had such possession, custody or control.

5. IDENTIFY each bank account of SAFELA on or after January 1, 2016 (including full name and address of the bank and account name and account number and the date such bank account was opened and the date, if any, on which such bank account was closed).

6. IDENTIFY each signatory of the respective bank accounts of SAFELA on or after January 1, 2016, including the period (beginning date and ending date, if any) such person has been signatory to such account.

7. IDENTIFY each transfer of funds or other payment (whether salaries, commissions, fees, expense reimbursements and other remuneration) from SAFELA to or for the benefit of Peter Hoffman on or after January 1, 2016, including payor, payee, amount of payment, date of payment, and reason for payment.

8. For the calendar year ending December 31, 2016 and each consecutive year ending December 31 thereafter, state the percentage of Peter Hoffman's work time he devoted to rendering services for SAFELA, and the percentage of his work time he devoted to rendering services for others, and IDENTIFY each of those other persons or entities for whom he rendered services (including full name, street and email address and telephone number and detailed description of services Peter Hoffman rendered for such person or entity).

9. IDENTIFY all indebtedness from time to time owed to PALM FINANCE AFFILIATES by SAFELA as of and after January 1, 2016 through the current date (including the indebtedness owed to PALM FINANCE AFFILIATES by SAFELA on January 1, 2016, each incurrence and amount of indebtedness incurred to PALM FINANCE AFFILIATES after January 1, 2016; each payment to or for PALM FINANCE AFFILIATES or other satisfaction of indebtedness after January 1, 2016, and the current balance of the indebtedness owed to PALM FINANCE AFFILIATES by SAFELA).

10. IDENTIFY the most recent financial statement of SAFELA (including the date of such financial statement, the preparer of such financial statement, and the date on which such preparer prepared such financial statement).

5

11. IDENTIFY each liability (whether matured or unmatured) of SAFELA (including without limitation, the amount of such liability, the person or entity to whom such liability is owed, the date such liability was incurred, and the DOCUMENT(S) evidencing such liability).

12. IDENTIFY each transfer or other payment by SAFELA to or for the benefit of Susan Hoffman (wife of Peter Hoffman) on or after the UNDERLYING FILING DATE (May 10, 2010) through the current date (including the date and amount of such payment, the payor and payee of such payment, the bank account and account number from which such payment was made, and the check number, if any, of the check evidencing such payment, and the reason for such payment).

13. IDENTIFY each transfer or other payment by SAFELA for or with respect to the ROYAL STREET PROPERTIES (whether for payment of mortgage, insurance, utilities, real estate or other taxes, or otherwise) on or after the UNDERLYING FILING DATE (May 10, 2010) through the current date (including the date and amount of such payment, the payor and payee of such payment, the bank account and account number from which such payment was made, and the check number, if any, of the check evidencing such payment, and the reason for such payment).

14. With respect to each of the responses to these discovery requests (Interrogatories No.s 1-13 above and each of the Production Requests below, IDENTIFY each person who participated in preparation of such response.

**DOCUMENT REQUESTS**:
1. Produce the DOCUMENTS evidencing, memorializing, describing, summarizing, or otherwise relating to or concerning ownership of membership interests in SAFELA.

2. Produce the DOCUMENTS evidencing, memorializing, describing, summarizing, or otherwise relating to or concerning operation or management of SAFELA.

3. Produce the DOCUMENTS evidencing, memorializing, describing, summarizing, or otherwise relating to or concerning any right of SAFELA to distribute, deal with, or collect remuneration from, any motion picture.

4. Produce the financial statements of SAFELA as of and for the periods on and after January 1, 2016 through the current date.

5. Produce the DOCUMENTS evidencing, relating to or concerning liabilities (whether matured or unmatured) currently owed by SAFELA.

6. Produce all DOCUMENTS (including without limitation signature cards, bank resolutions, certificate, bank statements, checks, canceled checks, wire transfer notices, and otherwise) evidencing, memorializing, or otherwise relating to bank accounts of SAFELA on or after January 1, 2016.

6

7. Produce the tax returns, Form K-1's, Form 1099's and other tax filings (federal and state) of SAFELA for the 2016, 2017, 2018 and 2019 tax years.

8. Produce the DOCUMENTS evidencing, memorializing, relating to or concerning receipts or collections (whether distribution statements, participation statements, or otherwise and whether from Uncork'd Entertainment or anyone else) with respect to motion pictures in which SAFELA has an economic interest (whether any or all of the FILM COLLATERAL the FFI FILM LIBRARY, or otherwise).

9. Produce the DOCUMENTS evidencing, memorializing, transferring, assigning, describing, summarizing, or otherwise relating to current ownership of the motion pictures and related rights and proceeds which constitute the FILM COLLATERAL.

10. Produce the DOCUMENTS evidencing, memorializing, transferring, assigning, describing, summarizing, or otherwise relating to ownership from time to time of any or all of the motion pictures and related rights and proceeds which constituted any or all of the FFI FILM LIBRARY.

11. Produce the DOCUMENTS evidencing, memorializing, describing, summarizing or otherwise relating to satisfaction, release, or other extinguishment of liens, mortgages, or securities interests on any or all of the motion pictures and related rights and proceeds which constituted any or all of the FFI FILM LIBRARY.

12. Produce the DOCUMENTS evidencing, relating to, or concerning each transfer or payment (whether salaries, commissions, fees, expense reimbursements or other remuneration) from SAFELA to or for the benefit of Peter Hoffman on or after January 1, 2016.

13. Produce the DOCUMENTS evidencing, relating to, or concerning each payment or other satisfaction of indebtedness owed by SAFELA to PALM FINANCE AFFILIATES on or after January 1, 2016.

14. Produce the DOCUMENTS (whether emails, letters, Form 1099's, K-1's, other tax forms, reports, or otherwise) evidencing, relating to or concerning communications on or after the January 1, 2016 with PALM FINANCE AFFILIATES with respect to the COLLATERAL or COLLATERAL PROCEEDS.

15. Produce the DOCUMENTS (whether emails, letters, Form 1099's, K-1's, other tax forms, reports, or otherwise) evidencing, relating to or concerning communications on or after January 1, 2016 with PALM FINANCE AFFILIATES with respect to SAFELA.

16. Produce the DOCUMENTS evidencing, relating to, or concerning transfers or payments for or with respect to the ROYAL STREET PROPERTIES on or after the UNDERLYING FILING DATE (May 10, 2010) from SAFELA through the current date (whether such payment be for mortgage payment, insurance, utilities, real estate or other taxes, or otherwise)

7

17. Produce the DOCUMENTS evidencing, relating to, or concerning services rendered by Susan Hoffman for SAFELA on or after the UNDERLYING FILING DATE (May 10, 2010) through the current date.

18. Produce the DOCUMENTS evidencing, relating to, or concerning transfers of funds or other payments (whether salaries, commissions, fees, expense reimbursements or other remuneration) from SAFELA to or for the benefit of Susan Hoffman on or after the UNDERLYING FILING DATE (May 10, 2010) through the current date.

19. Produce the DOCUMENTS (whether emails, letters or otherwise) evidencing, relating to, or concerning any COMMUNICATION with The Movie Studio, Inc. (whether Gordon Scott Venter or any other officer, director, agent or representative of The Movie Studio, Inc.) with respect to ownership, distribution or any other matter involving any motion picture in which SAFELA has, or has purported to have, any distribution rights or other economic interest.

Dated: March 10, 2020

_____
BARRY L. GOLDIN, ESQ. (BG-4637)
*Attorney for Plaintiff/Judgment Creditor Arrowhead Capital Finance Ltd.*
3744 Barrington Drive, Allentown, PA 18104-1759
Tel: 610-336-6680
Email: barrygoldin@earthlink.net
      And
1441 Broadway, 5th Floor, NY, NY 10018

ARR000310.2PJDISCSAFELA

8