# EXHIBIT 23D

## AFFIDAVIT OF SERVICE

**State of New York**

**County of SOUTHERN DISTRICT
OF NEW YORK**

**United States District Court**

Index Number: 14-CIV-6512-KPF
Date Filed: _____

Plaintiff:
**ARROWHEAD CAPITAL FINANCE, LTD.**

vs.

Defendant:
**SEVEN ARTS ENTERTAINMENT, INC. AND SEVEN ARTS FILMED
ENTERTAINMENT LOUISIANA LLC**

For:
BARRY L. GOLDIN, ESQ.
3744 BARRINGTON DR.
ALLENTOWN, PA 18104-1759

Received by SHANNON WOODS on the 26th day of February, 2020 at 4:00 pm to be served on **UNCORK'D
ENTERTAINMENT, 300 S. DAYTONA AVE, #267, FLAGLER BEACH, FL 32136**.

I, SHANNON WOODS, being duly sworn, depose and say that on the **4th day of March, 2020** at **11:35 am, I:**

served a **CORPORATION** by delivering a true copy of the **SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, EXHIBITS,
ATTORNEY LETTER, $50 CHECK, PRE-PAID FEDEX LABEL AND ENVELOPE** with the date, my initials and hour
of service endorsed thereon by me, to: **KEITH LEOPARD, REGISTERED AGENT** for **UNCORK'D
ENTERTAINMENT**, at the address of: **2644 S OCEANSHORE BLVD, FLAGLER BEACH, FL 32136**, and informed
said person of the contents therein, in compliance with state statutes.

In the absence of the president, vice-president, other head of the corporation, cashier, treasurer,
secretary, general manager, director, officer or business agent residing in the state as defined by
F.S. 48.081.

For failure of the Registered Agent to be his/her designated place for service pursuant to 48.091
and by serving the above named person as employee of said corporation at the corporation's place
of business.

**Additional Information pertaining to this Service:**
2/28/2020 12:00 pm Attempted service at 300 S. DAYTONA AVE, #267, FLAGLER BEACH, FL 32136, non-served
/ Post Office location.

**Description** of Person Served: Age: 60, Sex: M, Race/Skin Color: WHITE, Height: 5'8", Weight: 175, Hair: GRAY,
Glasses: N



## AFFIDAVIT OF SERVICE For 14-CIV-6512-KPF

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing return of service and that the facts in it are true. Notary not required pursuant to F.S. 92.525(2)

State of Florida
County of

Subscribed and sworn before me by means of physical presence on the 4th day of March, 2020 by the affiant who is personally known to me.

Notary Public
Print Name

**SHANNON WOODS**
Process Server

**MAX J. GARCIA, INC.**
**145 E RICH AVE**
**SUITE G**
**Deland, FL 32724**
**(386) 624-6943**

Our Job Serial Number: MJG-2020002067



LISA M. GARCIA
MY COMMISSION # GG 122711
EXPIRES: July 23, 2021
Bonded Thru Notary Public Underwriters

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| ARROWHEAD CAPITAL FINANCE, LTD. | )|
| *Plaintiff* | )|
| SEVEN ARTS ENTERTAINMENT, INC. AND SEVEN ARTS FILMED ENTERTAINMENT LOUISIANA LLC | )|
| *Defendant* | )|

Civil Action No. 14-CIV-6512-KPF

DATE 3/4/2020 TIME 11:3

Server Initials _____

(court-appointed process s

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

Recipient Signature

To: UNCORK'D ENTERTAINMENT

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A ATTACHED HERETO.

| Place: MAX J. GARCIA, INC. 145 E. RICH AVENUE, SUITE G DELAND, FLORIA 32724 | Date and Time: MARCH 20, 2020 AT 10:00 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: FEBRURY 25, 2020

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

BARRY L. GOLDIN
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ARROWHEAD CAPITAL FINANCE, LTD. , who issues or requests this subpoena, are:
BARRY L. GOLDIN, ESQ., 3744 BARRINGTON DRIVE, ALLENTOWN, PA 18104-1759, EMAIL: BARRYGOLDIN@EARTHLINK.NET
TEL: 610-336-6680

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# MAX J. GARCIA, INC.

## Priority:  STANDARD

## Field Sheet #2020002067



Received: 2/26/2020 at 4:00 pm
**Court Date:        Filed:**

**SERVE:**
**Work:  UNCORK'D ENTERTAINMENT, 300 S. DAYTONA AVE, #267, FLAGLER BEACH, FL 32136**
**Work:  UNCORK'D ENTERTAINMENT C/O KEITH LEOPARD, 2644 S OCEANSHORE BLVD, FLAGLER BEACH, FL 32136**

**SPECIAL INSTRUCTIONS:**
**Attempts**                               Server: **SHANNON WOODS**                *New address*

| | Date | Time | Comments |
|---|---|---|---|
| 1. | 3 / 4 | 11:35 Am | |
| 2. | / | | |
| 3. | / | | |
| 4. | / | | |
| 5. | / | | |
| 6. | / | | |
| 7. | / | | |
| 8. | / | | |

**Actual Service Info**                                    Married?_____

_____  _____  Type:_____  Military?_____          Miles_____

Served on:_____ As:_____          Hours_____

Address:_____          Additional Addr:  1  2  3

Comments:_____          Courier_____

_____          Out of Pocket Costs

_____          _____  _____

_____          _____  _____

_____          _____  _____

Age _60_   Sex _(M)_ F   Race _white_   Height _5'8"_   Weight _175_   Hair _gray_   Glasses  Y _(N)_

Case Number:  14-CIV-6512-KPF   SOUTHERN DISTRICT OF NEW YORK   United States District
Plaintiff                                        Defendant
ARROWHEAD CAPITAL FINANCE, LTD.              SEVEN ARTS ENTERTAINMENT, INC. AN

Type of Writ: **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION, EXHIBITS, ATTORNEY LETTER, $5O CHECK, PRE-PAID FEDEX LABEL AND ENVELOPE**

Client:
Firm:     BARRY L. GOLDIN, ESQ.
Phone:   (610) 336-6680    Fax:
Client Reference Number:

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| ARROWHEAD CAPITAL FINANCE, LTD. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 14-CIV-6512-KPF |
| SEVEN ARTS ENTERTAINMENT, INC. AND SEVEN ARTS FILMED ENTERTAINMENT LOUISIANA LLC | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

UNCORK'D ENTERTAINMENT

To:

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A ATTACHED HERETO.

| Place: MAX J. GARCIA, INC. 145 E. RICH AVENUE, SUITE G DELAND, FLORIA 32724 | Date and Time: MARCH 20, 2020 AT 10:00 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: FEBRURY 25, 2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | *(signature)* |
| *Signature of Clerk or Deputy Clerk* | | BARRY L. GOLDIN |
| | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
ARROWHEAD CAPITAL FINANCE, LTD. , who issues or requests this subpoena, are:
BARRY L. GOLDIN, ESQ., 3744 BARRINGTON DRIVE, ALLENTOWN, PA 18104-1759, EMAIL: BARRYGOLDIN@EARTHLINK.NET
TEL: 610-336-6680

#### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

(c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A TO DOCUMENT SUBPOENA OF ARROWHEAD CAPITAL FINANCE, LTD. ("ARROWHEAD") ON UNCORK'D ENTERTAINMENT.**

You are referred to the Judgment filed and entered June 5, 2018 of the U.S. District Court for the Southern District of New York in the case entitled *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana LLC*, 14 Civil. 6512 –KPF, which was affirmed by the U.S. Court of Appeals for the Second Circuit, 739 Fed. Appx. 701 (2d Cir. 2018), and as to which payment remains due judgment creditor Arrowhead in the amount as of January 3, 2020 of at least $1,933,809. A copy of that Judgment in favor of Arrowhead is attached as Exhibit B hereto.

The purpose of this Document Subpoena is to obtain production of books and records and papers relating thereto with respect to amounts owed Arrowhead and security therefor, including without limitation collateral of, and proceeds required to be held in trust for the benefit of and paid to, Arrowhead (whether pursuant to or under the Arrowhead Note, Master Agreement, Financing and Security Agreements, related agreements, June 2012 Decision, or October 2012 [State Court] Judgment referred to in the June 5, 2018 Judgment or otherwise, and whether with respect to the "Films" [defined below], proceeds of the Films, or otherwise, and whether for application against and as partial payment of that June 5, 2018 Judgment or otherwise).

Definitions.

As used herein, the term:

(A) "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes (without limitation) notes, memoranda, letters, emails, gmails, agreements, statements, reports, collections, press releases, and other documents, whether written, electronic, or otherwise.

(B) "FILMS" means those motion pictures and related rights (in whatever form or format) known as:

(i) "A Broken Life" (starring, among others, Tom Sizemore);

(ii) "Autopsy";

(iii) "Back in the Day";

(iv) "Boo";

(v) "Deal" (starring, among others, Burt Reynolds);

(vi) "Drunkboat" (starring, among others, John Malkovich);

(vii) "Fractured";

(viii) "Knife's Edge"

(ix) "Night of the Demons";

(x) "Nine Miles Down";

(xi) "Noise" aka "The Rectifier" (starring, among others, Tim Robbins);

(xii) "Pool Boys"

(xiii) "Pool Hall Prophets" aka "Shooting Gallery" aka "Back Spin" (starring, among others Freddie Prinze, Jr. and Ving Rhames);

(xiv) "Schism".

(C) "HOFFMAN/SEVEN ARTS AFFILIATE(S)" means Peter Hoffman, Kate Hoffman (aka Katrin Hedman), Susan Hoffman, and any of his, her, or their affiliates (including without limitation Seven Arts Entertainment, Inc., Seven Arts Filmed Entertainment Louisiana, LLC, Seven Arts Pictures, Inc., Seven Arts Pictures Plc, Seven Arts Filmed Entertainment, Ltd., Deal Investments, LLC, Deal Productions, LLC, Rectifier Productions LLC, Pool Hall Productions, LLC, PicturePro LLC, Leeway Properties, Inc., and/or Royal Alice Properties, LLC).

(D) "MOVIE STUDIO AFFILIATES" means The Movie Studio, Inc., Gordon Scott Venters, and any of his, its, or their affiliates.

(E) "PALM FINANCE AFFILIATES" means Palm Finance, Inc., AMAG, Inc., and any of its or their affiliates.

(F) "UNCORK'D AFFILIATES" means Uncork'd Entertainment, Dark Star Pictures, Keith Leopard,  Michael Repsch, and any of his, its or their affiliates.

Documents Required to Be Produced.
　　　1. The DOCUMENTS evidencing, memorializing, relating to or concerning any agreement (whether agency agreement, distribution agreement, or otherwise as from time to time amended or supplemented) to which any of the UNCORK'D AFFILIATES is a party relating to any or all of the FILMS (whether such agreement be with any HOFFMAN/SEVEN ARTS AFFILIATES, MOVIE STUDIO AFFILIATES, PALM FINANCE AFFILIATES, or any agent or representative of any of them, or otherwise).

　　　2. The DOCUMENTS evidencing, memorializing, relating to or concerning any communication (whether email, letter or otherwise) to, from or with any of the UNCORK'D AFFILIATES relating to any or all of the FILMS (whether such correspondence be to, from, or with any HOFFMAN/SEVEN ARTS AFFILIATES, MOVIE STUDIO AFFILIATES, PALM FINANCE AFFILIATES, or any agent or other representative of any of them, or otherwise).

　　　3. The DOCUMENTS evidencing, memorializing, relating to or concerning any agreement (as from time to time amended or supplemented) for or with respect to exploitation or other distribution of any or all of the FILMS (whether exploitation or other distribution on any media, platform, or other mode or manner of distribution).

　　　4.  The DOCUMENTS evidencing, memorializing, reporting, relating to or concerning remuneration received or receivable (whether distribution statements, participation statements, or otherwise, and whether as to collections from or through film agents, distributors or otherwise and whether monthly, quarterly, annual or otherwise) with respect to any or all of the FILMS.

2

5. The DOCUMENTS evidencing, memorializing, reporting, directing, instructing, relating to or concerning payment of remuneration (whether payment to any of the HOFFMAN/SEVEN ARTS AFFILIATES, MOVIE STUDIO AFFILIATES, PALM FINANCE AFFILIATES, or any agent or other representative of any of them or otherwise) from or with respect to any or all of the FILMS.

6. The DOCUMENTS evidencing, memorializing, relating to or concerning any projection(s) of remuneration which may be generated from any or all of the FILMS (whether from exploitation or distribution of any or all of the FILMS or otherwise).

7. The DOCUMENTS evidencing, memorializing, relating to or concerning possible media, platforms, or other modes or other methods of exploitation or other distribution of or for any or all of the FILMS.

8. The DOCUMENTS evidencing, memorializing, valuing, relating to or concerning valuation of any or all of the FILMS (whether appraisal, analysis, statement or other valuation or otherwise).

9. The DOCUMENTS evidencing, memorializing, explaining, affirming, challenging, disputing, contesting, denying, or otherwise relating to or concerning any title, rights or interests (whether as to ownership, title, distribution, exploitation, promotion, collection, or otherwise) in or with respect to any or all of the FILMS.

3

ARR000225.1SUBUNCORK

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--- -- --- ---------------------- x

ARROWHEAD CAPITAL FINANCE, LTD.,
              Plaintiff
    -v-

SEVEN ARTS ENTERTAINMENT, INC. and
SEVEN ARTS FILMED ENTERTAINMENT
LOUISIANA, LLC,
            Defendants

------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __June 5, 2018__

14 CIVIL 6512 (KPF)

**JUDGMENT**

WHEREAS this Court on September 16, 2016 issued an Opinion and Order (the "September 16, 2016 Opinion") [Doc. 143] which referred to the December 2006 Secured Subordinated Term Loan Promissory Note (the "Arrowhead Note") [Doc. 16-3] signed by Peter Hoffman on behalf of (among others) Seven Arts Pictures, Inc. ("SAP"), Seven Arts Pictures Plc ("PLC"), and Seven Arts Filmed Entertainment Limited ("SAFE") and the Master Agreement and other documents cited therein (a copy of that Arrowhead Note being attached as Exhibit I hereto);

WHEREAS, this Court's September 16, 2016 Opinion also referred to the June 2012 Decision and the Order and Judgment of the New York State Court for New York County in *Arrowhead Capital Finance, Ltd. v. Seven Arts Pictures PLC et al,* Index No. 601199/2010 (the "State Court Judgment") [Doc. 16-2], which adjudicated SAP and SAFE and certain of their affiliates "jointly and severally liable "to Plaintiff Arrowhead for a total sum of $2,496,159.50" on the Arrowhead Note and so entered Judgment on October 10, 2012 for Arrowhead against SAP and SAFE and certain of their affiliates, jointly and severally, for that sum of $2,496,159.50 (a copy of that State Court Judgment being attached as Exhibit 2 hereto);

1

WHEREAS, in the instant action, Plaintiff Arrowhead's First Amended Complaint [Doc. 16] included a First Cause of Action for declaratory judgment against defendant Seven Arts Entertainment, Inc. ("SAE") and Second Cause of Action for declaratory judgment against co-defendant Seven Arts Filmed Entertainment Louisiana LLC ("SAFELA");

WHEREAS this Court's September 16, 2016 Opinion found [at p. 27] that "Because Plaintiff has proven a de facto merger between SAE and PLC, Plaintiff is entitled to a declaration that SAE assumed PLC's obligations under the Arrowhead Note" and further found Plaintiff Arrowhead had proven de facto merger into SAE of its then wholly-owned subsidiary SAFELA, and [at p.31]:

> "In light of this de facto merger, SAE and SAFE are one and the same company, and as a result, they have one and the same liabilities … Plaintiff is entitled to a declaratory judgment that SAE is liable on the Arrowhead Note to the same extent as signatory SAFE. Similarly, Plaintiff is entitled to a declaration that SAE is liable on the State Court Judgment to the same extent as judgment debtor SAFE."

WHEREAS, this Court's September 16, 2016 Opinion [at p. 50] further "found that Mr. [Peter] Hoffman is in contempt of Court" for the reasons set forth therein;

WHEREAS, this Court's May 2, 2017 Order [Doc. 195], having found defendant SAFELA continued to fail to fulfill its pretrial discovery obligations and continued to disobey a series of this Court's discovery Orders, granted Plaintiff Arrowhead's motion to strike SAFELA's Answer to, and entered default judgment for Plaintiff Arrowhead on, the First Amended Complaint's Second Cause of Action for declaratory judgment;

WHEREAS, plaintiff Arrowhead has now abandoned its claims under the Third through Eighth Causes of Action in its First Amended Complaint, but has reserved the right to seek, obtain and enforce post-judgment relief (whether post-judgment discovery,

2

garnishment, attachment, turnover orders, or otherwise) to enforce the judgments and other adjudications (including without limitation discovery, contempt, sanctions, turnover, attachment and other orders) which Arrowhead has obtained;

WHEREAS, pursuant to Rules 5003 and 5004 of the New York Civil Practice Law and Rules ("CPLR"), interest has been accruing on and from the October 12, 2012 date of entry of the State Court Judgment at the rate of 9% (nine percent) per annum; and

WHEREAS, the United States Court of Appeals for the Second Circuit has issued a Remand Order and a Mandate dated May 30, 2018 remanding this case to this Court so that this Court may enter final judgment in this case;

NOW THEREFORE, BE IT ORDERED, ADJUDGED AND DECREED, that Judgment is entered for plaintiff Arrowhead on the First Amended Complaint's First Cause of Action for declaratory judgment against defendant SAE, declaring (i) SAE assumed and is jointly and severally liable for PLC's obligations under the Arrowhead Note and (ii) SAE is also jointly and severally liable on the Arrowhead Note and on the State Court Judgment to the same extent as judgment debtor SAFE, and, pursuant thereto, SAE is jointly and severally liable to Arrowhead for and Arrowhead has judgment against SAE jointly and severally in the $2,496,159.50 amount of the State Court Judgment, plus interest accruing after October 10, 2012 entry of the State Court Judgment at the CPLR 5004 rate of 9% (nine percent) per annum through the date hereof; and it is further

ORDERED, ADJUDGED AND DECREED, that Judgment is entered for plaintiff Arrowhead on and as set forth in the First Amended Complaint's Second Cause of Action for declaratory judgment against defendant SAFELA that SAFELA as a successor to and

continuation of the business of SAP, PLC, SAFE and SAE is jointly and severally liable

for all duties, liabilities and obligations of its predecessors SAP, PLC, SAFE and SAE

(whether under the Arrowhead Note, Master Agreement, Financing and Security

Agreements, related agreements, June 2012 Decision, October 2012 [State Court]

Judgment, or otherwise); Arrowhead has valid, first priority, and superior Copyright

Mortgages and security interests in the Collateral (as defined in the Master Agreement);

and Arrowhead is entitled to enforce against SAFELA all Arrowhead's rights and

remedies with respect to the Collateral (whether under the Arrowhead Note, Master

Agreement, Financing and Security Agreements, related agreements, June 2012 Decision,

October 2012 [State Court] Judgment, or otherwise); and pursuant thereto, SAFELA is

jointly and severally liable to Arrowhead for and Arrowhead has judgment against

SAFELA jointly and severally in the $2,496,159.50 amount of the State Court Judgment,

plus interest accruing after October 10, 2012 entry of the State Court Judgment at the

CPLR 5004 rate of 9% (nine per cent) per annum through the date hereof; and it is further

ORDERED, ADJUDGED, AND DECREED, that all other causes of action

(namely the Third through the Eighth Causes of Action) in Arrowhead's First Amended

Complaint are deemed abandoned, *without prejudice* to Arrowhead's right to seek, obtain

and enforce (i) post-judgment relief (including without limitation discovery, accounting,

garnishment, attachment, turnover orders, or otherwise) under or with respect to this

Judgment and any other orders and adjudications obtained or collateral securing and other

rights for payment and satisfaction of obligations owing to Arrowhead, and/or (ii) other

or further claims against or relief from any other persons or entities.

4

Dated: New York, New York
        June 5 , 2018

*Katherine Polk Failla*

By: _____
    Hon. Katherine Polk Failla

80530.1JUDGM

# EXHIBIT 1

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D Subpoena
Case 1:14-cv-06512-KPF Document 42-8 Filed 06/05/18 Page 7 of 16
Page 18 of 28

Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 2 of 6

## SECURED SUBORDINATED TERM LOAN PROMISSORY NOTE

Amount: $1,000,000                                        December   , 2006

FOR VALUE RECEIVED, each of the Undersigned jointly and severally promises to pay to the order of ARROWHEAD CONSULTING GROUP, LLC, a Minnesota limited liability company (hereinafter, together with any holder hereof, called "Lender"), at the office or bank account of the Lender directed by Lender from time to time, the principal sum of One Million Dollars ($1,00,000). Until further notice from Lender such payments shall be made by wire transfer to:

| | |
|---|---|
| Receiving Bank: | US Bank |
| | 800 Nicollet Mall |
| | Minneapolis, MN 55402 |
| ABA #: | 091000022 |
| Account Name: | ArrowHead Consulting Group, LLC |
| Account #: | 1047-5745-0887 |

The Undersigned further promises to pay interest on the outstanding principal amount hereof at the rates, in the manner and on the dates provided in the Agreement (as defined below) from the date hereof until payment in full hereof.

This Secured Subordinated Term Loan Promissory Note (the "Note") is the "Arrowhead Note" issued in connection with, further evidences the Undersigned's obligation to repay that certain Additional Loan created under, and is delivered pursuant to that certain Master Agreement bearing even date herewith, as it may hereafter be amended, modified, restated or replaced from time to time, together with all exhibits thereto, among Lender and the Undersigned (the "Agreement"), and is entitled to all of the benefits and security of the Agreement. All of the terms, covenants and conditions of the Agreement are hereby made a part of this Note and are deemed incorporated herein in full. All terms which are capitalized and used herein (which are not otherwise defined herein) shall have the meaning ascribed to such terms in the Agreement.

Principal hereunder shall be due on the Maturity Date (i.e., June 30, 2007, subject to one extension to September 30, 2007 upon Lender's consent to payment by the Undersigned of an extension fee equal to one percent (1%) of the original principal amount hereof).

This Note is subordinate to that certain Secured Term Loan Promissory Note issued of even date herewith by the Undersigned to Cheyne Specialty Finance Fund, L.P., in the manner set forth in the Agreement.

The Undersigned hereby authorizes the Lender to charge any account of the Undersigned for all sums due hereunder. If payment hereunder becomes due and payable on a day other than a Business Day, the due date thereof shall be extended to the next succeeding Business Day, and interest shall be payable thereon at the rate specified during such extension.



Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D. Subpoena
Case 1:14-cv-06512-KPF Document 9-22 Filed 06/05/18 Page 8 of 16

Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 3 of 6

Credit shall be given for payments made in the manner and at the times provided in the Agreement. It is the intent of the parties that the rate of interest and other charges to the Undersigned under this Note shall be lawful; therefore, if for any reason the interest or other charges payable hereunder are found by a court of competent jurisdiction, in a final determination, to exceed the limit which Lender may lawfully charge the Undersigned, then the obligation to pay interest or other charges shall automatically be reduced to such limit and, if any amount in excess of such limit shall have been paid, then such amount shall be refunded to the Undersigned.

The principal and all accrued interest hereunder may be prepaid by the Undersigned at any time, subject to the terms and conditions of the Agreement.

The Undersigned waives the benefit of any law that would otherwise restrict or limit Lender in the exercise of its right, which is hereby acknowledged, to set-off against the Liabilities, without notice and at any time hereafter, any indebtedness matured or unmatured owing from Lender to the Undersigned. The Undersigned waives every defense, counterclaim or setoff which the Undersigned may now have or hereafter may have to any action by Lender in enforcing this Note and/or any of the other Liabilities, or in enforcing Lender's rights in the Collateral and ratifies and confirms whatever Lender may do pursuant to and in accordance the terms hereof and of the Agreement and with respect to the Collateral and agrees that Lender shall not be liable for any error in judgment or mistakes of fact or law absent gross negligence or wilfull misconduct on the part of Lender.

Time is of the essence with respect to the obligations of the Undersigned under this Note. The Undersigned, any other Person liable with respect to the Liabilities and any and all endorsers and accommodation parties, and each one of them, if more than one, waive any and all presentment, demand, notice of dishonor, protest, and all other notices and demands in connection with the enforcement of Lender's rights hereunder.

THIS NOTE, AND ALL MATTERS RELATED HERETO AND/OR ARISING HEREFROM, SHALL BE GOVERNED AND CONTROLLED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK AS TO INTERPRETATION, ENFORCEMENT, VALIDITY, CONSTRUCTION, EFFECT, AND IN ALL OTHER RESPECTS, INCLUDING, WITHOUT LIMITATION, THE LEGALITY OF THE INTEREST RATE AND OTHER CHARGES, and shall be binding upon the Undersigned and the Undersigned's legal representatives or successors. The Undersigned may not assign any of their rights or obligations and liabilities under this Note. If this Note contains any blanks when executed by the Undersigned, the Lender is hereby authorized, without notice to the Undersigned to complete any such blanks according to the terms upon which the loan or loans were granted. Wherever possible, each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note shall be prohibited by or be invalid under such law, such provision shall be severable, and be ineffective to the extent of such prohibition or invalidity, without invalidating the remaining provisions of this Note. If more than one Person shall execute this Note, the term "Undersigned" as used herein shall mean all parties signing this Note, and each

-2-

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D. Subpoena
Case 1:14-cv-06512-KPF Document 16-3 Filed 06/05/18 Page 9 of 16

Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 4 of 6

one of them, and all such parties, their respective legal representatives, successors and permitted assigns, shall be jointly and severally obligated hereunder.

No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as an acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Except as provided in the Agreement, after an Event of Default, Lender, at its option exercisable in its sole discretion, may enforce its rights against any Collateral securing this Note or any other Person primarily or secondarily liable for the indebtedness evidenced by this Note without enforcing its rights against the Undersigned or any other property of or indebtedness due or to become due to the Undersigned. The Undersigned agrees that, without releasing or impairing the Undersigned's liability hereunder, Lender may at any time release, surrender, substitute or exchange any Collateral securing this Note and may at any time release any Person primarily or secondarily liable for the indebtedness evidenced by this Note.

To induce the Lender to make the loan evidenced by this Note, the Undersigned (i) irrevocably agrees that, subject to Lender's sole and absolute election, ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS NOTE OR THE COLLATERAL SHALL BE LITIGATED IN COURTS HAVING SITUS WITHIN THE CITY OF NEW YORK, STATE OF NEW YORK, THE UNDERSIGNED HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURTS LOCATED WITHIN SAID CITY AND STATE; AND (II) WAIVES ANY OBJECTION BASED ON FORUM NON-CONVENIENS. IN ADDITION, LENDER AND THE UNDERSIGNED (OR ANY ONE OF THEM, IF MORE THAN ONE) EACH HEREBY WAIVES ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING WHICH PERTAINS DIRECTLY OR INDIRECTLY TO THIS NOTE, THE LIABILITIES, THE COLLATERAL, OR ANY ALLEGED TORTIOUS CONDUCT BY THE UNDERSIGNED OR LENDER OR WHICH IN ANY WAY, DIRECTLY OR INDIRECTLY, ARISES OUT OF OR RELATES TO THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND LENDER. In addition, the Undersigned agrees that all service of process shall be made as provided in the Agreement.

As used herein, all provisions shall include the masculine, feminine, neuter, singular and plural thereof, wherever the context and facts require such construction and in particular the word "Undersigned" shall be so construed.

[SIGNATURES ON FOLLOWING PAGE]

-3-.

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D. Subpoena
Case 1:14-cv-06512-KPF Document 23-3 Filed 06/05/18 Page 10 of 16
Page 21 of 28

Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 5 of 6

[SIGNATURE PAGE TO SECURED TERM LOAN PROMISSORY NOTE]

IN WITNESS WHEREOF, and intending to be legally bound, the Undersigned has executed this Note on the date above set forth.

Dated: December ___, 2006      Seven Arts Pictures PLC

By: _____
       Peter Hoffman
Its: _____

Dated: December ___, 2006      Seven Arts Filmed Entertainment, Ltd

By: _____
       Peter Hoffman
Its: _____

Dated: December ___, 2006      Deal Investments, LLC

By: _____
Its: _____

Dated: December ___, 2006      Deal Productions, LLC

By: _____
Its: _____

Dated: December ___, 2006      Seven Arts Pictures, Inc.

By: _____
Its: _____

Dated: December ___, 2006      Rectifier Productions LLC

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D. Subpoena
Case 1:14-cv-06512-KPF Document 28-28 Filed 06/05/18 Page 11 of 16
Page 22 of 28

Case 1:14-cv-06512-KPF Document 16-3 Filed 10/07/14 Page 6 of 6

By: _____

Its: _____

Dated: December ___, 2006

Pool Hall Productions, LLC

By: _____

Its: _____

-5-

# EXHIBIT 2

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D. Subpoena
Case 1:14-cv-06512-KPF Document 24 of 28 Filed 06/05/18 Page 13 of 16

Case 1:14-cv-06512-KPF Document 16-2 Filed 10/07/14 Page 2 of 5

At a Supreme New York State
Supreme Court, held in and for
the County of New York, on the
____12___day of September, 2012

PRESENT: HON. SHIRLEY WERNER KORNREICH, J.S.C.

-----------------------------------------------------------x

ARROWHEAD CAPITAL FINANCE, LTD.,

               Plaintiffs,                    Index No.: 601199/2010

     -against-                             **JUDGMENT & ORDER**

SEVEN ARTS PICTURES PLC, SEVEN ARTS FILMED
ENTERTAINMENT, LTD., DEAL INVESTMENTS, LLC,
DEAL PRODUCTIONS, LLC, SEVEN ARTS
PICTURES, INC., SEVEN ARTS FUTURE FLOWS I,
RECTIFIER PRODUCTIONS, and POOL HALL
PRODUCTIONS, LLC,

               Defendants.

-----------------------------------------------------------x

Defendants Seven Arts Pictures PLC, Seven Arts Filmed Entertainment, Ltd., Deal

Investments, LLC, Deal Productions, LLC, Seven Arts Pictures, Inc., Rectifier Productions, LLC,

Pool Hall Productions, LLC and Seven Arts Future Flows I having moved for an order granting

summary judgment dismissing the complaint, and plaintiff Arrowhead Capital Finance, Ltd.,

having cross-moved for summary judgment,

And upon reading and filing e-filed documents numbered 11 through 25, 27 through 71

and 78 in support of and in opposition to said motion and cross-motion, and counsel for the

parties having appeared for oral argument on January 10, 2012, and due deliberation having been

had thereon, and the court having rendered its written decision dated June 20, 2012 and entered

on June 22, 2012, denying defendants motion, granting plaintiff's cross-motion for summary

1

judgment on liability on the first and fourth causes of action against Seven Arts Pictures PLC,

Seven Arts Filmed Entertainment, Ltd., Deal Investments, LLC, Deal Productions, LLC, Seven

Arts Pictures, Inc., Rectifier Productions, LLC, and Pool Hall Productions, LLC, and against said

defendants and Seven Arts Future Flows I on the third cause of action, and denying the cross-

motion with respect to the second and fifth causes of action, and referring certain issues relating

to the first, third and fourth causes of action to a Special Referee; and the court having been

notified on August 10, 2012 that a bankruptcy stay is in effect with respect to defendant Seven

Arts Pictures PLC, and the court having issued its additional order dated September 5, 2012 (e-

filed document 98), and the parties having submitted proposed judgments and letters regarding

the same (e-filed documents 91 through 97 and 99 through 102), and plaintiff having waived its

fourth cause of action for attorneys' fees and costs,

Now, on motion of William F. Dahill, Esq., attorney for Plaintiff, it is hereby

ORDERED and ADJUDGED that plaintiff Arrowhead Capital Finance, Ltd., with an

address c/o W. William Woods, plaintiff's duly appointed liquidator, 175 Bloor Street East, Suite

807, Toronto, Ontario, M4W 3R8, Canada, shall recover on plaintiff's first cause of action, the

sum of $1,157,273.42, plus interest at the rate of 23% from October 1, 2007 to the entry of

judgment in the sum of $ _1,339,886.08_ to be taxed by the Clerk, for a total sum of

$ _2,496,159.50_ , from defendants (i) Seven Arts Filmed Entertainment, Ltd., with its

principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (ii)

Deal Investments, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite

512, Los Angeles, CA 90028, (iii) Deal Productions, LLC, with its principal place of business at

6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (iv) Seven Arts Pictures, Inc.,

2

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D. Subpoena
Case 1:14-cv-06512-KPF Document 26-2 Filed 06/05/18 Page 15 of 16

Case 1:14-cv-06512-KPF Document 16-2 Filed 10/07/14 Page 4 of 5

with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, (v) Rectifier Productions, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, and (vi) Pool Hall Productions, LLC, with its principal place of business at 6121 W. Sunset Boulevard, Suite 512, Los Angeles, CA 90028, jointly and severally, and plaintiff shall have execution therefor; and it is further

ORDERED that the fourth cause of action for attorneys' fees and costs is hereby dismissed based upon plaintiff's waiver; and it is further

ORDERED that the first cause of action against Seven Arts Pictures PLC, and the second, third and fifth causes of action against all defendants are severed and shall continue as a separate action, and plaintiff shall serve a copy of this order with notice of entry on the Clerks of the Court and the Trial Support Office, who shall note the severance in their respective records; and it is further

ORDERED that the third decretal paragraph of the court's June 20, 2012 decision and order is amended to vacate the reference to a Special Referee of the issues of the principal and interest due plaintiff under the Arrowhead Note and the amount of reasonable attorneys' fees and costs plaintiff incurred in enforcing its rights under the Master Agreement.

ENTER:

SHIRLEY WERNER KORNREICH
SHIRLEY WERNER KORNREICH, J.S.C.

FILED

OCT 10 2012

COUNTY CLERK'S OFFICE
NEW YORK

3                    CLERK

Case 20-01022 Doc 3-35 Filed 04/13/20 Entered 04/13/20 14:49:12 Exhibit 23D Subpoena
Case 1:14-cv-06512-KPF Document 22-1 Filed 06/05/18 Page 16 of 16
Page 27 of 28

Case 1:14-cv-06512-KPF Document 16-2 Filed 10/07/14 Page 5 of 5

Enterd

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ARROWHEAD CAPITAL FINANCE, LTD.,

Plaintiff,

-against-

SEVEN ARTS PICTURES PLC, SEVEN ARTS
FILMED ENTERTAINMENT, LTD., DEAL
INVESTMENTS, LLC, DEAL PRODUCTIONS, LLC,
SEVEN ARTS PICTURES, INC., SEVEN ARTS
FUTURE FLOWS I, RECTIFIER PRODUCTIONS,
and POOL HALL PRODUCTIONS, LLC,

Defendants.

Judgment

1-6

Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300

*Attorneys for Plaintiff Arrowhead Capital Finance, Ltd.*

FILED AND
DOCKETED
OCT 10 2012
7:17 P M
AT
N.Y., CO. CLK'S OFFICE



DOCKETED BY

## Barry Goldin

| | |
|---|---|
| **From:** | Raymond J Markovich, Esq. <rjmarkovich@me.com> |
| **Sent:** | Tuesday, February 25, 2020 7:44 PM |
| **To:** | Barry Goldin |
| **Subject:** | Re: Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. et al, 14 Civ. 6512 (KPD) - Notice of Document Subpoena on Uncork'd Entertainment |

I've forwarded to Mr. Hoffman but as you know, by court order, I am no longer involved in discovery in this Action.

Raymond J. Markovich
Attorney At Law*
M: +1-323-401-8032
rjmarkovich@icloud.com
http://www.imdb.me/rjmarkovich
https://londonfieldsfilm.com
*  BBA, JD & LLM - Admitted in NY,
   SCOTUS, 2d, 6th & 9th Circuits
*  Producers Guild of America Member

**THIS IS A CONFIDENTIAL COMMUNICATION** protected by the attorney-client privilege and the work product doctrine. This communication may not be forwarded (other than within the recipient to which it has been sent) without our express written consent. If you are not the intended recipient of this communication, please delete it immediately without opening any attachments. Please notify the sender by reply e-mail that you received this e-mail in error or call +1-323-401-8032.

**IRS Circular 230 Disclaimer:**
To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (I) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer or (ii) in promoting, marketing or recommending to another party, a partnership or other entity, an investment plan, arrangement or other transaction addressed herein.

**Subject To Written Agreement:**
Any purported offer or acceptance contained above is subject to execution of a written agreement by all parties to such agreement and there is no agreement until execution by all parties of such written agreement.

On Feb 25, 2020, at 4:28 PM, Barry Goldin <barrygoldin@earthlink.net> wrote:

Dear Mr. Markovich:
As you are still counsel of record for defendants/judgment debtors in the above-referenced matter, attached please find a Notice of Document Subpoena on Uncork'd Entertainment.
Very truly yours,
Barry L. Goldin
<Scan1388.pdf>