# EXHIBIT 23F

<table>
<tr><td>Telephone:<br>610-336-6680<br>Telecopier:<br>610-336-6678<br>Email:<br>barrygoldin@<br>earthlink.net</td><td align="center">*BARRY L. GOLDIN, ESQ.*<br>*3744 Barrington Drive*<br>*Allentown, PA 18104-1759*</td><td>Admitted in<br>New York,<br>Ohio*<br>and Pennsylvania<br><br>*Inactive in Ohio</td></tr>
</table>

March 24, 2020

BY EMAIL
Phillip Stillman, Esq.
3015 North Bay Road, Suite B
Miami, FL 33140

      Re: *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana LLC*, Case No. 1:14-cv-06512-KPF - Discovery Responses

Dear Mr. Stillman:

      As you are aware, I am counsel for plaintiff/judgment creditor Arrowhead Capital Finance, Ltd. ("Arrowhead") in the above-referenced action and related matters. On Arrowhead's behalf, we are sending you this letter in response to your misguided letter to me, which I received by email from you at approximately noon on Friday, March 20, 2020 (but which you apparently had erroneously dated March 19, 2020).

      If you had first reviewed publicly-filed and available documents, including (without limitation) adjudications of record in the above-referenced action, you would have known many assertions in your letter to be misguided. For instance, you would have been aware that Judgment and contempt Orders were entered in the above-referenced action in Arrowhead's favor against Seven Arts Entertainment, Inc. ("SAE") and Seven Arts Filmed Entertainment Louisiana, LLC ("SAFELA") and Peter Hoffman by the U.S. District Court; those adjudications were affirmed, 739 Fed Appx. 701 (2d Cir. 2018); but SAE, SAFELA, and Hoffman have not paid or complied with those judgments (under which more than $1.9 million remains due and owing to Arrowhead) and they have not paid any of the contempt sanctions nor otherwise purged their contempt.

      We further respond below to certain of the false assertions in your letter:

(A) As described above, the Judgment entered by the U.S. District Court in the above-referenced actions has *not* been satisfied and the contempt orders have *not* been purged by judgment debtors SAE and SAFELA *nor* by Peter Hoffman or any of his other affiliates. Contrary to your assertions, Raymond Markovich has been and is still counsel of record for judgment debtors/contemnors SAE, SAFELA, and Peter Hoffman in the above-referenced action. Accordingly, all Arrowhead's post-judgment discovery requests have been properly served on attorney Markovich. On receipt of those documents he immediately forwarded them by email to Peter Hoffman.

(B) You have *not* appeared as, and do *not* purport to be, attorney of record or otherwise for defendants/judgment debtors SAE or SAFELA. Your purported representation of PicturePro, does *not* provide you any standing *nor* other grounds to appear or make any

objections on behalf of SAE, unless SAE and PicturePro are one and the same (whether PicturePro being an alter ego or successor of SAE or otherwise). Should we assume from your letter that PicturePro LLC is one and the same with SAE (whether as an alter ego or successor of SAE or otherwise) and liable for and obligated to comply with and satisfy SAE's duties and obligations to Arrowhead (whether under the adjudications Arrowhead has obtained against SAE or otherwise)? Please so advise us by return email at once (but in any event not later than March 26, 2020).

(C) In order to obtain documents and information for enforcement of the unsatisfied Judgment and contempt orders of the U.S. District Court, a Subpoena on a non-party witness "may be served at any place within the United States" [FRCP Rules 69(a)(2) and 45(b)(2)]. Thus, Arrowhead caused Subpoenas to be duly served on Uncork'd Entertainment at its offices in Florida; notice of that Subpoena was previously given to Raymond Markovich, as counsel of record for SAE and SAFELA; and Raymond Markovich immediately forwarded that Subpoena to Peter Hoffman. No proper objection to the Subpoena on Uncork'd Entertainment was timely made, nor has anyone moved to quash that Subpoena. See below.

(D) Arrowhead also caused a Subpoena on PicturePro to be duly served on Raymond Markovich (who has been serving as counsel for not only SAE, SAFELA, and Peter Hoffman but also as business associate/counsel with respect to Hoffman's other affiliates such as PicturePro).

That Subpoena was also served on PicturePro's registered agent (and apparent managing member) Peter Hoffman at his offices/home in Los Angeles. The Process Server's signed Proof of Service confirms service personal service on Peter Hoffman at his address of 115 N. Orange Drive, Los Angeles, including a description of Peter Hoffman's physical appearance (age, skin color, hair color, eye color, weight, etc.), thereby confirming personal service on Peter Hoffman.

No proper objection to that Subpoena on PicturePro was timely made, nor has anyone filed any motion to quash the Subpoena. See below.

(E) Contrary to your assertions, Arrowhead's discovery on defendant/judgment debtors (whether SAE or SAFELA) is not duplicative of prior discovery. If SAE or SAFELA contend any discovery requests are duplicative, it should duly advise us in writing of the specific items it contends to be duplicative; the specific answers it asserts to be duplicative; and the specific grounds for its assertion of duplication.

(F) Contrary to your assertion that SAE has been "inactive" with no bank account activity since later 2015, we are aware that SAE continued to have bank activity thereafter. See the documents, which I obtained for Arrowhead from the banks, referenced in the above-referenced action.

(G) Contrary to your assertion that SAE has kept and maintained no assets, bank accounts or any files or records for more than four years, we are aware that Peter and Kate

2

Hoffman have continued to use SAE and other related entities through which they have continued to seek and obtain remuneration from (among other things) the Seven Arts film libraries. See for instance:

> (i) the monthly and other reports as to and payments which distribution agents have continued to deliver to the Hoffman's for SAE and other Seven Arts affiliates with respect to distribution of films in the Seven Arts film library, and

> (ii) emails and other communications as recently as 2020 of Peter and Kate Hoffman to and with film distribution agents and others in which Peter and Kate Hoffman continue to assert that the purported Seven Arts film library remains in SAE; have been seeking to collect additional remuneration from that Seven Arts film library; and have been seeking to deter others from distributing or otherwise exploiting that Seven Arts film library.

(H) Contrary to your assertion that SAE transferred all of its assets at various times in 2015 to satisfy its creditors, "particularly Palm Finance", we have been assured by counsel for Palm Finance that it did not actually receive nor have the benefit of any such transfer of assets and, in any event, has received remuneration of less than $1,000 from the Seven Arts film library. Rather, the Hoffman's have continued to use the Seven Arts companies to obtain and divert remuneration for themselves from the Seven Arts film library. See Item G above.

(I) We remind you that at the 341 hearing on October 8, 2019 in the Royal Alice LLC bankruptcy proceeding, Peter Hoffman confirmed he is managing member of, and testified he has co-mingled funds, with PicturePro and further testified that judgment debtor SAE is the largest member of PicturePro. For instance, he testified as follows [Royal Alice 341 proceedings, Case 19-12337, Tr. at pp. 27-28]:

> "my personal interest [in PicturePro] is quite small. …So, a certain income comes in, it's all mine, right, and other things are nothing, very little to do with mine. … And there's a public company called Seven Arts Entertainment, Inc., which is a member. That is a public company that's sort of a busted public company … And that company is widely held. It was a public company widely held. My interest is less than 1%. But it does have a $4 million net operating loss, which is of value to us, and so it is probably the largest single member is Seven Arts Entertainment."

In any event, because judgment debtor SAE is "the largest single member" of PicturePro, judgment creditor Arrowhead has the right to subpoena documents as to PicturePro and Seven Arts film library/remuneration which is required to be held "in trust for, and as the sole and exclusive property of" Arrowhead but instead apparently has been and is being diverted to and through PicturePro, and in particular for benefit of the Hoffman's.

(J) Contrary to your erroneous assertion, the applicable limitation period on Arrowhead's claims has not expired. We remind you that claims of Arrowhead arise under (among

3

other things) the Arrowhead Note, the Master Agreement (see without limitation §§1, 2 and the last sentence of §5.1 thereof), related underlying Financing and Security Agreements, and other documents pursuant to which all proceeds from the films and related rights were required to be deposited in a lockbox collection account at Chase Manhattan Bank, New York, and held "in trust for and as the sole and exclusive property of", and remitted to, Arrowhead. Failure to so hold those proceeds "in trust" for, and remit them to, Arrowhead violates applicable law (see, for instance, Item M below).

(K) We remind you that Peter Hoffman signed the Arrowhead Note and related Master Agreement on behalf of each of the obligors, including (without limitation) Seven Arts Pictures PLC ("PLC") and Seven Arts Filmed Entertainment Limited ("SAFE"). The Arrowhead Note includes explicit provisions under which the obligors agreed for themselves and their legal representatives and successors that the governing law is in all respects "the internal law of the State of New York". For instance, the Arrowhead Note states in pertinent part in capitalized letters (on page 2):

> "THIS NOTE, AND ALL MATTERS RELATED HERETO, AND/OR ARISING HEREFROM, SHALL BE GOVERNED AND CONTROLLED BY THE INTERNAL LAWS OF THE STATE OF NEW YORK AS TO INTERPRETATION, ENFORCEMENT, VALIDITY, CONSTRUCTION, EFFECT, AND IN ALL OTHER RESPECTS, INCLUDING, WITHOUT LIMITATION, THE LEGALITY OF THE INTEREST RATE AND OTHER CHARGES, and shall be binding upon the Undersigned and the Undersigned's legal representatives or successors.

In the Arrowhead Note, each obligor also irrevocably agreed all proceedings "shall be litigated in courts having situs within", and "consents and submits to the jurisdiction of", the state and federal courts of New York, New York, and "waives any objection based on forum non-conveniens". In capitalized words of the Arrowhead Note [at p.3], each obligor:

> "(i) irrevocably agrees that, subject to Lender's [Arrowhead's] sole and absolute discretion, ALL ACTIONS OR PROCEEDINGS IN ANY WAY, MANNER OR RESPECT, ARISING OUT OF OR FROM OR RELATED TO THIS NOTE OR THE COLLATERAL SHALL BE LITIGATED IN COURTS HAVING SITUS WITHIN THE CITY OF NEW YORK, STATE OF NEW YORK, THE UNDERSIGNED HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY LOCAL, STATE OR FEDERAL COURTS LOCATED WITHIN SAID CITY AND STATE AND (II) WAIVES ANY OBJECTION BASED ON FORUM NON-CONVENIENS."

Further the Arrowhead Note states (on p.1 thereof) it is:
> "issued in connection with, ... [and] created under, and is delivered pursuant to that certain Master Agreement bearing even date herewith, as it may hereafter be amended, modified, restated or replaced from time to time, together with all exhibits thereto, among Lender [Arrowhead], and is entitled to all of the benefits and security of the Agreement."

4

In turn, the Master Agreement requires all proceeds of the Pictures or other Collateral (as defined in the Master Agreement) be deposited in the lockbox Collection Account at Chase Manhattan Bank, New York, "in trust for and as the sole and exclusive property of" Arrowhead, and remitted to Arrowhead [Master Agreement §5.1, last sentence]:

> "If the Borrowers [Obligors] or any Affiliated Person or any shareholder, officer, director, employee or agent of the Borrowers or any Affiliated Person, or any other Person acting for or in concert with the Borrowers shall receive any monies, checks, notes, drafts or other payments relating to or as proceeds from the exploitation of any of the Pictures or other Collateral, **the Borrowers and each such Person shall receive all such items in trust for, and as the sole and exclusive property of, [Arrowhead] and, immediately upon receipt thereof, shall remit the same (or cause the same to be remitted) in kind to the Collection Account.**" [emphasis added]

(L) We also remind you the District Court's June 5, 2018 Judgment explicitly ordered, adjudged and decreed (at pp. 3 and 4 thereof) that SAE and SAFELA are both jointly and severally liable under the Arrowhead Note and that Arrowhead:

> "has valid, first priority, and superior Copyright Mortgages and security interests in the Collateral (as defined in the Master Agreement) and is entitled to enforce all Arrowhead's rights and remedies with respect to the Collateral (whether under the Arrowhead Note, Master Agreement, Financing and Security Agreements, related agreements, June 2012 Decision, October 2012 [State Court] Judgment, or otherwise"

(M) Further belying your erroneous assertion that the limitations period has expired, we remind you of applicable provisions of law, including (among others and without limitation) New York Debtor and Creditor Law §273-a which states:

> "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

The New York State Judgment was so issued for Arrowhead in its action captioned *Arrowhead Capital Finance, Ltd. v. Seven Arts Pictures PLC*, Index No. 601199/2010 (Sup. Ct. NY Co.) commenced on May 10, 2010; the Federal Court Judgment was so issued for Arrowhead in its action captioned *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.* commenced on July 18, 2014; those Judgments have not been satisfied as more than $1.9 million remains due and payable to Arrowhead; and the Debtor and Creditor Law applies to "every consideration made without fair consideration" after filing of those respective actions.

See also (among others) New York Penal Laws §155.05(1) & (2) ("Larceny/

5

embezzlement), §185.05 (entitled "Fraud Involving a Security Interest") and §185.10 (Fraudulent Disposition of Mortgaged Property).

(N) Finally, we remind you Peter and Susan Hoffman have been convicted of multiple wire fraud, mail fraud, and conspiracy felonies in a jury trial in the U.S. District Court for the Eastern District of Louisiana; their conviction was affirmed by the U.S. Court of Appeals for the Fifth Circuit, *United States of America v. Hoffman*, 901 F.3d 523 (5th Cir. 2018) and certiorari denied by the U.S. Supreme Court; and Peter Hoffman was recently sentenced to a 20-month prison term, scheduled to begin on April 20, 2020. Moreover, I have obtained other adjudications for fraud and other misconduct against and involving Peter Hoffman and his affiliates in other matters.

Furthermore, Peter Hoffman and his affiliates have repeatedly been held in contempt for failure to comply with discovery obligations. For instance, in affirming the District Court's contempt adjudication against SAE, SAFELA, and Peter Hoffman, the Second Circuit Court of Appeals wrote, *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc., supra*, 739 Fed. Appx. at 704:

> "Hoffman and the 'Seven Arts' entities controlled by Hoffman repeatedly failed to comply with their discovery obligations. Moreover, they have engaged in similar misconduct before other tribunals. *See Seven Arts Pictures PLC v. Jonesfilm*, 311 Fed. Appx. 962, 965 (9th Cir. 2009); *Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. Appx. 419 (5th Cir. 2013); *Seven Arts Filmed Entertainment Ltd. v. Jonesfilm*, 538 Fed Appx. 444 (5th Cir. 2013); App. 1371 (violation of arbitration order); *Hoffman v. Salke*, 2008 WL 2895966 (Cal. Ct. App. July 29, 2008) (unpublished state court decision sanctions). Here, defendants engaged in a pattern of obstructionism that prevented Arrowhead from effectively litigating its claims. The district court's [contempt] sanctions was not an abuse of discretion."

Peter Hoffman also has been suspended from the practice of law by the California Supreme Court and presumably will soon be disbarred.

You should keep the history of fraud, deceit, contempt and other misconduct of the Hoffman's and their affiliates in mind before you make any further unsubstantiated, misguided, and improper assertions on their or their affiliates' behalf against, or otherwise purport to threaten, me, my client Arrowhead, or anyone else.

Of course, this letter is not intended to be and does not constitute a full or complete statement of any or all of my client Arrowhead's rights, claims or remedies. This letter does not waive and is without prejudice to any and all rights, claims, and remedies Arrowhead may have, all of which are hereby expressly preserved.

Very truly yours,

Barry L. Goldin

Cc: Raymond Markovich, Esq. (Via Email)

ARR00320.1LPHS

# Barry Goldin

| | |
|---|---|
| **From:** | Barry Goldin <barrygoldin@earthlink.net> |
| **Sent:** | Tuesday, March 24, 2020 10:26 PM |
| **To:** | 'Philip H. Stillman, Esq.' |
| **Cc:** | 'Raymond J Markovich, Esq.' |
| **Subject:** | RE: Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana, LLC - 14-cv-06512-KPF - Post-Judgment Discovery |
| **Attachments:** | Scan1401.pdf |

Dear Mr. Stillman:

Please see my attached March 24, 2020 letter to you.

Very truly yours,

Barry L. Goldin

**From:** Philip H. Stillman, Esq. [mailto:pstillman@stillmanassociates.com]
**Sent:** Friday, March 20, 2020 11:23 AM
**To:** barrygoldin@earthlink.net
**Subject:** Picture Pro LLC

Please see the attached letter.

Philip H. Stillman | STILLMAN • ASSOCIATES
3015 North Bay Road | Suite B |
Miami Beach, FL 33140
V: 888.235.4279 | F: 888.235.4279
pstillman@stillmanassociates.com |
www.stillmanassociates.com

NOTICE: This electronic mail transmission may contain confidential information and is intended only for the person(s) named. Any use, copying or disclosure by any other person is strictly prohibited. If you have received this transmission in error, please delete this email and notify the sender via e-mail. Sender is an attorney licensed only in California and Massachusetts.

1