# EXHIBIT 23H

*Telephone:*
*610-336-6680*
*Telecopier:*
*610-336-6678*
*Email:*
*barrygoldin@*
*earthlink.net*

# BARRY L. GOLDIN, ESQ.
## 3744 Barrington Drive
## Allentown, PA 18104-1759

*Admitted in*
*New York,*
*Ohio\**
*and Pennsylvania*

*\*Inactive in Ohio*

April 10, 2020

BY EMAIL
Phillip Stillman, Esq.
3015 North Bay Road, Suite B
Miami, FL 33140

      Re: *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. and*
      *Seven Arts Filmed Entertainment Louisiana LLC*, Case No. 1:14-cv-06512-KPF -
      Discovery Responses

Dear Mr. Stillman:

As you are aware, I am counsel for plaintiff/judgment creditor Arrowhead Capital Finance, Ltd. ("Arrowhead") in the above-referenced action and related matters.

We remind you that defendants/judgment debtors SAE and SAFELA remain jointly and severally liable for more than $1.9 million under the Court's 2018 Judgment, and also remain jointly liable for the contempt and other sanctions in this matter. That Judgment and the contempt sanctions were affirmed on appeal, *Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.*, 739 Fed. Appx. 701 (2d Cir. 2018). However, Neither SAE, SAFELA or Peter Hoffman ever paid any of the Judgment or sanctions nor ever purged their contempt.

You are also aware that on March 30, 2010 (and so more than 30 days ago as March has 31 days) we served in the above-referenced matter a set of March 2020 Enforcement Interrogatories and Request for Production of Documents on defendant/judgment debtor Seven Arts Entertainment, Inc. ("SAE") and a different set of March 2020 Enforcement Interrogatories and Request for Productions of Documents on defendant/judgment debtor Seven Arts Filmed Entertainment Louisiana, LLC ("SAFELA").

We also served a document Subpoena on Peter Hoffman's affiliate PicturePro, LLC ("PicturePro") in the above-referenced action. Deponent PicturePro's document production under that Subpoena is now long overdue.

Further, it has come to our attention that you have apparently instructed another deponent on which we served a document Subpoena, namely film distribution agent Uncork'd Entertainment ("Uncork'd") to not comply with that document Subpoena. Counsel for Uncork'd has also informed us that Peter Hoffman has issued threats against Uncork'd principal Keith Leopard to deter Mr. Leopard and Uncork'd from complying with the document Subpoena.

You have delivered to me letters in which you mistakenly argue that, although the

1

U.S. District Court for the Southern District of New York issued the 2018 Judgment (and contempt sanctions) to be enforced, it is somehow improper for that Court to issue a Subpoena on PicturePro and on Uncork'd because neither PicturePro nor Uncork'd resides in New York.

However, Fed. R. Civ. Pro. 69 specifically permits the use of subpoenas issued by a federal court for post-judgment discovery to enforce its judgment and sanctions.

Rule 45(a)(2) requires that the subpoena "must issue from the court where the action is pending".  Because the above-referenced action against defendants/judgment debtors is pending in the U.S. District Court for the Southern District of New York, that Court is the proper court to so issue the Subpoenas.

Rule 45(b)(2) was amended during 2013 to clearly permit nationwide service of the subpoena.  That rule entitled "Service in the United States", states "A subpoena may be served at any place within the United States."  The Committee Notes for the 2013 amendment to Rule 45(b)(2) further state:

"Rule 45(b)(2) is amended to provide that a subpoena may be served at any place within the United States, removing the complexities prescribed in prior versions."

Unfortunately, you have confused service of a subpoena with enforcement of a subpoena.  As described above, service of a subpoena is nationwide.  However, pursuant to Rule 45(d), enforcement of a subpoena is generally in the district where compliance is required, although enforcement of the subpoena may be transferred to the issuing court.

The two cases you cite are inapposite.  The first case you cited, *Gucci America, Inc. v. Bank of China*, 768 F.3d 122, 141 (2d Cir. 2014) involved a Subpoena which was issued in 2010 -- before adoption of the 2013 amendment to Rule 45(b)(2)(which now permits nationwide service of a Subpoena)—and involved enforcement against a foreign bank (Bank of China) raising issues of comity.  Likewise, *Nike, Inc. v. Wu*, 349 F.Supp. 3d 310 (SDNY 2018) also involved Bank of China and other Chinese banks, each having a New York branch and so not involving Rule 45(b)(2) (but rather involving issues of jurisdiction and enforcement against foreign banks).

In any event, your instructions to witnesses to not comply with the Subpoenas and the threats of Peter Hoffman against witness compliance with a Subpoena are highly improper.

We request that you hold a telephonic "meet and confer" as soon as possible to discuss these and related matters.  I am available all day today (Friday, April 10, 2020), this weekend, and Monday, April 13, 2020 to discuss these and related matters.

Please advise me by email as soon as possible of a day and time within that time frame on which you are available for a telephonic "meet and confer" and the number at which to reach you then.

2

Of course, this letter is not intended to be and does not constitute a full or complete statement of my client Arrowhead's rights, claims or remedies. This letter does not waive and is without prejudice to any and all rights, claims, and remedies Arrowhead may have, all of which are hereby expressly preserved.

Very truly yours,

Barry L. Goldin

3

ARR000410.2LPHS

## Barry Goldin

| | |
|---|---|
| **From:** | Barry Goldin <barrygoldin@earthlink.net> |
| **Sent:** | Friday, April 10, 2020 8:25 AM |
| **To:** | 'Philip H. Stillman, Esq.' |
| **Subject:** | Re: Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc. and Seven Arts Filmed Entertainment Louisiana, LLC - 14-cv-06512-KPF - "Meet and Confer" letter re discovery responses |
| **Attachments:** | Scan1405.pdf |

Dear Mr. Stillman:
Attached please find my April 10, 2020 letter to you.
Very truly yours,
Barry L. Goldin