# EXHIBIT 1(A) TO REQUEST FOR JUDICIAL NOTICE

# ADVERSARY PROCEEDING 20-01022

PETER M. HOFFMAN
9051 ORIOLE WAY
LOS ANGELES, CA 90069

SUSAN HOFFMAN
900 Royal St., #4
New Orleans, LA 70116

Date: July 15, 2003

Re: Separation

Dear Susan:

The purpose of this agreement is to confirm that you and I have been separated and continue to be separated since on or about January 1, 1999. We were married on June 19, 1981 and have no minor children. We have sold our joint residence at 9051 Oriole Way ("Oriole Way") in Los Angeles and I will retain the proceeds from that sale as my separate property. You continue to live at 900 Royal Street in New Orleans which is part of a larger property including part of 906 and 910 Royal Street as described on Schedule "A" ("New Orleans Property"). I will with my separate property acquire a new residence as my separate property at 1643 Queens Road ("Queens Road"). We will split the furniture and personal effects at Oriole Way ("Personality"). That Personality sent to the New Orleans Property will be and remain your separate property and that Personality sent to me at Queens Road shall be and remain my separate property, other than any of your clothing which I will hold for you at your order.

The New Orleans Property will be used in a "like kind" exchange as approved by counsel and as an end result, will be owned by you personally as your sole and separate property and 2/3 will be owned by Leeway Properties Inc., a Louisiana corporation owned by you as your separate property. I will not have and have not since the date of our separation had an interest in the New Orleans property as community property or otherwise and the New Orleans Property shall be and remain your sole and separate property, without any claim from me.

All stock owned by me in Seven Arts Pictures Inc. ("SAP") shall be owned equally by you and me as joint tenants. All our motion picture assets shall be owned by SAP.

In lieu of support, I will pay to you such amounts per month as we agree are necessary, for you to live in the style and comfort to which you have enjoyed it since the date of separation. All funds in any bank accounts in New Orleans at any time will be your sole and separate property and all funds in any bank accounts in either or both of our names in Los Angeles shall be my sole property, including any retirement or pension payments to which I may be entitled.

You and I agree to live apart free from interference, authority or control of the other, and all of each of our respective income or appreciation in assets after the date of separation shall be and remain each of our respective separate property with no claim by either of us against the other.

The foregoing constitutes our agreement to divide any and all community property that either of us may have had on the date of separation and shall be fully effective and binding between us irrespective of any later actions such as a return to cohabitation or full marriage status. Each of us releases the other of any and all claims that either may have against the other except pursuant to the Agreement and specifically waive the provisions of California Civil Code Section 1542.

Each of us shall bear our own costs and attorneys fees incurred in connection with this separation and division of assets. This Agreement is fully voluntary and each of us is aware of the content and legal effect of this Agreement.

Please confirm your agreement to the foregoing by signing below where indicated.

Very truly yours,

Peter M. Hoffman

AGREED AND ACCEPTED:

Susan Hoffman

## EXHIBIT 1(B) TO REQUEST FOR JUDICIAL NOTICE

## ADVERSARY PROCEEDING 20-01022




| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FL-190 |
|---|---|
| Hoffman, Peter M.<br>1643 N. Queens Road<br>Los Angeles, CA 90069 | FOR COURT USE ONLY |

TELEPHONE NO: 323-622-1821  FAX NO. (Optional): 323-848-8967
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PETITIONER: Hoffman, Peter M.

RESPONDENT: Hoffman, Susan Lee

**FILED**
LOS ANGELES SUPERIOR COURT

**JUL 1 6 2007**

JOHN A. CLARKE, CLERK

BY ____ CANADA, DEPUTY

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER: BD 425 771 |
|---|---|

You are notified that the following judgment was entered on (date): **JUL 1 6 2007**

1. ☐ Dissolution
2. ☐ Dissolution—status only
3. ☐ Dissolution—reserving jurisdiction over termination of marital status or domestic partnership
4. ☑ Legal separation
5. ☐ Nullity
6. ☐ Parent-child relationship
7. ☐ Judgment on reserved issues
8. ☐ Other (specify):

Date:

**JUL 1 6 2007**  NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY—  Clerk, by _____ D. CANADA _____, Deputy

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

**STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION**
Effective date of termination of marital or domestic partnership status (specify):
WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.

**CLERK'S CERTIFICATE OF MAILING**
I certify that I am not a party to this cause and that a true copy of the Notice of Entry of Judgment was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed
at (place): Los Angeles, California, on (date): **JUL 1 6 2007**.

Date: **JUL 1 6 2007**  Clerk, by _____ CANADA _____, Deputy

| Name and address of petitioner or petitioner's attorney | Name and address of respondent or respondent's attorney |
|---|---|
| Peter M. Hoffman, Petitioner<br>In Pro Per<br>1643 N. Queens Road<br>Los Angeles, CA 90069 | Susan L. Hoffman, Respondent<br>In Pro Per<br>900 Royal Street, 4th Floor<br>New Orleans, LA 70116 |

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

**NOTICE OF ENTRY OF JUDGMENT**
(Family Law—Uniform Parentage—Custody and Support)

Page 1 of 1
Family Code, §§ 2338, 7636,7637
www.courtinfo.ca.gov

www.accesslaw.com

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 1100, Los Angeles, California 90067-6002.

    On July 11, 2007, I served the following document(s) described as **NOTICE OF ENTRY OF JUDGMENT** on all interested parties in this action by:

☒ placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as stated below:

Peter M. Hoffman
1643 N. Queens Road
Los Angeles, CA 90069

Susan L. Hoffman
900 Royal Street, 4th Floor
New Orleans, LA 70116

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐ **BY FAX:** From Fax No. _____ to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

☐ **BY OVERNIGHT COURIER:** By depositing copies of the above document(s) in a box or other facility regularly maintained by FEDERAL EXPRESS, in an envelope or package designed by FEDERAL EXPRESS with delivery fees paid or provided for and sent to the person(s) named on the attached service list [_C.C.P._ §1013, 2015.5].

☒ [State]     I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐ [Federal]     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2007, at Los Angeles, California.

_DENISE THURMAN_, Declarant

'\Program Files\WordPerfect Office 12\Macros\Afkety\Forms\PROOF.WPD

FL-180

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Peter M. Hoffman
1643 N. Queens Road
Los Angeles, CA 90069

TELEPHONE NO.: (323) 822-1821   FAX NO. *(Optional)*: (323) 848-8967
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Petitioner Peter M. Hoffman, in Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: -SAME-
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

MARRIAGE OF
PETITIONER: PETER M. HOFFMAN

RESPONDENT: SUSAN LEE HOFFMAN

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 16 2007

JOHN A. CLARKE, CLERK
BY ___ CANADA, DEPUTY

**JUDGMENT**

☐ DISSOLUTION  ☒ LEGAL SEPARATION  ☐ NULLITY
☐ Status only
☐ Reserving jurisdiction over termination of marital or domestic partnership status
☐ Judgment on reserved issues
Date marital or domestic partnership status ends: N/A

CASE NUMBER:
BD 425 771

1. ☐ This judgment ☐ contains personal conduct restraining orders ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s) ___ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: ☒ Default or uncontested ☐ By declaration under Family Code section 2336 ☐ Contested
   a. Date: JUL 16 2007   Dept.: ☐   Room: ___
   b. Judicial officer *(name):* ROBERT SCHNIDER  ☐ Temporary Judge
   c. ☐ Petitioner present in court  ☐ Attorney present in court *(name):*
   d. ☐ Respondent present in court  ☐ Attorney present in court *(name):*
   e. ☐ Claimant present in court *(name):*
   f. ☐ Other *(specify name):*  ☐ Attorney present in court *(name):*

3. The court acquired jurisdiction of the respondent on *(date):* November 9, 2005
   a. ☐ The respondent was served with process.
   b. ☒ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. ☐ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) ☐ on *(specify date):*
      (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
   b. ☒ Judgment of legal separation is entered.
   c. ☐ Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. ☐ This judgment will be entered nunc pro tunc as of *(date):*
   e. ☐ Judgment on reserved issues.
   f. The ☐ petitioner's ☐ respondent's former name is restored to *(specify):*
   g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. ☐ This judgment contains provisions for child support or family support. Each party must complete and file with the court a
      *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
      court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
      of Rights and Responsibilities—Health Care Costs and Reimbursement Procedures* and *Information Sheet on Changing a
      Child Support Order* (form FL-192) is attached.

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

**JUDGMENT**
**(Family Law)**

Legal
Solutions
& Plus

Page 1 of 2
Family Code, §§ 2024, 2340,
2343, 2346

| CASE NAME *(Last name, first name of each party):* | CASE NUMBER: | FL-180 |
|---|---|---|
| Hoffman, Peter v. Hoffman, Susan Lee | BD 425 771 | |

**4.** *(Cont'd.)*

    i. ☐ A settlement agreement between the parties is attached.

    j. ☒ A written stipulation for judgment between the parties is attached.

    k. ☐ The children of this marriage or domestic partnership.

        (1) ☐ The children of this marriage or domestic partnership are:

            Name                         Birthdate

        (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

    l. ☐ Child custody and visitation are ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

        (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

        (4) ☐ other *(specify):*

    m. ☐ Child support is ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

        (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-360).

        (4) ☐ other *(specify):*

    n. ☐ Spousal or partner support is ordered as set forth in the attached

        (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

        (3) ☐ other *(specify):*

        NOTICE: It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

    o. ☒ Property division is ordered as set forth in the attached

        (1) ☒ settlement agreement, stipulation for judgment, or other written agreement.

        (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

        (3) ☐ other *(specify):*

    p. ☐ Other *(specify):*

    . . . . .

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

**5.** Number of pages attached: __19__

SIGNATURE FOLLOWS LAST ATTACHMENT           JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]             **JUDGMENT**            Page 2 of 2

(Family Law)



1  1)  FACTUAL FINDINGS AND ORDERS

2        a)  The Court finds that:

3              i)  Petitioner and Respondent were married on June 19, 1981.

4              ii)  Petitioner was a resident of the State of California and Respondent was a

5  resident of the State of Louisiana at the time the Petition was filed.

6              iii)  Irreconcilable differences have arisen between Petitioner and Respondent, as a

7  result of which they separated on January 1, 1999 (hereinafter the "Separation Date"). Since the

8  Separation Date, the parties have been and are living separate and apart.

9  2)  CONFIRMATION OF SEPARATE PROPERTY

10        a)  Confirmation of Petitioner's Separate Property: The following assets are

11  confirmed to Petitioner as his sole and separate property:

12              i)  The real property located at 1643 Queens Road, Los Angeles, CA  90069, the

13  legal description of which is: LOT 139 OF TRACT NO. 8500, IN THE CITY OF LOS ANGELES,

14  COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK

15  92 PAGES 88 AND 89 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID

16  COUNTY, TOGETHER WITH THAT PORTION OF LOTS 138 AND 140 OF SAID TRACK

17  DESCRIBED AS WHOLE AS FOLLOWS: BEGINNING AT THE NORTHEASTERLY CORNER

18  OF SAID LOT 140; THENCE SOUTHWESTERLY ALONG THE CURVED EASTERLY LINE

19  OF SAID LOT 140, BEING A RADIUS OF 80 FEET, DISTANCE OF 17.90 FEET TO A POINT

20  IN THE RADIAL LINE OF SAID CURVE EASTERLY LINE OF SAID POINTS BEARS NORTH

21  39° 48' 00" WEST; THENCE NORTH 86° 08' 02" WEST 37.99 FEET TO A POINT WHICH IS

22  DISTANT 08° 49' 00" WEST 15.27 FEET FROM A POINT IN THE NORTHERLY LINE OF

23  SAID LOT 140, DISTANT ALONG SAID NORTHERLY LINE SOUTH 81° 11' 00" EAST 20.50

24  FEET FROM THE MOST NORTHERLY CORNER OF SAID LOT 140; THENCE NORTH 08°

25  49' 00" EAST 15.27 FEET TO THE SAID NORTHERLY LINE; THENCE ALONG SAID

26  NORTHERLY LINE NORTH 81° 11' 00" WEST 20.50 FEET TO SAID MOST NORTHERLY

27  CORNER; THENCE ALONG THE NORTHWESTERLY LINE OF SAID LOT 140, SOUTH 55°

28  00' 00" WEST 12.00 FEET; THENCE NORTH 6° 50' 00" WEST 26.50 FEET; THENCE NORTH

1

JUDGMENT FOR LEGAL SEPARATION

1  16° 36' 45" EAST 30.14 FEET; THENCE NORTH 54° 12' 00" EAST 18.00 FEET, MORE OR

2  LESS TO THE MOST EASTERLY CORNER OF SAID LOT 138; THENCE NORTHERLY,

3  SOUTHEASTERLY, SOUTHERLY AND SOUTHWESTERLY ALONG THE

4  NORTHWESTERLY, NORTHEASTERLY, EASTERLY AND SOUTHEASTERLY LINE OF

5  SAID LOT 139, RESPECTIVELY TO THE POINT OF BEGINNING. .

6     ii)     All of Petitioner's earnings and accumulations acquired by Petitioner

7  subsequent to the Separation Date.

8     iii)    All clothing, jewelry and personal effects presently in Petitioner's possession.

9     iv)     All furniture, furnishings, art, jewelry and personal items currently in

10 Petitioner's possession.

11    b)    **Confirmation of Respondent's Separate Property:** The following assets are

12 confirmed to Respondent as her sole and separate property:

13    i)     The real property located at 900 Royal Street, No. 4, New Orleans, LA 70116,

14 the legal description of which is: THAT PORTION OF GROUND, together with all the buildings

15 and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and

16 advantages thereunto belonging or in anywise appertaining, situated in SQUARE NO. 48 of the

17 SECOND DISTRICT of the CITY OF NEW ORLEANS, STATE OF LOUISIANA, bounded by

18 ROYAL, DUMAINE, ST. PHILIP and CHARTRES STREETS, designated as LOT NO. 1, forms

19 the corner of Royal and Dumaine Streets, measures 30 feet, 2 inches, 4 lines front of Royal Street, by

20 a depth between equal and parallel lines and front on Dumaine Street by 90 feet, 1 inch, 4 lines, the

21 rear of said lot fronting on common alley measuring 4 feet, 3 inches, 4 lines in width and opening on

22 Dumaine Street, which measurements were certified to be substantially in accord with sketch shown

23 on letter of Gandolfo, Kuhn & Associates, dated March 18, 1967, attached to the authentic Act

24 before Arthur L. Ballin, Notary Public, on March 28, 1967.

25    ii)    All of Respondent's earnings and accumulations acquired by Respondent

26 subsequent to the Separation Date.

27    iii)   All clothing, jewelry and personal effects presently in Respondent's

28 possession.

2

JUDGMENT FOR LEGAL SEPARATION

3)    DISPOSITION OF COMMUNITY PROPERTY

    a)    Preliminary Findings. The Court makes the following findings:

        i)    The division of property hereinafter provided is not intended to be a sale or exchange of property. Petitioner and Respondent have settled and adjusted their respective property including community property, separate property and quasi-community property rights and claims including the assumption of certain obligations to effect a division thereof in a manner by which they intend to accomplish.

        ii)    The division of property hereinafter provided does constitute a fair, just and equitable division of their community property and quasi-community property. Nothing in this Judgment shall constitute an admission by either party that any of the property divided is of a particular character, whether community, quasi-community or separate property.

    b)    Community Property Transferred To Petitioner: Petitioner is awarded, as his sole and separate property, with the right of immediate possession, all right, title, and interest in and to the following items of community property:

        i)    Any and all community property interest in any of the assets described in paragraph 2 a. above.

        ii)    All right, title and interest and all liabilities thereof of all bank, brokerage and other accounts at any financial institution in Petitioner's name, individually or jointly with any person other than Respondent.

    c)    Community Property Transferred To Respondent: Respondent is awarded, as her sole and separate property, with the right of immediate possession, all right, title, and interest in and to the following items of community property:

        i)    Any and all community property interest in any of the assets described in paragraph 2 b. above.

        ii)    All right, title and interest and all liabilities thereof of all bank, brokerage and other accounts at any financial institution in Respondent's name, individually or jointly with any person other than Petitioner.

    d)    Personal Property and Furnishings:

3

JUDGMENT FOR LEGAL SEPARATION

i)      Each party will retain his or her own clothing and personal effects without consideration of value. The parties have divided all other items of furniture, furnishings, and personal property (including without limitation all community personal property presently in Petitioner's possession and in Respondent's possession) and each is awarded, as his or her respective sole and separate property, all furniture, furnishings, and personal property in that party's possession as of the date this Judgment is signed, without offset for differences in value, if any.

e)      Social Security: The parties shall retain their respective Social Security rights as their respective sole and separate property. Under present law, one party may have derivative rights to obtain payment from the Social Security system from employment by the other party during the marriage; any such payments made directly to a party shall constitute the sole and separate property of the recipient. Each party agrees to and shall cooperate in every reasonable manner to help the other party secure all Social Security benefits to which that party may be entitled by way of his or her past, present or future employment, or to which the party may be entitled by reason of his or her marriage to a party to this Stipulated Judgment, including but not limited to derivative benefits.

f)      After Discovered Property:

i)      Petitioner and Respondent warrant, one to the other, that neither of them knows of any community property of any kind or description, of the parties, or either of the parties, except that which is set forth in paragraph 3 of this Judgment. Respondent warrants to Petitioner and Petitioner warrants to Respondent that since separation, warrantor has not concealed, withheld, or named, without the knowledge or consent of the other, any gift, transfer, conveyance, or assignment of any property, not specifically disclosed to the other herein.

ii)     The Court finds that each of the parties covenants and warrants that he or she is not now possessed of any community property of any kind or description, other than such property as is specifically set forth herein, and that each has not made, without the knowledge and consent of the other, any gift or transfer of community property in excess of $1,000.00 within the period commencing three (3) years prior to the date of separation through the present date. If it shall hereafter be determined that either party has made any such gift or transfer without consideration and without consent of the other party, such party agrees to pay the other on demand a sum equal to fifty

4

JUDGMENT FOR LEGAL SEPARATION

1  percent (50%) of its then present fair market value of such gift, or any other remedy provided by law

2  including remedies under Family Code sections 721, 1100 and 1101.

3          iii)    All community property or quasi-community property discovered after the

4  date of this Judgment or otherwise omitted herein shall be divided equally between the parties,

5  provided, however, that if the same has been willfully concealed or willfully overlooked by one of

6  the parties, the concealing party shall pay to the other party, on demand, either (1) a 100% interest in

7  such property as a tenant in common, or (2) an amount equal to 100% of the highest fair market

8  value of such property plus interest at the legal rate to date of payment on such amount (a) between

9  the date of the parties' Judgment and the date of demand by the injured party, or (b) at trial,

10  whichever of these is greater, or any other remedy provided by law including remedies under Family

11  Code sections 721, 1100 and 1101.  The Court shall retain jurisdiction to resolve any disputes arising

12  from such subsequently-discovered property or assets.

13  **4)**    **ALLOCATION OF DEBTS**

14      a)   Basic Allocation:  Except as otherwise provided herein, each party shall be

15  responsible for paying any and all obligations (whether known or unknown to either party) secured

16  by, associated with or arising from property received by that party under the terms of this Judgment.

17  Those debts, obligations, and liabilities known to both parties and incurred prior to the Separation

18  Date (and not otherwise specifically assigned to a party under this Judgment) shall be paid by the

19  party or parties in whose name the debt stands.  Except as otherwise provided herein, each party

20  solely assumes, and shall indemnify and hold the other free and harmless from, all debts and

21  obligations in his/her name.  Except as otherwise provided in this Judgment, any debt or claim

22  against the parties, unknown to one or both parties and incurred prior to the Separation Date, shall be

23  the responsibility of the party or parties incurring the debt.  Debts, known or unknown, incurred after

24  the Separation Date shall be paid by the party incurring the debt.  Respondent and Petitioner each

25  hereby indemnify and hold the other harmless from and against any and all obligations which each

26  party is assuming under this paragraph, and from all costs and expenses, including, but not limited

27  to, reasonable attorneys', accountants' and other experts' fees and costs of defense incurred in

28  connection therewith.

5

1     **b)**    **Assignment of Specific Obligations:** Petitioner is assigned and shall pay the

2  obligations held in Petitioner's name, whether individually or jointly with any person other than

3  Respondent. Petitioner is ordered to indemnify and hold Respondent harmless from and against any

4  and all liability, loss and damage in connection with these obligations and from all costs and

5  expenses, including, but not limited to, reasonable attorneys', accountants' and other experts' fees

6  and costs of defense incurred in connection therewith.

7      **c)**    **Assignment of Specific Obligations:** Respondent is assigned and shall pay the

8  obligation on all credit cards, mortgages, and other loans held in Respondent's name, whether

9  individually or jointly with any person other than Petitioner. Respondent is ordered to indemnify

10  and hold Petitioner harmless from and against any and all liability, loss and damage in connection

11  with these obligations and from all costs and expenses, including, but not limited to, reasonable

12  attorneys', accountants' and other experts' fees and costs of defense incurred in connection

13  therewith.

14      **d)**    **Representations, Warranties and Future Indebtedness:** Except as set forth in this

15  Judgment, the Court finds that each party warrants that he or she has not incurred, and each is

16  ordered not to incur, any liability or obligation on which the other may be liable. The Court orders

17  that if any claim, action, or proceeding shall be brought seeking to hold the other liable on account of

18  any such liability, obligation, act, or omission (other than those incurred for the support and

19  maintenance of a party or a minor child for which a party is liable under this Judgment or under any

20  order of a court of competent jurisdiction), the obligated party shall, at his or her sole expense,

21  defend the other party against any such claim, liability, or obligation (whether or not well founded)

22  and shall hold the other party free and harmless from it. This indemnification shall include any

23  costs, including attorneys', accountants' and other experts' fees and costs, reasonably incurred by the

24  other party in defending any claim made against him or her. The Court finds that the parties

25  understand that any orders contained in this Judgment for one party to assume the obligation of the

26  community or post-separation debts of the other party may not be binding on creditors and that a

27  creditor may have rights to seek payment against either party.

28      In the event any third party seeks to hold one party liable for the debts or obligations that the

1   other has assumed or been assigned by this Judgment, then the indebted party herein shall defend

2   and/or compromise and settle any lawsuits, claims, demands or actions brought at his or her own

3   expense and, further, to pay, indemnify and hold the other non-indebted party harmless from any and

4   all such claims, demands, liabilities, obligations or other debts that the non-indebted party may be

5   caused to incur to defend himself or herself, including but not limited to payments for reasonable

6   attorneys', accountants' and other experts' frees and costs incurred by the non-indebted party. The

7   Court further finds that the parties understand that their obligations to each other, and to third-party

8   creditors, are subject to possible discharge in bankruptcy.

9       e)   **No Third Party Beneficiary:** Nothing herein contained shall be deemed to

10  constitute any third party creditor or claimed creditor of the parties, or either of them, a third party

11  beneficiary of any provision of this Agreement.

12  **5)**    **SPOUSAL SUPPORT**

13       a)   Petitioner waives and releases all rights and claims to receive spousal support from

14  Respondent at any time. No court will have jurisdiction to order spousal support payable from

15  Respondent to Petitioner at any time, regardless of any circumstances that may arise.

16       b)   Respondent waives and releases all rights and claims to receive spousal support from

17  Petitioner at any time. No court will have jurisdiction to order spousal support payable from

18  Petitioner to Respondent at any time, regardless of any circumstances that may arise.

19       c)   <u>Support Waiver and Jurisdiction.</u> The Court finds that Petitioner and Respondent

20  have carefully bargained for the support and its termination as provided in this Judgment, and the

21  provisions of this Section are intended to comply with the requirements of *In re Marriage of*

22  *Vomacka* (1984) 36 Cal.3d 459, and *In re Marriage of Brown* (1995) 35 Cal.App.4th 785, to make

23  clear that no Court shall have authority to modify the amount or duration of support, regardless of

24  when application is made therefor. The termination date set forth in this Section 5 concerning

25  spousal support is absolute and irrevocable. As of the date support is terminated, this Judgment cuts

26  off forever the right of Respondent to ask for spousal support from Petitioner, the power of any

27  Court to order Petitioner to pay spousal support to Respondent, and the right of Respondent to

28  receive spousal support payments from Petitioner, regardless of when any such claim shall have

7

JUDGMENT FOR LEGAL SEPARATION

1   been made (*i.e.*, whether made before, on, or after the termination date), and regardless of any

2   circumstances that may arise at any time.

3          d)      The Court finds that Respondent and Petitioner each have represented that they are in

4   good health and are each capable of self support.

5   6)      FEDERAL AND STATE INCOME TAX RETURNS

6          a)      The parties have heretofore filed joint federal and state income tax returns for the

7   calendar years 1982 through 2004.  With respect to said joint returns, the Court finds that the parties

8   agree as follows:

9              i)      The parties represent that to their knowledge, except as may be expressly set

10  forth herein, there is no tax deficiency with regard to tax years for the tax year 2004.

11             ii)     The parties shall cooperate fully with each other in resisting any claimed

12  deficiencies or processing any claim for refund and each shall promptly notify the other of any

13  claimed deficiency.

14         b)   .  With respect to the parties' joint returns; each party shall be equally liable for any and

15  all deficiencies assessed by any taxing authority except deficiencies, if any, arising out of income on

16  assets solely maintained or controlled by such party which should have been but was not reported.  If

17  any refund is received for any such year, it shall be divided equally if it arises out of community

18  property, income or credits; if such refund arises out of separate property, income, or credits, it shall

19  be paid to the party to whose separate property it is attributable. Notwithstanding the foregoing, each

20  party shall indemnify and hold the other harmless from and against any and all liability for taxes,

21  penalties, interest, and other assessments, including attorneys', accountants', and other experts' fees

22  and costs of defense, resulting from income of that party, as determined without reference to

23  community property laws, which should have been but was not reported on any state or federal

24  income tax return filed by the parties jointly.

25         c)      For further calendar years, the parties shall file separate federal and state income tax

26  returns (single or married with a new spouse or head of household), or joint returns as the parties

27  shall agree.

28         d)      Each party is ordered to send to the other party, by certified mail and within seven (7)

8

JUDGMENT FOR LEGAL SEPARATION

1   days of receipt, a copy of any deficiency notice or other correspondence received from the Internal

2   Revenue Service, the California Franchise Tax Board, or any other taxing agency concerning taxes

3   for which a joint return has been filed.

4        e)      The Court finds that the division of community property that Petitioner and

5   Respondent have made by this Judgment represents an allocation of property between spouses in

6   connection with a legal separation and does not constitute a sale or exchange of property. As a

7   result, the income tax basis of the community property that Petitioner and Respondent are dividing

8   did not change by reason of the division. Accordingly, Petitioner and Respondent shall not seek a

9   new income tax basis for any community asset on the theory that any sale or exchange of community

10  property was made, and they shall not seek a new income tax basis in the future for any former

11  community property. If either party seeks a new income tax basis for any former community asset

12  and the other party (referred to as Taxed Party) is later assessed for additional federal or state income

13  taxes on the grounds that a sale or exchange of assets took place when Petitioner and Respondent

14  divided their community property herein, the party who sought the new income tax basis shall pay

15  the entire amount of resulting tax and all penalties and interest attributable to it. The party who

16  sought a new income tax basis shall pay all costs incurred by the Taxed Party in opposing and

17  settling the proposed assessment that results from the other party's attempt to obtain such new

18  income tax basis. The tax liability attributable to the assessment of a deficiency by a determination

19  that a taxable sale or exchange of property has taken place between the parties that is a result of one

20  party seeking a new income tax basis, shall equal the difference between the total tax, interest, and

21  penalties payable for the appropriate year as a result of the determination less the total tax, interest,

22  and penalties that would have been payable for the appropriate year if the determination had not

23  been made.

24       f)      For any tax year after the Judgment is entered, each party shall be responsible for, and

25  indemnify and hold the other harmless from, any taxes due as a result of post-Judgment date

26  ownership, sale, transfer, or other transaction involving rights or assets that each party obtains or

27  retains under this Judgment.

28       g)      Notwithstanding the provisions of Paragraph 8 B. above, if either party is hereafter

9

JUDGMENT FOR LEGAL SEPARATION

1   determined to be an innocent spouse by the Internal Revenue Service or the United States Tax Court,

2   such determination shall not only constitute a complete defense to liability to taxing agencies but

3   also to the other party.  Alternatively, if either party is found by a state court of competent

4   jurisdiction to meet all the criteria for an innocent spouse set forth in Section 6013(e) of the Internal

5   Revenue Code, that party shall not be obligated to pay any portion of the taxes, including penalties

6   and interest, to taxing agencies or the other party.  The parties expressly intend to avoid the effect of

7   the case of *In Re Marriage of Hargrave* (1995) 36 Cal.App.4th 1313.

8   　　　h)　　In the event of any federal and/or state income tax audit with respect to any year in

9   which the parties filed joint income tax returns, each party shall have the right to assert, as between

10  the parties, in the Superior Court, in any tax court and/or in federal court, any claim on his/her behalf

11  pursuant to the "innocent spouse" doctrine.

12  　　　i)　　In the event of a dispute, the Court shall retain jurisdiction to make further orders that

13  are necessary to enforce the provisions of this tax section or any other portion of this Judgment,

14  including the right of either party to assert the "innocent spouse" doctrine.

15  　　　j)　　As used in this section, the words "tax," "taxes," "deficiency," or "refund" shall include

16  interest and penalties, if any.

17  　　　k)　　Each of the parties is ordered to indemnify and hold the other harmless from and

18  against any liability, claim, or loss, including attorneys', accountants', and other experts' fees and

19  costs of defense resulting from the breach of any of the warranties, representations, and agreements

20  set forth in this Paragraph 6 relating to taxes.

21  7)　　RELEASES, WARRANTIES, AND WAIVERS

22  　　　a)　　General Exception To All Releases, Warranties and Waivers:  Nothing in this

23  Judgment shall be interpreted or construed as a waiver of the parties' rights under Sections 2100,

24  2113 or 2120-2129 of the California Family Code.

25  　　　b)　　Mutual Release.  The Court finds that the parties intend to settle all aspects of their

26  marital relationship and rights by this Judgment.  Except as otherwise provided in this Judgment, the

27  Court finds that:

28  　　　　　i)　　Except for the rights and obligations in this Judgment created against or in

10

JUDGMENT FOR LEGAL SEPARATION

1  favor of either of the parties hereto, and specifically excluding any claims regarding undisclosed and

2  undivided community and quasi-community assets and any claims relating to the enforcement of the

3  terms of this Judgment, which rights and obligations are expressly reserved from the operation of

4  this paragraph, Petitioner releases and discharges Respondent and her attorneys, affiliates, agents,

5  employees, successors and assigns (the "Respondent Releasees") from any and all claims, actions,

6  liabilities, claims, demands, and obligations of any kind or character, both in law and in equity, that

7  Petitioner ever had, now has, or may have against the Respondent Releasees upon or by reason of

8  any matter, cause, or thing up to the Effective Date, including without limitation any and all claims,

9  liabilities, debts, and demands of every kind, nature and description, whether past or future, which

10  may exist with respect to each other by virtue of their marital relationship, including any claims for

11  support that either of said parties might otherwise have or claims to have against the other party, or

12  his or her estate, for or by reason of any matter whatsoever.

13          ii)  Except for the rights and obligations in this Judgment created against or in

14  favor of either of the parties hereto, and specifically excluding any claims regarding undisclosed and

15  undivided community and quasi-community assets and any claims relating to the enforcement of the

16  terms of this Judgment which rights and obligations are expressly reserved from the operation of this

17  paragraph, Respondent releases and discharges Petitioner and his attorneys, affiliates, agents,

18  employees, successors and assigns (the "Petitioner Releasees"), from any and all claims, actions,

19  liabilities, claims, demands, and obligations of any kind or character, both in law and in equity, that

20  Respondent ever had, now has, or may have against the Petitioner Releasees upon or by reason of

21  any matter, cause, or thing up to the Effective Date, including without limitation any and all claims,

22  liabilities, debts, and demands of every kind, nature and description, whether past or future, which

23  may exist with respect to each other by virtue of their marital relationship, including any claims for

24  support that either of said parties might otherwise have or claims to have against the other party, or

25  his or her estate, for or by reason of any matter whatsoever.

26      c)  General Release of Claims:  The Court finds that the parties acknowledge that the

27  releases in this Section 7 apply to any and all actions, liabilities, claims, demands, and obligations,

28  whether known or unknown, foreseen or unforeseen, patent or latent, or mature or unmatured, that

1  the parties may have against each other, and the Court finds that the parties hereby waive application

2  of Civil Code section 1542. The Court finds that the parties certify that they have read the following

3  provisions of Civil Code section 1542:

4

5  "A general release does not extend to claims which the creditor does

6  not know or suspect to exist in his favor at the time of executing the

7  release, which if known by him must have materially affected his

8  settlement with the debtor."

9  The Court further finds that each party has warranted and represented to the other that

10  neither he nor she has heretofore assigned any claims against the other to any third person or entity.

11  d)  Waiver of Right of Appeal: The Court finds that each party waives the right to

12  appeal, the right to request a statement of decision, and the right to move for a new trial, as well as

13  the time periods in which any of the above rights may be exercised. In addition, the parties agree

14  that a judge pro tem, acting or retired, of the Superior Court is empowered to enter this Judgment.

15  e)  Property Acquired after Separation: Any property acquired by either party after

16  the Separation Date shall be the sole and separate property of the party acquiring it. Each party

17  waives any property rights in or to any future acquisitions of property by the other.

18  f)  Waiver of Inheritance Rights: The Court finds that each party waives any and all

19  right to inherit the estate of the other at his or her death; or to take property from the other by devise

20  or bequest (unless under a will executed subsequent to the date of execution of this Judgment); or to

21  claim any family allowance or probate homestead; or to act as the personal representative upon

22  intestacy of the other's estate (except as the nominee of another person legally entitled to the right);

23  or to act as the personal representative under the will of the other (unless under a will executed

24  subsequent to the date of execution of this Judgment). This paragraph is intended to comply with the

25  provisions of Sections 142, 143, and 144 of the California Probate Code.

26  g)  Reimbursement Waivers: The Court finds that except as otherwise provided in this

27  Judgment, each party waives each of the following:

28  i)  *Epstein* credits (*In re Marriage of Epstein* (1979) 24 Cal.3d 76) and all rights

to reimbursement to which a party may be entitled to as a result of the payment of community

12

1    obligations since the Separation Date.

2       ii)    *Watts* credits (*In re Marriage of Watts* (1985) 171 Cal. App.3d 366) and all

3   rights to reimbursement to which a party or the community may be entitled to as a result of one

4   party's use of community assets since the Separation Date.

5       iii)    All rights to reimbursement under Family Code section 2640, or otherwise,

6   for separate property contributed to the acquisition or maintenance of community property.

7       iv)    All rights to reimbursement under Family Code section 2641, or otherwise,

8   due the community or a party for contributions made by the community or either party to the

9   education or training of a party.

10       v)    All rights to reimbursement for gifts of community property made to third

11   parties except as set forth above.

12       vi)    All claims to reimbursements from the other party and/or community estate

13   regarding loans or payments made to or on behalf of the parties and/or the community estate prior or

14   subsequent to the Separation Date through the date of the parties' execution of this Judgment, except

15   as is otherwise provided for in this Judgment.

16     h)    The Court finds that the waivers set forth in paragraph 7 g. hereof supersede all

17   existing court orders, stipulations or agreements between the parties made without prejudice and/or

18   wherein Petitioner and/or Respondent reserved the right to repayment or reimbursement for

19   payments made to or for the benefit of the other party and/or the community estate. The Court finds

20   that the parties each have warranted and represented that said waivers are made as part of and in

21   consideration for the division of assets as provided for in this Judgment.

22     i)    **Waiver of Discovery Rights:** The Court finds as follows:

23       i)    Concerning the nature, extent and value of community property (assets and

24   liabilities), and the parties' interest therein, the parties state that each has his and her own knowledge

25   and opinion concerning such matters, and each has relied upon his or her own knowledge and

26   evaluations of such matters, and that each has sought and obtained separate counseling from other

27   persons that each selected concerning said matters.

28       ii)    In negotiating the economic terms of this Judgment, each of the parties

1   acknowledges that each has been advised by his or her respective counsel of record that he or she has

2   had the opportunity to determine, both on a voluntary basis and through formal discovery

3   procedures, all of the financial circumstances of the other party, and the income which each is likely

4   to derive from the property acquired by each hereunder. Each of the parties has warranted and

5   represented that each party desired a settlement of all of the matters set forth in this Judgment and

6   that each party has chosen not to exercise all of the formal or informal discovery rights available to

7   him or her including, without limitation, serving special interrogatories, further requests for

8   production and requests for admissions, issuing subpoenas, taking depositions of one another or third

9   parties, obtaining expert appraisals of real, personal and/or business properties and assets and a

10   participation in a child custody evaluation.

11            iii)    Each party knowingly waives his or her rights to complete full discovery, both

12   formal and informal, and to fully investigate the financial circumstances of the other party.   The

13   parties acknowledge that by entering into a negotiated settlement of all financial issues between

14   them, each has knowingly waived his or her right to a full evidentiary hearing on the merits with

15   respect to those issues. Each party acknowledges that each has been advised by his or her respective

16   counsel that the economic benefits conferred on each by this Judgment may be better or worse then

17   the economic benefits that would be conferred after such a full evidentiary hearing. Nevertheless,

18   both parties have considered the risk of litigation and the costs thereof, and have decided that it is

19   preferable to settle all issues rather than to be subjected to the uncertainties associated with the

20   litigation process.

21            iv)    Each of the parties expressly waives and releases his or her rights to conduct

22   any further formal discovery relating to issues and other procedures as set forth above, and each

23   accepts the economic terms of this Judgment with full knowledge of their rights in light of the

24   foregoing waiver.

25            v)     It is the mutual wish and desire of both Petitioner and Respondent to

26   immediately effect, by way of this Judgment, a full, complete and final settlement of all the

27   respective property interests, future and present, and, except as otherwise set forth herein, to

28   irrevocably adjust and determine all legal obligations of any nature which may exist with respect to

1    one another at this time, by reason of marriage of Petitioner and Respondent or otherwise, and to

2    fully and completely resolve any and all issues relating to division of property.

3            vi)     Each party acknowledged for herself/himself, and for the other and the Court

4    to rely upon, she/he has relied solely on her/his own personal judgment as to all matters pertaining to

5    the matters encompassed by this Judgment and she/he did not rely on any statement, warranty or

6    representation of any other party, except as expressly set forth in this Judgment.

7    8)      MISCELLANEOUS PROVISIONS

8            a)      **Family Code section 2024:**  The Court finds that the parties are aware of Family

9    Code section 2024 advising parties to a dissolution of marriage to review their wills, insurance

10   policies, retirement benefit plans, credit cards, credit accounts, credit reports, and other matters that

11   they may wish to change.  The parties are advised to review all property rights and employment

12   benefits that have survivorship or inheritance factors (including, without limitation, life insurance,

13   pensions, trusts, jointly held real and personal property, and bank accounts) to insure that each

14   expresses the present intent of the parties, particularly with respect to title and beneficiary

15   designation.

16           b)      **Revocation of Power of Attorney:**  In the event either party has executed a Durable

17   Power of Attorney for Health Care pursuant to Sections 4600-4806 of the California Probate Code

18   and has specified his or her spouse as the designated agent, the designated spouse will become

19   ineligible, as a matter of law, to act as the designated agent upon dissolution of marriage.  The Court

20   finds that both parties acknowledge their understanding that for such purposes, it may be necessary

21   for either or both of them to appoint a new designated agent for purposes of a Durable Power of

22   Attorney for Health Care.

23           c)      **Reservation of Jurisdiction:**  The Court retains jurisdiction (except as otherwise

24   provided in this Judgment) to make orders and determinations that are necessary and/or appropriate

25   (a) to enforce any of the terms of this Judgment or otherwise effectuate the division of property as

26   specified in this Judgment; (b) to resolve any matter subject to the jurisdiction of the Court that has

27   not otherwise been resolved by the terms of this Judgment, or to resolve any dispute that may arise

28   concerning the terms of this Judgment; and (c) to resolve claims regarding omitted or undisclosed

15

JUDGMENT FOR LEGAL SEPARATION

1  property and obligations.

2

3      d)    **Reconciliation:** Any reconciliation between the parties shall not cancel, terminate,

4  modify, or waive any provisions of this Judgment, unless the parties so agree in writing. However,

5  nothing in this subsection shall be construed to waive either party's rights in community property

6  accrued after a reconciliation.

7      e)    **Notices:** Any notice under this Judgment must be in writing and shall be

8  effective upon delivery by hand, upon facsimile transmission, or three (3) business days after

9  deposit in the United States mail, postage prepaid, certified or registered, and addressed to

10  Respondent or to Petitioner as follows:

11          To Petitioner:    Peter M. Hoffman

12                  1643 N. Queens Road

13                  Los Angeles, CA  90069

14

15          To Respondent:    Susan Lee Hoffman

16                  900 Royal Street, Fourth Floor

17                  New Orleans, LA  70116

18      In the case of service by mail, it shall be deemed complete on the date of delivery as shown

19  on the addressee's registry or certification receipt, or at the expiration of the fifth (5th) calendar day

20  after the date of mailing, whichever occurs first.

21      Each party shall be obligated to notify the other in writing of any change in his or her address

22  or fax number. Notice of change of address or number shall be effective only when done in

23  accordance with this Section.

24      f)    **Modification:** This Judgment, and any and all of its terms, covenants, and

25  conditions, may be altered, amended, modified, or supplemented only by an instrument in writing,

26  executed and acknowledged by both parties, and by no other means.

27      g)    **Severability:** If a court holds any provision of this Judgment to be invalid,

28  unenforceable, or void, the remainder of this Judgment shall remain in full force and effect.

    h)    **Interpretation:** This Judgment shall be construed as a whole, according to its fair

1   meaning, and not in favor of or against any party. For example, no provision shall be construed in

2   favor of the party receiving a benefit nor against the party responsible for any particular language.

3   Section headings are used for reference purposes only and should be ignored in the interpretation of

4   this Judgment.

5       I)   **Execution of Documents:**  Each party shall execute, acknowledge, and deliver to the

6   other party hereto, and his or her heirs, executors, administrators or other representatives, all deeds,

7   tax returns, amendments to tax returns, amended returns, leases, contracts, releases, certificates of

8   partnerships, escrow agreements, partnership agreements, loan agreements, refinancing agreements,

9   loan applications, bills of sale, insurance documents or other instruments which may hereafter be

10  necessary to enable either of the parties to sell, transfer or own any real or personal property

11  acquired under this Judgment or before or after the entry of this Judgment.  Notwithstanding the

12  failure or refusal of either Respondent or Petitioner to execute any such instrument, this Judgment

13  shall constitute a full and complete transfer and conveyance of the properties herein designated as

14  being transferred, conveyed or assigned by each party. Should either Respondent or Petitioner fail to

15  execute and deliver any such instrument within ten days after written demand therefor, the Los

16  Angeles Superior Court may, upon 48 hours' *ex parte* notice, make an order that the Clerk of Los

17  Angeles County shall execute and deliver such instruments to the demanding party on the refusing

18  party's behalf. Any party who fails to comply with this paragraph is ordered to reimburse the other

19  party for any reasonable expenses, including attorneys', accountants', and other experts' fees and

20  court costs that as a result of this failure become reasonably necessary to carry out the terms of this

21  Judgment.

22      J)   **Acknowledgments:**  The Court finds as follows:

23          i)   Each party acknowledges that he or she respectively (a) is fully informed as to

24  the facts relating to the subject matter of this Judgment, and as to the rights and liabilities of both

25  parties; (b) enters into this Judgment voluntarily, free from known fraud, undue influence, coercion,

26  or duress of any kind; and (c) has read, considered, and understands each provision of this Judgment.

27          ii)   Petitioner acknowledges (a) that Respondent has obtained no advantage over

28  him as a result of this Judgment, (b) that there is sufficient consideration for Petitioner's entry into



1  this agreement that forms the basis of this Judgment, and (o) that Petitioner was not under any undue

2  influence in entering into this Judgment.

3         iii)    Respondent acknowledges (a) that Petitioner has obtained no advantage over

4  her as a result of the agreement that forms the basis for this Judgment, (b) that there is sufficient

5  consideration for Respondent's entry into the agreement that forms the basis for this Judgment, and

6  (o) that Respondent was not under any undue influence in entering into this Judgment.

7         iv)    Petitioner further acknowledges (a) that all negotiations leading to this

8  Judgment were carried out at arm's length, (b) that the confidential relationship arising out of the

9  marriage of the parties did not exist during such negotiations, and (o) that Petitioner recognizes that

10  his interests and Respondent's interests were adverse during such negotiations.

11         v)    Respondent further acknowledges (a) that all negotiations leading to this

12  Judgment were carried on at arm's length, (b) that the confidential relationship arising out of the

13  marriage of the parties did not exist during such negotiations, and (o) that Respondent recognizes

14  that her interests and Petitioner's interests were adverse during such negotiations. ---

15  9)    **MUTUAL RESTRAINING ORDERS**

16      Petitioner and Respondent agree that each shall have the right to live separate from the other

17  without interference and that each shall refrain from annoying, harassing or disturbing the peace of

18  the other party. Without limiting the generality of the foregoing, each of the parties is ordered to

19  send written communications to the other party addressed only to the address for notice set forth

20  above in this Judgment (or such other address as may subsequently designated in writing), and not to

21  any other address.

22  10)    **GOVERNING LAW**

23      This Judgment shall be subject to, and interpreted under, the law of the State of California,

24  without regard to choice of law rules.

25      This Judgment may be signed in counterparts.

26

27

28

JUDGMENT FOR LEGAL SEPARATION

P. 01

APPROVED AS TO FORM AND CONTENT:

Dated:_____ May 28_____, 2007          _____
                                        Peter M. Hoffman, Petitioner

Dated:_____ May 28_____, 2007          _____
                                        Susan Leo Hoffman, Respondent.

IT IS SO ORDERED, ADJUDGED AND DECREED IN ACCORDANCE WITH THE FOREGOING PROVISIONS.

Dated:_____ JUN 1 6 2007_____          _____
                                        Judge/Judge Pro Tem of the Superior Court

                    ROBERT SCHNIDER

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

   I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 1100, Los Angeles, California 90067-6002.

   On July 11, 2007, I served the following document(s) described as JUDGMENT on all interested parties in this action by:

☒ placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as stated below:

| | |
|---|---|
| Peter M. Hoffman<br>1643 N. Queens Road<br>Los Angeles, CA 90069 | Susan L. Hoffman<br>900 Royal Street, 4th Floor<br>New Orleans, LA 70116 |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐ **BY FAX:** From Fax No. _____ to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

☐ **BY OVERNIGHT COURIER:** By depositing copies of the above document(s) in a box or other facility regularly maintained by FEDERAL EXPRESS, in an envelope or package designed by FEDERAL EXPRESS with delivery fees paid or provided for and sent to the person(s) named on the attached service list [*C.C.P.* §1013, 2015.5].

☒ [State] . I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐ [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2007, at Los Angeles, California.

_Denise Thurman_
DENISE THURMAN, Declarant

C:\Program Files\WordPerfect Office 12\Macros\Adjusty\Forms\PROOF.WPD