# EXHIBIT 4(A) TO REQUEST FOR JUDICIAL NOTICE

## ADVERSARY PROCEEDING 20-01022

ARTICLES OF INCORPORATION

OF

LEEWAY PROPERTIES, INC.

UNITED STATES OF AMERICA

STATE OF LOUISIANA

PARISH OF ORLEANS


BE IT KNOWN, that on this 26th day of June, 2003;

BEFORE ME, the undersigned authority, a Notary Public, duly commissioned and qualified in and for the aforesaid Parish and State;

PERSONALLY APPEARED:

### GUY W. SMITH

a person of the full age of majority, who declared unto me, Notary, in the presence of the undersigned competent witnesses, that availing himself of the provisions of the Business Corporation Law of the State of Louisiana, he does hereby organize himself, his successors and assigns, into a corporation in pursuance of said law, under and in accordance with the following Articles of Incorporation, to-wit:

### ARTICLE I

### NAME

The name of this corporation shall be:

Leeway Properties, Inc.

## ARTICLE II

### OBJECTS AND PURPOSES

The objects and purposes of this corporation are declared to be to engage in any lawful activity for which corporations may be formed under the Business Corporation Law of the State of Louisiana.

## ARTICLE III

### DURATION

The duration of this corporation is perpetual.

## ARTICLE IV

### AUTHORIZED SHARES, ETC.

The aggregate number of shares that this corporation shall have authority to issue is one thousand (1,000), all of the same class and series, designated "Common Stock," and having no par value.

The total voting power of this corporation shall be vested in the Common Stock, and each shareholder of record thereof shall have the right to one vote for each share standing in his name on the books of this corporation.

## ARTICLE V

### DIRECTORS

Section 1. All of the corporate powers of this corporation shall be vested in, and the business and affairs of this corporation shall be managed by, or under the authority of, a board

2

NOV. 21. 2003 4:42PM    SIMON PERAGINE SMITH                    NO. 5945   P. 4

of directors composed of not less than two (2) nor more than five (5) natural persons, the exact number to be determined from time to time by the by-laws or by the shareholders. The directors shall have no power, by amendment of the by-laws or otherwise, to reduce the number of directors, when such reduction would have the effect of shortening the term of any incumbent director.

Section 2. Any director absent from a meeting of the Board or any committee thereof, may be represented by any other director who may cast the absent director's vote according to his or her written instructions, general or special.

## ARTICLE VI

### SHAREHOLDERS' CONSENTS

Whenever the affirmative vote of shareholders is required to authorize or constitute corporate action, the consent in writing to such action signed only by shareholders holding that proportion of the total voting power on the question which is required by these Articles of Incorporation or where a higher vote is required by law, shall be sufficient for the purpose, without necessity for a meeting of shareholders.

## ARTICLE VII

### REVERSIONS

Cash, property or share dividends, shares issuable to shareholders in connection with a reclassification of stock, and the redemption price of redeemed shares, which are not claimed by shareholders entitled thereto within one year after the dividend or

redemption price became payable or the shares became issuable, despite reasonable efforts by the corporation to pay the dividend or redemption price or deliver the certificates for the shares to such shareholders within such time, shall, at the expiration of such time, revert in full ownership to the corporation, and the corporation's obligation to pay such dividend or redemption price or issue shall shares, as the case may be, shall thereupon cease; provided that the board of directors may, at any time, for any reason satisfactory to it, but need not, authorize (a) payment of the amount of any cash or property dividend or redemption price or (b) issuance of any shares, ownership of which has reverted to the corporation pursuant to the provisions of this Article VII, to the entity who or which would be entitled thereto had such reversion not occurred.

### ARTICLE VIII

#### INCORPORATOR

The full name and address of the Corporation's incorporator is:

Guy W. Smith
1100 Poydras Street
30th Floor
New Orleans, Louisiana 70163-3000

### ARTICLE IX

#### LIMITATIONS OF LIABILITY

The incorporator, officers, and directors of this Corporation claim the benefits of limitation of liability of the provisions of La. R.S. 12:24C.(4), as amended, to the fullest extent allowed by

4

NOV. 21. 2003  4:43PM    SIMON PERAGINE SMITH                    NO. 5945   P. 9

law as fully and completely as though said provisions were recited herein in full.

THUS DONE AND PASSED, in multiple originals in my office in the State and Parish aforesaid, on the day, month, and year herein-above written, in the presence of the undersigned competent witnesses who sign with me, Notary, and with the said appearers, after due reading of the whole.

WITNESSES:

_____                    _____
                                                    Guy W. Smith
                                                    Incorporator

_____

_____
            NOTARY PUBLIC

JOHN F. SHREVES
NOTARY PUBLIC
Parish of Orleans, State of Louisiana
My Commission is issued for Life.

K:\DATA\K\065*0000\903.GWS\Corporations\Leeway Properties\Articles of Incorporation.wpd

5

NOV. 21. 2003  4:43PM     SIMON PERAGINE SMITH                          NO. 5945   P. 8

## AFFIDAVIT OF ACCEPTANCE OF APPOINTMENT

## BY DESIGNATED REGISTERED AGENT

To the Louisiana Secretary of State
State of Louisiana

STATE OF LOUISIANA

PARISH OF ORLEANS

On this 26th day of June, 2003, before me, a Notary Public, in and for the State and Parish aforesaid, personally appeared Guy W. Smith who is to me known to be the person, and who, being duly sworn, acknowledged to me that he does hereby accept appointment as the Registered Agent of Leeway Properties, Inc., which is a corporation authorized to transact business in the State of Louisiana pursuant to the provisions of the Title 12, Chapter 1.

GUY W. SMITH
Registered Agent

Subscribed to and sworn before me on the day, month, and year first above set forth.

NOTARY PUBLIC

J:\DATA\K\0654000p\903.GWS\Corporations\Leeway Properties\Affidavit.wpd

JOHN P. SHREVES
NOTARY PUBLIC
Parish of Orleans, State of Louisiana
My Commission is issued for Life.

# EXHIBIT 4(B) TO REQUEST FOR JUDICIAL NOTICE

## ADVERSARY PROCEEDING 20-01022

*4B*

## BY-LAWS

### OF

### LEEWAY PROPERTIES, INC.

(herein called the "Corporation")

## ARTICLE I

### OFFICES

Section 1.1. Registered Office. The Corporation shall continuously maintain its registered office in the State of Louisiana in the Parish of Orleans at 900 Royal Street, New Orleans, Louisiana 70116 or at such location as may be designated from time to time by the Board of Directors.

Section 1.2 Other Offices. The Corporation may also maintain a principal office and any other offices and places of business at such locations in the State of Louisiana and elsewhere as the Board of Directors may from time to time determine or as may be appropriate for the conduct of the business of the Corporation.

## ARTICLE II

### MEETINGS OF SHAREHOLDERS

Section 2.1 Annual Meeting of Shareholders. The annual meeting of shareholders for the election of directors and the transaction of such other business as may properly come before the meeting shall be held at the principal office of the Corporation at 12:00 p.m. on the second Friday in January of each year, unless that day shall be a legal holiday, in which event such meeting shall be held on the next succeeding day not a legal holiday. Such meeting may be held at such other time as soon thereafter as is conveniently possible, or at such other place, or both, as shall be specified in a notice thereof given as hereinafter provided or in a consent and waiver of notice thereof signed by all shareholders.

Section 2.2 Special Meetings of Shareholders. Special meetings of shareholders shall be held whenever called by order of the Board of Directors or the President and shall be called by order of the President and held upon the written request of the holders of not less than one-fifth of the shares entitled to vote

at such meetings. Such written request shall state the purpose or purposes of the meeting and be delivered to the Secretary. Special meetings of shareholders shall be held at the principal office of the Corporation, or at such other place as shall be specified in a notice thereof given as hereinafter provided or in a consent and waiver of notice thereof signed by all shareholders.

Section 2.3  Notice of Meeting of Shareholders. Written notice of each meeting of shareholders, stating the place, day, and hour of the meeting, and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten (10) days before the date of the meeting, either personally or by mail, telegram, or other means of written communication to each shareholder of record entitled to vote at such meeting. If mailed, or sent by telegraph or by other means of written communication, such notice shall be deemed to be delivered when deposited in the United States mail or with the telegraph or other communications company addressed to the shareholder at his address as it appears on the record of shareholders of the Corporation, with postage or other fees thereon prepaid.

A written waiver of notice of any meeting of shareholders signed by a shareholder entitled to such notice, whether before or after the time stated therein for the holding of such meeting, shall be equivalent to the giving of such notice to such shareholder in due time as required by law or these By-Laws. Such written waiver need not specify the purpose or purposes of, or the business to be transacted at, the meeting. Notice shall be deemed to have been given to, or waived by, all shareholders present or represented at any meeting of shareholders, except any shareholder who, at the beginning of the meeting, objects to the transaction of any business because the meeting is not lawfully called or convened.

Section 2.4  Quorum of Shareholders. At any meeting of shareholders, a majority of the shares entitled to vote, represented in person or by proxy, shall constitute a quorum for all purposes. In the absence of a quorum at any meeting of shareholders, the shareholders holding a majority of the voting power present in person or by proxy may adjourn such meeting, from time to time, without notice other than announcement at the meeting, until such time as a quorum shall be present at such adjourned meeting. At any such adjourned meeting at which a quorum shall be present, any business may be transacted which might have been transacted at the meeting for which the shareholders were originally notified.

Section 2.5.  Organization of Shareholder's Meetings. The President of the Corporation shall call meetings of

shareholders to order and shall act as chair of such meetings. The shareholders holding a majority of the voting power present in person or by proxy may appoint any shareholder to act as chair of the meeting in the absence of the President.

The Secretary of the Corporation shall act as secretary of all meetings of shareholders; but in his absence the chairman of the meeting may appoint any person to act as secretary of the meeting.

Section 2.6. Order of Business at Shareholders' Meetings. The order of business at the annual meeting, and so far as practicable at all other meetings of shareholders, shall, unless the shareholders holding a majority of the voting power present in person or by proxy shall direct otherwise, be as follows:

1. Calling of roll.
2. Proof of due notice of meeting.
3. Reading and disposal of any unapproved minutes.
4. Reports of officers and committees.
5. Election of directors.
6. Unfinished business.
7. New business.
8. Adjournment.

Section 2.7. Voting of Shareholders. Each outstanding share of the Corporation shall be entitled to one vote on each matter submitted to a vote at a meeting of shareholders, except as may be otherwise provided by law or in the Articles of Incorporation. A shareholder of record may vote the shares standing in his name either in person or by proxy executed in writing by the shareholder and filed with the Secretary of the Corporation or the chairman of the meeting before or at the meeting.

Shares standing in the name of another corporation, domestic or foreign, may be voted by such officer, agent or proxy as the by-laws of such other corporation may prescribe, or, in the absence of such provision, as the board of directors of such other corporation may determine.

If a quorum is present at a meeting of shareholders, the affirmative vote of the majority of the voting power present shall be the act of the shareholders, unless the vote of a greater number or voting by classes is required by law or the Articles of Incorporation.

Section 2.8. Consent of Absent Shareholder. A written consent to the holding of any meeting of shareholders, or a written approval of the minutes thereof, signed by a shareholder of record

-3-

and filed with the minutes of the meeting, shall be equivalent to the presence of the shareholder at such meeting and the voting of the shares standing in his name in favor of any such action taken thereat.

   Section 2.9.   Action by Shareholders Without a Meeting. Any action required by law, the Articles of Incorporation, or these By-Laws to be taken at a meeting of shareholders (annual or special), or any action which may be taken at a meeting of shareholders, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by shareholders holding that proportion of the total voting power on the question which is required by law or by the Corporation's Articles of Incorporation.

### ARTICLE III

### BOARD OF DIRECTORS

   Section 3.1  General Powers of Directors.  All corporate powers shall be exercised by or under authority of, and the business and affairs of the Corporation shall be managed by, or under the direction of, the Board of Directors of the Corporation.

   Section 3.2.   Number, Tenure and Qualifications of Directors.  The number of directors shall be not less than two (2) nor more than five (5).  At each annual meeting of shareholders, the shareholders shall elect directors to hold office until the next succeeding annual meeting.  Each director shall hold office until the next succeeding annual meeting of shareholders and until his successor shall have been elected and qualified, or until his death, resignation, or removal. Directors need not be residents of the State of Louisiana, nor shareholders or officers of the Corporation, unless so required by law.

   Section 3.3.  Resignation of Directors.  Any director of the Corporation may resign at any time by delivering a written resignation to the President or the Secretary of the Corporation. The resignation of any director shall take effect upon receipt of such resignation or at such later date as may be specified therein; and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

   Section 3.4.  Removal of Directors.  Any director or the entire Board of Directors may be removed from office at a special meeting of shareholders, with or without cause, by a vote of a majority at the total voting power.

**Section 3.5.   Vacancies of Directors**.  Any vacancy occurring in the Board of Directors through death, resignation, or removal or any other cause may be filled by the affirmative vote of a majority of the remaining directors, though less than a quorum of the Board of Directors.  A director elected to fill a vacancy shall be elected for the unexpired term of his predecessor in office and until the election and qualification of his successor.

**Section 3.6.   Number of Directors Increased**.  Any directorship to be filled by reason of an increase in the number of directors may be filled by the Board of Directors for a term of office continuing only until the next election of directors by the shareholders.

**Section 3.7.  Annual Meeting of Directors**.  As soon as is conveniently possible after the final adjournment of each annual meeting of shareholders, the Board of Directors shall meet at the place where such annual meeting of shareholders was adjourned for the purposes of organization, the election of officers, and the transaction of other business.  Notice of such meeting need not be given.  Such meeting may be held at such other place, or at such other time, or both, as shall be specified in a notice thereof given as hereinafter provided or in consent and waiver of notice thereof signed by all directors.

**Section 3.8.   Special Meetings of Directors**.  Special meetings of the Board of Directors shall be held at any place within or without the State of Louisiana as shall be specified in notices thereof given as hereinafter provided, whenever called by order of the President or any one director.

**Section 3.9.   Notice of Directors' Meeting**.  Written notice stating the place, day, and hour of special meetings of directors shall be delivered not less than three (3) (or such greater number as may be required by law) days before the date of the meeting, either personally or by mail or other means of written communication, by or at the direction of the President, the Secretary, or the person calling the meeting, to each director.  If mailed or sent by other means of written communication, such notice shall be deemed to be delivered when deposited in the United States mail or with the communications company addressed at the director at his or her address as it appears on the books and records of the Corporation, with postage or other fees thereon prepaid.

A written waiver of notice of any meeting of directors signed by a director, whether before or after the time stated therein for the holding of such meeting, shall be equivalent to the giving of such notice to such director in due time as required the by law or these Bylaws.  Such waiver need not specify the purpose of, or the

-5-

NOV. 21. 2003  4:45PM     SIMON PERAGINE SM.TH                    NO. 9949   P. 17

business to be transacted at, the meeting.  Attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends the meeting for the express purpose of objecting to the transaction of business because the meeting is not lawfully called or convened.  Any meeting of the Board of Directors shall be a valid and binding meeting without any notice thereof having been given if all the directors shall be present thereat.

Section 3.10.  Organization of Directors' Meetings.  At all meetings of the Board of Directors, the President, or in his or her absence any director designated by a majority of the directors present, shall preside.  The Secretary of the Corporation shall act as secretary of all meetings of the Board of Directors; but in his or her absence the presiding officer may appoint any person to act as secretary of the meeting.  At meetings of the Board of Directors, business shall be transacted in such order as, from time to time, the presiding officer may determine, unless otherwise determined by the directors present.

Section 3.11.  Quorum of Directors and Manner of Acting. At any meeting of directors, a majority of the number of directors fixed by Section 3.2 shall constitute a quorum for the transaction of business.  In the absence of a quorum at any meeting of the Board of Directors, the presiding officer of the meeting may adjourn such meeting, from time to time, without notice other than announcement at the meeting, until such time as a quorum shall be present at such adjourned meeting.  If a quorum is present at a meeting of directors, the act of the majority of the directors present at such meeting shall be the act of the Board of Directors.

Directors may participate in and hold a meeting of the Board of Directors by means of conference telephone or similar communications equipment, provided that all persons participating in the meeting can hear and communicate with each other.  Such participation shall constitute presence in person at such meeting, except where a person participates in the meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.

Section 3.12.  Director's Assent.  A director of the Corporation who is present at a meeting of the Board of Directors at which action on any corporate matter is taken shall be presumed to have assented to the action taken unless his or her dissent shall be entered in the minutes of the meeting or unless he shall file his written dissent to such action with the secretary of the meeting before the adjournment thereof or shall forward such dissent by registered or certified mail to the Secretary of the

-6-

Corporation promptly after the meeting.  Such right to dissent shall not apply to a director who voted in favor of such action.

Section 3.13.  Action by Directors Without a Meeting. Any action required by law, the Articles of Incorporation, or these By-Laws to be taken at a meeting of the Board of Directors, or any action which may be taken at a meeting of directors, may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the directors.

Section 3.14. Compensation.  Directors may receive such compensation for their services and such reimbursement of expenses necessarily and reasonably incurred by them on account of their services as may be fixed from time to time by resolution of the Board of Directors.  Nothing contained in these By-Laws shall be construed to preclude any director from serving the Corporation in any other capacity and receiving compensation or reimbursement of expenses therefor.

## ARTICLES IV

### OFFICERS

Section 4.1. Officers.  The officers of the Corporation shall consist of a President, a Secretary, and a Treasurer.  In addition to the officers enumerated in the preceding sentence, the Corporation may have such other officers, assistant officers, and agents as may be elected or appointed, from time to time, by the Board of Directors.

Section 4.2.  Election, Term and Qualifications of Officers.  At each annual meeting of the Board of Directors, the directors shall elect officers to hold office until the next succeeding annual meeting of directors.  At any time, the Board of Directors may elect additional officers, assistant officers, and agents.  Each officer shall hold office until the next succeeding annual meeting of the Board of Directors and until his successor shall have been elected and qualified, or until his death, resignation or removal.

Officers need not be residents of the State of Louisiana nor shareholders or directors of the Corporation, unless so required by law.  One person may hold two or more offices of the Corporation except where prohibited by law.

Section 4.3.  Resignation of Officers.  Any officer of the Corporation may resign at any time by delivering a written resignation to the Board of Directors, the President, or the

-7-

Secretary of the Corporation.  Any such resignation shall take effect upon its receipt or at such later date as may be specified and, unless otherwise specified therein, the acceptance of such resignation shall not be necessary to make it effective.

Section 4.4.  Removal of Officers.  Any officer or agent may be removed by the Board of Directors whenever in its judgment the best interests of the Corporation will be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed.  Election or appointment of an officer or agent shall not of itself create contract rights.

Section 4.5.  Vacancies in Offices.  Any vacancy occurring in any office through death, resignation, removal, or any other cause may be filled by the Board of Directors.  An officer elected to fill a vacancy shall be elected for the unexpired term of his or her predecessor in office and until the election and qualification of his successor.

Section 4.6.  General Powers and Duties of Officers.  All officers and agents of the Corporation, as between themselves and the Corporation, shall have such powers and perform such duties as may be provided in these Bylaws or by resolution of the Board of Directors not inconsistent with these Bylaws.

Section 4.7.  Powers and Duties of the President.  Subject to the control of the Board of Directors, the President shall be the chief executive officer of the Corporation; shall have general supervision, direction, and control of the business, officers, and agents of the Corporation; shall sign and execute, in the name of the Corporation, all documents, instruments, obligations, and reports which are necessary or proper to be signed and executed in the course of the business of the Corporation; and shall have and perform all powers and duties usually vested in, or incident to, the office of President of a corporation or as may be assigned to him by these Bylaws or the Board of Directors.

Section 4.8.  Powers and Duties of Vice Presidents.  Each Vice President shall have such powers and shall perform such duties as may be assigned to him by these Bylaws, the Board of Directors, or the President.  In the absence or disability of the President (in order of seniority, unless otherwise provided by the Board of Directors), or whenever requested by the President, a Vice President shall perform the duties of the President or such duties as the Board of Directors or the President may assign to him.

Section 4.9.  Powers and Duties of Assistant Vice Presidents.  Each Assistant Vice President shall have such powers

-8-

and shall perform such duties as may be assigned to him by these
By-Laws, the Board of Directors, or the President.

Section 4.10.    Powers and Duties of the Secretary.
Subject to the control of the Board of Directors, the secretary
shall maintain stock books and records, showing the names of all
persons who are shareholders of the Corporation, their addresses as
furnished by each of them; shall deliver and serve, or cause to be
delivered and served, all notices of the Corporation required or
permitted by law, the Articles of Incorporation, or these Bylaws;
shall keep minutes of each meeting of shareholders and directors in
books maintained for that purpose and read such minutes at the
subsequent meeting of shareholders and directors, respectively;
shall be custodian of the corporate seal, if any, and ensure that
it, or a facsimile thereof, is affixed to or printed on all
certificates for shares and other documents, instruments,
obligations, and reports, the execution of which on behalf of the
Corporation and under its seal is necessary and proper; shall
attest or countersign all documents, instruments, obligations, and
reports which are necessary or proper to be attested or
countersigned in the course of the business of the Corporation;
shall execute and deliver, or cause to be executed and delivered,
all certificates which are necessary or proper to be executed and
delivered in the course of the business of the Corporation; and
shall have and perform all powers and duties usually vested in, or
incident to, the office of secretary of a corporation or as may be
assigned to him by these Bylaws, the Board of Directors or the
President.

Section 4.11.    Powers and Duties of Assistant
Secretaries.   Each Assistant Secretary (i) shall have the powers
and shall perform the duties of the Secretary, in the absence or
disability of the Secretary, or whenever requested by the
Secretary, and (ii) shall have such powers and shall perform such
duties as may be assigned to him by these Bylaws, the Board of
Directors, or the President.

Section 4.12.    Powers and Duties of the Treasurer.
Subject to the control of the Board of Directors, the Treasurer
shall have custody of and be responsible for all funds and
securities belonging to the Corporation; shall keep full and
accurate records and accounts, in books belonging to the
Corporation, showing the transactions of the Corporation, its
accounts, liabilities and financial condition; shall ensure that
all expenditures are duly authorized and evidenced by proper
receipts and vouchers; shall deposit in the of the Corporation, in
a depository or depositories designated as provided in these
Bylaws, all funds belonging to the Corporation; and shall have and
perform all powers and duties usually vested in, or incident to,

NOV. 21. 2003  4:46PM    SIMON PERAGINE SMITH                      NO. 5945  P. 21

the office of treasurer of a corporation or as may be assigned to him or her by these Bylaws, the Board of Directors, or the President.

**Section 4.13. Powers and Duties of Assistant Treasurers.** Each Assistant Treasurer (i) shall have the powers and shall perform the duties of the Treasurer, in the absence or disability of the Treasurer, or whenever requested by the Treasurer, and (ii) shall have such powers and shall perform such duties as may be assigned to him or her by these Bylaws, the Board of Directors, or the President.

**Section 4.14. Salaries of Officers.** The salaries, if any, of officers of the Corporation shall be fixed, from time to time, by the Board of Directors, and no officer shall be prevented from receiving a salary by reason of the fact that he is also a director of the Corporation.

## ARTICLE V

### SHARES, CERTIFICATES, AND TRANSFERS

**Section 5.1. Certificates for Shares.** Each shareholder of the Corporation shall be entitled to a certificate or certificates, to be in such form as may be required by law and as the Board of Directors may prescribe, certifying the number of shares of the Corporation owned by him. No certificates shall be issued for any share until such share is fully paid for.

**Section 5.2. Execution of Certificates.** The certificates for shares of the Corporation shall be numbered in the order in which they shall be issued and shall be signed by the President or any Vice President and the Secretary or an Assistant Secretary of the Corporation, and its seal, if any, shall be affixed thereto. In case any officer or officers of the Corporation who shall have signed any such certificate shall have ceased to be such officer or officers before such certificate shall have been issued, such certificate may be issued by the Corporation with the same effect as if he or they were such officer or officers at the date of its issue.

**Section 5.3. Cancellation of Certificates.** Every certificate for shares surrendered to the Corporation for exchange or transfer shall be cancelled, and no new certificate or certificates shall be issued in the exchange for, or the transfer of, any existing certificate for shares until such existing certificate shall have been so cancelled, except as may be provided in the case of lost, destroyed, or stolen certificates.

Case 20-01022 Doc 12-4 Filed 04/22/20 Entered 04/22/20 16:53:02 Exhibit 4 - (A) Articles of Leeway Properties Inc. (Leeway) dated June 26   2003   Page 19 of 31

NOV. 21. 2003  4:46PM  SIMON PERAGINE SMITH                          NO. 5945  P. 22

**Section 5.4.  Transfers of Shares.**  Transfers of shares of the Corporation shall be made only on the books of the Corporation upon the written request of the record holder of such shares, or of his attorney thereunto authorized by power of attorney duly executed and filed with the Secretary of the Corporation, and upon surrender of the certificate or certificates for such shares properly endorsed and the payment of all taxes thereon.

The Board of Directors may make such rules and regulations, not inconsistent with law, the Articles of Incorporation, or these Bylaws, as it may deem necessary or proper with respect to the transfer and registration of shares and certificates for shares of the Corporation.

**Section 5.5.  Lost, Destroyed, Mutilated, or Stolen Certificates.**  As a condition precedent to the issue of a new certificate for shares in the place of any certificate theretofore issued and alleged to have been lost, destroyed, mutilated, or stolen, the Board of Directors, in its sole discretion, may require the owner of any such certificate, or his legal representative, to give the Corporation a bond, in such sum and in such form as it may direct, with such surety or sureties as may be satisfactory to the Board of Directors may authorize the issuance of such new certificate without bond, or the Board of Directors may refuse to issue any such new certificate except on the order of an court having competent jurisdiction in the manner.

## ARTICLE VI

## MISCELLANEOUS PROVISIONS

**Section 6.1  Dividends.**  Subject to limitations imposed by law, the Board of Directors, from time to time, out of funds legally available therefor, may declare, and the Corporation may pay, dividends upon the shares of the Corporation as and when they deem expedient.

**Section 6.2.  Voting Securities Owned by the Corporation.**  To the extent permitted by law, unless otherwise provided by the Board of Directors, the President, any Vice President, the Secretary, or the Treasurer of the Corporation is authorized and empowered, on behalf of the Corporation, to attend and vote at any meeting of security holders of any corporation or other entity in which this Corporation holds or owns any shares or other securities and to sign and execute any proxy, waiver, waiver of notice, or consent with respect to, or in lieu of, any such meeting.

-11-

**Section 6.3.  Depositories.** The funds of the Corporation shall be deposited in such account or accounts in such depository or depositories as shall be designated by the Board of Directors or in writing by the Treasurer of the Corporation or any other officer or agent to whom the Board of Directors may have delegated such authority.  Endorsements for deposits to the credit of the Corporation in any such account may be made upon the signature of any officer or agent of the Corporation or by stamp in the name of the Corporation.  Funds shall be withdrawn from any such account only by check, draft, or other order for the payment of money signed or made by the Treasurer of the Corporation or any other person or persons as may be designated form time to time by the Board of Directors or in writing by the Treasurer.  Any certificate or other writing signed by the Treasurer or the Secretary that designates a person or persons to sign such checks, drafts, or orders which is set forth on a depository's standard printed form shall constitute sufficient authorization for such depository to honor and pay any such checks, drafts, or orders.

**Section 6.4.  Shareholders of Record.** The Corporation may deal with and treat the person in whose name any share of the Corporation stands on the record of shareholders as the person exclusively entitled to vote, to receive notices, and otherwise to exercise all the rights and powers of an owner with respect to such share.

## ARTICLE VII

### INDEMNIFICATION

**Section 7.1.  Scope of Indemnification.** The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any action, suit or proceeding, whether civil, criminal, administrative or investigative, including any action by or in the right of the Corporation, by reason of the fact that he or she is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another business, foreign or non-profit corporation, partnership, joint venture or other enterprise, against expenses, including attorneys' fees, judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding, if he acted in good faith and in a manner he reasonably believed to be in, or not opposed to, the best interests of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful.

In case of actions by or in the right of the Corporation, the indemnity shall be limited to expenses, including attorneys' fees and amounts paid in settlement not exceeding, in the judgment of the Board of Directors, the estimated expense of litigating the action to conclusion, actually and reasonably incurred in connection with the defense or settlement of such action and no indemnification shall be made in respect to any claim, issue or matter as to which such person shall have been adjudged by a court of competent jurisdiction, after exhaustion of all appeals therefrom, to be liable for willful or intentional misconduct in the performance of his duty to the Corporation, unless, and only to the extent that the court shall determine upon application that, despite the adjudication of liability but in view of all the circumstances of the case, he is fairly and reasonably entitled to indemnity for such expenses which the court shall deem proper.

The termination of any action, suit or proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent, shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had reasonable cause to believe that his conduct was unlawful.

Section 7.2. Payment of Expenses. To the extent that a director, officer, employee or agent of the Corporation has been successful on the merits or otherwise in defense of any such action, suit or proceeding, or in defense of any claim, issue or matter therein, he shall be indemnified against expenses (including attorney's fees) actually and reasonably incurred by him in connection therewith.

The expenses incurred in defending an action, suit or proceeding may be paid by the Corporation in advance of the final disposition thereof if authorized by the Board of Directors, without regard to whether the participating members thereof are parties to such action, suit, or proceeding, upon receipt of an undertaking by or on behalf of the director, officer, employee or agent to repay such amount if it shall ultimately be determined that he is not entitled to be indemnified by the Corporation as authorized hereunder.

Section 7.3. Determination of Indemnification. Any indemnification under Section 7.1 of this Article VII, unless ordered by the court, shall be made by the Corporation only as authorized in a specific case upon a determination that the applicable standard of conduct has been met. Such determination shall be made (1) by the Board of Directors by a majority vote of

-13-

NOV. 21. 2003  4:47PM    SIMON PERAGINE SMITH                              NO. 5945   P. 25

a quorum consisting of directors who were not parties to such action, suit or proceeding, or (2) if such a quorum is not obtainable and the Board of Directors so directs, by independent legal counsel, or (3) by the Shareholders.

> **Section 7.4. Non-exclusive Right.** The indemnification and advancement expenses provided under this Article VII shall not be deemed exclusive of any other rights to which the person indemnified or obtaining the advancement of expenses is entitled under any bylaw, agreement, authorization of shareholders or directors, regardless of whether directors authorizing such indemnification are beneficiaries thereof, or otherwise, both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his heirs and legal representatives; however, no such other indemnification measure shall permit indemnification of any person for the results of such person's willful or intentional misconduct.

> **Section 7.5. Purchase of Insurance; Other Arrangements.** The Corporation may procure or maintain insurance or other similar arrangement on behalf of any person who is or was a director, officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another business, non-profit or foreign corporation, partnership, joint venture or other enterprise against any liability asserted against or incurred by him in any such capacity, or arising out of his status as such, whether or not the Corporation would have the power to indemnify him against such liability under the Business Corporation Law of Louisiana. Without limiting the power of the Corporation to procure or maintain any other kind of insurance or similar arrangement, the Corporation may create a trust fund or other form of self-insurance arrangement for the benefit of persons indemnified by the Corporation and may procure or maintain such insurance with any insured deemed appropriate by the Board of Directors regardless of whether all or part of the stock or other securities thereof are owned in full or part by the Corporation. In the absence of actual fraud, the judgment of the Board of Directors as to the terms and conditions of such insurance or self-insurance arrangement and the identity of the insurer or any person participating in a self-insurance arrangement shall be conclusive, and such arrangement for insurance shall not be subject to voidability and shall not subject the directors approving such arrangements to liability on any ground, regardless of whether directors participating in approving such insurance arrangements shall be beneficiaries thereof.

NOV. 21. 2003  4:47PM    SIMON PERAGINE SMITH

## ARTICLE VIII

### AMENDMENTS

These Bylaws may be altered, amended, modified, or repealed, in whole or in part, or new Bylaws may be adopted, at any time and from time to time by the Board of Directors, subject to the power of the shareholders to change or repeal these Bylaws.

These Bylaws were adopted by the Board of Directors on the 26th day of June, 2003.

_____
Assistant Secretary

-15-

# EXHIBIT 4(C) TO REQUEST FOR JUDICIAL NOTICE

## ADVERSARY PROCEEDING 20-01022



## UNANIMOUS WRITTEN CONSENT OF
## THE BOARD OF DIRECTORS OF
## LEEWAY PROPERTIES, INC.

The undersigned individuals, constituting the entire Board of Directors of Leeway Properties, Inc., a Louisiana corporation (the "Corporation") hereby unanimously adopt the following resolutions, effective immediately:

RESOLVED, that the following named persons be and hereby are elected to the offices indicated after their names to serve for the ensuing year and until their successors are elected and shall have qualified:

> Susan H. Hoffman - President/Treasurer
> Peter M Hoffman - Vice President/Secretary
> Guy W. Smith - Assistant Secretary

RESOLVED, that the Directors of this Corporation hereby accept the duties incident to their office of managing the affairs of this Corporation and that the Directors hereby relieve and release the incorporator of this Corporation in his capacity as such incorporator, from any duty to perform any other or further managerial or ministerial acts for, in the name of, or on behalf of this Corporation.

RESOLVED, that this Corporation shall maintain a minute book containing this written consent and all subsequent resolutions of the Board of Directors and minutes of meetings of the Board of Directors of this Corporation, and such other documents as the Board of Directors and the shareholders thereof shall from time to time direct.

RESOLVED, that a copy of the Articles of Incorporation of this Corporation, duly certified by the Secretary of State of the State of Louisiana, shall be inserted in the minute book of this Corporation and the contents of said Articles of Incorporation are hereby ratified by the Board of Directors.

RESOLVED, that this Corporation hereby adopts the "GOES 193 1/2" form of share certificate presented at this meeting as the form of certificate that will be used to evidence ownership of shares of the Corporation.

RESOLVED, that the bank whose name appears in the form of a resolution inserted in the Corporation's Minute Book is selected as the depositary of funds of this Corporation and that the terms of that checking account, including the names of the persons authorized to sign checks on behalf of this Corporation, are set forth in said resolution and on said card.

RESOLVED, that a record of such stock certificates issued, transferred or cancelled shall be kept by the Secretary and maintained in the minute books of the Corporation.

RESOLVED, that, in consideration of One Hundred Dollars ($100), all of the shares of stock of the Corporation shall be issued to the following person in the quantities set forth opposite her name:

| Name | No. of Shares |
|---|---|
| Susan H. Hoffman | 1,000 |

RESOLVED, that the Corporation shall enter into an "F" reorganization within the meaning of the Internal Revenue Code of 1986 as amended, with CINEVISIONS, a California corporation, owned by Susan and Peter Hoffman, and by reason of such reorganization, shall receive all of the then-remaining assets of CINEVISIONS, which shall constitute the property described in Exhibit "A" attached hereto, effective as of January 1, 2004, which CINEVISIONS shall have received from Robert Geringer pursuant to the Section 1031 "like-kind" exchange set forth in Exhibit "B."

RESOLVED, that the Corporation shall enter into an agreement with Susan Himmelstein Hoffman effective January 1, 2004 under which Ms. Hoffman shall administer all of the real property assets of the Corporation and pay all expenses associated thereto as an independent agent of the Corporation, and shall retain all income from such property. Ms. Hoffman, pursuant to such agreement, shall retain all income from such property. Ms. Hoffman, pursuant to such agreement, shall be responsible for reimbursing the Corporation for all depreciation or other expenses incurred in connection with such property. The foregoing shall be reflected in an appropriate management and agency agreement to be executed by the officers of the Corporation.

THUS IS DONE AND SIGNED THIS SEVENTH DAY OF JULY, 2003.

_Susan H. Hoffman_, Director

_Peter M. Hoffman_, Director

K:\06540000\095.JFS\CORPORAT\CORPFORM\CURRENT\CONSENT.DIR

Exhibit "A"

1 - Units "D", "E" and "G" of the Miltonberger House - A Condominium (the
"Condominium"), created pursuant to a "Condominium Declaration, Creating and
Establishing Miltonberger House - A Condominium," by act passed before Guy
W. Smith, N.P., on May 9, 2001, filed in the Conveyance Office of Orleans Parish
as CIN 220394 on July 12, 2001 (NA# 2001-30453), as amended by "Act of
Amendment To Condominium Declaration," passed before Guy W. Smith, N.P.,
on August 9, 2001, filed as CIN 222071 on August 10, 2001 (NA# 2001-35723),
together with undivided interests in the Common Elements of the Condominium
of 17.86%, 8.93% and 3.59%, respectively; the Condominium relates to the
following described property:

ONE CERTAIN LOT OR PARCEL OF GROUND, together with
all the buildings and improvements thereon, and all the rights,
ways, privileges, servitudes and advantages thereunto belonging or
in anywise appertaining, situated in the Second District of the City
of New Orleans, in Square  48  thereof, which square is bounded
by Royal, St. Philip, Chartres and Dumaine Streets, designated as
Lot 2 on a survey by Gilbert & Kelly, Surveyors, dated August 24,
1944, recertified as of July 21, 1961, a print of which is attached to
and made part of an act passed before J. D. Dresner, Notary Public,
on July 21, 1961, and according thereto Lot 2 commences 30 feet 2
inches 4 lines from the corner of Dumaine and Royal Streets, and
measures 27 feet 7 inches 2 lines front on Royal Street, the same in
width in the rear, by a depth of 90 feet 1 inch 4 lines; between
equal and parallel lines; together with a common alley of 4 feet 3
inches 2 lines in width for the use of said Lot 2 and Lots 1 and 3,
which adjoin the aforesaid Lot 2; Lot 2 is designated as Lot 23 on
the assessment roll.

Said common alley also appears on a survey by J. A. D'Hemecourt,
Surveyor, dated June 2, 1855, which is annexed to an act before
Adolph Boudousquie, Notary Public, dated June 15, 1855.

The improvements thereon bear municipal number 906 Royal
Street, New Orleans, Louisiana 70116.

Being the same property acquired by Susan Himmelstein Hoffman,
as her separate and paraphernal property,  from Floyd McLamb, by
act passed before Michael E. Winters, N.P., on March 31, 2000 and

filed as CIN 196459 on April 12, 2000.

This property is subject to the following:

    (i)    Covenants, conditions, restrictions, servitudes, liens for assessments, and limitations on title set forth in the Act of Declaration Creating and Establishing a Condominium Regime for the Miltonberger House - A Condominium, executed by Susan Himmelstein Hoffman, dated May 9, 2001, filed as Notarial Archives Instrument #2001-30453, and Conveyance Instrument Number 220394.

    (ii)    Easements, rights of way, servitudes, encroachments, overlaps and other matters which would be shown on a current survey of the property and as shown on the survey made a part of the Condominium Declaration, including, but not limited to, the encroachment of the balcony onto right of way of Royal Street as shown on the survey of Gilbert, Kelly & Couturie, Inc., Surveying & Engineering dated January 11, 2001, annexed to an act at CIN 220394.

and

2 - Units "A", "B", "C", "D", "E" and "H" of The Princess of Monaco - A Condominium (the "Condominium"), created pursuant to a "Condominium Declaration, Creating and Establishing The Princess of Monaco - A Condominium," by an act passed before Guy W. Smith, N.P., on May 29, 2002, filed in the Conveyance Office of Orleans Parish as CIN 238695 on June 21, 2002 (NA# 2002-30820), together with undivided interests in and to the Common Elements of the Condominium of 10.33%, 6.44%, 23.84%, 18.73%, 3.47%, and 14.95%, respectively; the Condominium relates to the following described property:

TWO CERTAIN LOTS OR PARCELS OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Second District of the City of New Orleans, in Square 48 thereof, which square is bounded by Royal, St. Philip, Chartres and Dumaine Streets, designated as Lots 3 and 4 on a survey by Gilbert & Kelly dated June 23, 1953, redated July 13, 1968, and according thereto Lots 3 and 4 adjoin each other and are described as follows:

Lot 3 lies nearer to and commences 57 feet 9 inches 6 lines from

the corner or Royal and Dumaine Streets and measures 27 feet 9 inches 4 lines front on Royal Street, a width in the rear of 27 feet 9 inches 0 lines, by a depth of 94 feet 5 inches 0 lines between equal lines;

Lot 4 adjoins Lot 3, commences 85 feet 7 inches 2 lines from the corner of Royal and Dumaine Streets and measurers 44 feet 9 inches 1 line front on Royal Street, the same in width in the rear, by a depth of 127 feet 10 inches 5 lines between equal and parallel lines;

together with the use of the alley fronting on Dumaine Street common to Lots 1, 2 and 3; the improvements thereon bear municipal numbers 910 Royal Street.

According to surveys by Gilbert Kelly & Couterié dated July 16, 1977, redated November 1, 1978, and S.Z.S. Consultants dated June 3, 1997, the lots are as above described except that the improvements bear municipal numbers 910 and 912 Royal Street.

Being the same property acquired by Susan Lee Himmelstein, wife of/and Peter M. Hoffman from the 910 Royal Street Partnership by cash sale passed before Robert J. Bergeron, N. P., on June 10, 1997, registered in the Conveyance Office of Orleans Parish as CIN 141144 on June 11, 1997 (NA #97-27272)

08/01/06  11:26 FAX                                                      @002

Exhibit "B"

## RELINQUISHED PROPERTY CONTRACT

### ASSIGNMENT AGREEMENT

**THIS RELINQUISHED PROPERTY CONTRACT ASSIGNMENT AGREEMENT** (the "Agreement") is entered into by and between **CINEVISIONS** ("Exchangor") and **ROBERT D. GERINGER** ("Intermediary").

## RECITALS

This Agreement is made with regard to the following facts:

A. Exchangor has entered into an agreement (the "**Purchase Contract**"), in which Exchangor agreed to sell its interest in the real property, located at 9051 Oriole Way, Los Angeles, California and legally described as set forth in Exhibit "A," attached to and **made a part of this Agreement by this reference (the "Relinquished Property").**

B. Exchangor and Intermediary wish to assign Exchangor's right to receive the proceeds of the sale of the Relinquished Property to Intermediary, so that Exchangor can complete its obligation to convey the Relinquished Property to Buyer in connection with a tax deferred exchange of property.

## AGREEMENT

**NOW, THEREFORE,** on the basis of the foregoing recitals, and in consideration of the covenants, conditions, and representations set forth herein, the parties hereto agree as follows:

1. <u>Assignment.</u> Exchangor transfers and assigns to Intermediary all of Exchangor's right, title, and interest in the proceeds generated by the transfer of the Relinquished Property. Intermediary accepts that assignment and assumes Exchangor's obligation to convey the Relinquished Property under the Purchase Contract.

2. <u>Transfer of Deposits.</u> When this Agreement becomes effective, Exchangor shall advise any escrow holder holding funds on deposit on account of the Purchase Contract of the foregoing assignment.



08/01/06  11:27 FAX                                                    ☒003

3. **Effectiveness of Agreement.** This Agreement becomes effective when it is signed and dated by the parties. This Agreement shall be null and void, however, if the Buyer or its assignee does not acquire title to the Relinquished Property by means of the escrow contemplated by the Purchase Contract, which the parties reasonably expect will be on or before July 15, 2003.

Date:   7-2-03                          Exchangor

Date:   2-2-03                          Intermediary