UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 19-12337 |
| | * | |
| ROYAL ALICE PROPERTIES, LLC | * | SECTION "A" |
| | * | |
| Debtor | * | CHAPTER 11 |
| *************** ******************** | | |
| ARROWHEAD CAPITAL FINANCE, LTD.,* | | |
| Plaintiff | * | Adv. Proc. No. 20-01022 |
| v. | * | |
| ROYAL ALICE PROPERTIES, LLC, | * | Scheduled Hearing Date |
| Defendant | * | May 13, 2020 at 2:00 p.m. |

**OBJECTIONS OF PLAINTIFF ARROWHEAD CAPITAL FINANCE, LTD. TO DEFENDANT ROYAL ALICE PROPERITES, LLC'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff Arrowhead Capital Finance, Ltd. ("Arrowhead") submits these Objections to the improper Request for Judicial Notice of Defendant Debtor Royal Alice Properties, LLC ("Debtor" or "Royal Alice") [ECF Doc. No. 12 *et seq.*].

Debtor's Request cites Federal Rule of Evidence 201(b)(2) and case law for the unremarkable proposition that the Court may take judicial notice of "official published records" of other courts when these records are placed on file. However, Debtor then proceeds to ignore that proposition by requesting judicial notice of multiple documents which are not part of any "official published record".

Most of the documents for which Debtor seeks judicial notice were never recorded or made part of any "official published record"; are not referred in nor central to Arrowhead's Complaint; but rather would encourage a weighing of factual evidence that is impermissible on a motion to dismiss; and instead would turn a motion to dismiss into a summary judgment motion. *See In re Immune Response Securities Litigation*, 375

1

F.Supp. 2d 983, 995 (S.D. Cal. 2005) so denying defendants' request for judicial notice of documents which were not central to or form the basis of, and were not referred to extensively nor necessarily relied on in, plaintiff's claims, citing *U.S. v. Ritchie*, 342 F.3d 903, 908-9 (9th Cir. 2003).

Arrowhead sets forth its specific objection to Debtor's Request for Judicial Notice below:

(i). Debtor Exhibit 1. Debtor Exhibit 1 consists of (A) a July 15, 2013 letter from Peter Hoffman to Susan Hoffman and (B) the July 16, 2007 Notice of Entry of Judgment Judgement of Legal Separation entered by the Supreme Court of the State of California for the County of Los Angeles.

*Arrowhead Objections to Debtor Exhibit 1*:

Exhibit 1(A) is a letter, not an official record; addresses a disputed fact; and is not a document as to which judicial notice may be taken. *See Southmark Prime Plus, LP v. Falzone*, 776 F.Supp. 888, 893 (D. Del. 1991) (in ruling on defendant's motion to dismiss, the court denied defendant's request for judicial notice of a letter).

Exhibit 1(B) (the Judgment of Legal Separation) was not recorded with the Clerk of Orleans Parish, Louisiana; thus under Louisiana's "public records doctrine" is not admissible to show any transfer of real or immovable property; and therefore is irrelevant. See La. Civil Code Art. 3338; *Camel v. Waller*, 526 So. 2d 1088 (La. Sup. 1988). Judicial notice should not be taken of an irrelevant document, particularly where (as here) the irrelevant document is not referenced in or central to the Complaint.

(ii) Debtor Exhibit 3. Exhibit 3 is an unsigned Loan Workout Agreement between none of the parties to the pending Adversary Action.

*Arrowhead Objection to Debtor Exhibit 3*:

2

Exhibit 3 is not a signed Agreement; is subject to reasonable dispute; in any case is not referred in or central to the Complaint; and thus judicial notice may not be taken.

 (iii). <u>Debtor Exhibit 4</u>. Debtor Exhibit 4 is comprised of (A) Articles of Incorporation of Leeway Properties Inc. (Leeway) dated June 26, 2003, (B) By-Laws of Leeway dated June 26, 2003 and (C) a Unanimous Written Consent of Leeway Board of Directors dated July 7, 2013.

*Arrowhead Objection to Debtor Exhibit 4(B) and (C).*

Arrowhead does not object to judicial notice of the Articles of Incorporation of Leeway as filed with the Secretary of State of Louisiana.

But, Arrowhead does object to judicial notice of Leeway's Bylaws and the Unanimous Written Consent as they are not official recorded documents; have not been authenticated; are not referenced in or central to the Complaint; and are not documents as to which judicial notice may be taken.

Moreover, Debtor's citation of *Sisson v. Univ. of Texas High School*, 927 F.3d 343, 348, n.2 (5th Cir. 2019) is easily distinguishable as the minutes admitted therein were official minutes of a governmental agency (the Teas State Board of Education) and not a private company.

 (iv) <u>Debtor Exhibit 5</u>. Debtor Exhibit 5 is (A) an unsigned purported 2018 Federal joint tax return of Peter and Susan Hoffman (redacted social security numbers) and (B) an unsigned purported 2017 Federal tax return of Seven Arts Entertainment Inc. ("SAE").

*Arrowhead Objection to Debtor Exhibit 5.*

Arrowhead objects to judicial notice of the Hoffman and SAE tax returns as they are not signed; are not official recorded documents (there being no indication that those tax returns were actually filed with the Department of the Treasury in the form attached as Exhibit 5); and in any event are not referenced in or central to the Complaint. *See In*

*re Armorflite Precision, Inc.*, 48 B.R. 994, 997 (D. Me. 1985), so declining to take judicial notice of financial statements.

    (v) <u>Debtor Exhibit 6</u>. Debtor Exhibit 6 is comprised of (A) Loan Agreement dated July 31, 2013 among Debtor, Susan Hoffman and AMAG, Inc. and (B) the Note of the same date by Debtor and Mrs. Hoffman in favor of AMAG.

*<u>Arrowhead Objection to Debtor Exhibit 6</u>*.

None of the documents in Debtor Exhibit 6 is an official recorded document and so judicial notice cannot be taken.

Furthermore, judicial notice also cannot be taken because none of the documents is referenced in or central to the Complaint and none of them is relevant. Rather, each of those Exhibit 6 documents were purportedly made (if at all):

(i) after the Arrowhead Note and Master Agreement dated as of December 2006 pursuant to which the Seven Arts Companies agreed (for themselves and their successors) to deposit in the designated Collection Account at Chase Manhattan Bank, New York and "hold in trust for as the sole and exclusive property of Arrowhead" the proceeds of the Pictures and other Collateral (as set forth in the Master Agreement [Complaint Ex. 3 [Master Agreement §5.1]; and

(ii) after Arrowhead had already commenced its New York State Action on May 5, 2010 against Seven Arts Companies entitled *Arrowhead Capital Finance, Ltd. v. Seven Arts Pictures PLC*, Index No. 601199/2010 to enforce the Arrowhead Note and Master Agreement [Complaint ¶26].

    (vi) <u>Debtor Exhibit 7</u>. Debtor Exhibit 7 is comprised of (A) the Articles of Organization of Debtor dated November 21, 2011 and (B) the purported Operating Agreement of Debtor dated as of November 22, 2011.

*<u>Arrowhead Objection to Debtor Exhibit 7(B)</u>*.

Arrowhead does not object to judicial notice of Exhibit 7(A) Debtor's "Articles of Organization" of Debtor as it is a recorded document filed with and bearing the seal of the Louisiana Secretary of State.

However, Arrowhead does object to judicial notice of the purported Operating Agreement of Debtor as it is not a recorded or an official document; Arrowhead does not know whether it is authentic; and Arrowhead cannot tell whether, when, or the extent to which it has been amended, supplemented or otherwise superseded in whole or in part.

WHEREFORE, Arrowhead objects to and requests judicial notice be DENIED of the documents which Defendant Debtor has marked as Exhibits 1(A), 3, 4(B), 4(C), 5, 6 and 7(B).

Respectfully submitted,

/s/Barry L. Goldin              and     PEIFFER WOLF CARR & KANE
BARRY L. GOLDIN, ESQ.                   BY:  /s/Daniel J. Carr
3744 Barrington Drive                   1519 Robert C. Blakes, Sr. Drive, 1st Floor
Allentown, PA 18104-1759                New Orleans, Louisiana 70130
Telephone: (610) 336-6680               Telephone: (504) 586-5270
Fax: (610) 336-6678                     Fax: (504) 523-2464
Email: barrygoldin@earthlink.net        Email: dcarr@pwcklegal.com
*Attorneys for Arrowhead Capital Finance, Ltd.*

ARR000428.2OBJRNOTICE