UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 19-12337 |
| | * | |
| ROYAL ALICE PROPERTIES, LLC | * | SECTION "A" |
| | * | |
| Debtor | * | CHAPTER 11 |
| *************** ******************** | | |
| ARROWHEAD CAPITAL FINANCE, LTD.,* | | |
| Plaintiff | * | Adv. Proc. No. 20-01022 |
| v. | * | |
| ROYAL ALICE PROPERTIES, LLC, | * | Scheduled Hearing Date |
| Defendant | * | Adjourned to June 10, 2020 at 2:00 p.m. |

**OBJECTIONS OF PLAINTIFF ARROWHEAD CAPITAL FINANCE, LTD. TO UNSUPPORTED AND FALSE PURPORTED "FACT" STATEMENTS IN DEBTOR ROYAL ALICE PROPERTIES, LLC'S REPLY MEMORANDUM**

Plaintiff Arrowhead Capital Finance, Ltd. ("Arrowhead") submits these Objections to unsupported, false and improper assertions of purported "facts" in the Reply Memorandum of Defendant Debtor Royal Alice Properties, LLC ("Debtor" or "Royal Alice") [ECF Doc. No. 22] and requests those assertions (and any arguments and conclusions based thereon) be disregarded and stricken.

A defendant/debtor's motion to dismiss (and thus its Reply Memorandum for its "Motion to Dismiss") is not permitted to assert facts outside of pleadings (the Complaint and exhibits thereto) and documents of which the Court may take judicial notice. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Purported factual assertions cited by defendant/debtor are required to be supported by clear reference to competent evidence supporting the assertion. *See for instance Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992). Nonetheless, Debtor Royal Alice's 11-page Reply Memorandum [in support of its Motion to Dismiss]

1

is filled with unsupported and false assertions of purported "facts", without citation to any competent evidence in the record, and so not properly before or cognizable by the Court.

Defendant Debtor's unsupported, false and improper assertions which should be so disregarded and stricken include the following:

(A) <u>Debtor's False Assertion</u>: "Arrowhead's Opposition concedes that all its claims for alleged revocatory or fraudulent transfers of money or property from its judgment debtors SAE [Seven Arts Entertainment, Inc.] and SAFELA [Seven Arts Filmed Entertainment Louisiana LLC] to Debtor or in connection with Real Property Assets are prescribed under Louisiana law." [Debtor Reply Memo at p.1]

*Arrowhead Objection*: Arrowhead's Opposition does not make, and thus Debtor cannot and does not point to any place in Arrowhead's Opposition at which Arrowhead makes, any such "concession".

(B) <u>Debtor's False Assertion</u>: "The Arrowhead Judgment itself only holds [Complaint Ex. 2B] that SAE and SAFELA liable on the original New York judgment by reason of a "de facto" merger (even though that claim was not even alleged) but refused to grant relief on the passel of other claims, including 'embezzlement' raised by Arrowhead in its New York Complaint [Supp RJN Ex. 8]." [Debtor Reply Memo at p.2]

*Arrowhead Objection.* The District Court decision granted Arrowhead summary judgment against defendant SAE, after having found Arrowhead sufficiently pleaded, and the evidence confirmed application of, the *de facto* merger doctrine against SAE [*see Arrowhead Capital Finance, Ltd. v. Seven Arts Entertainment, Inc.*, 2016 WL 4991623 at \*10-15]. Subsequently in light of continuing disobedience of obligations and court orders to produce bank statements and other discovery, the District Court struck the Answer of defendant SAFELA; granted Arrowhead judgment against SAFELA; and held SAE, SAFELA and their principal Peter Hoffman in contempt [2017 WL 1787819 at \*4-9]. Those district court adjudications were affirmed by the Second Circuit Court of

Appeals, 739 Fed. Appx. 701 (2018). Defendants SAE and SAFELA and Peter Hoffman never paid any of the Court-ordered sanctions nor purged their contempt [ECF Doc. No. 3 (Arrowhead Complaint ¶40)].

Contrary to Debtor's false assertion, the District Court did not "refuse" to grant Arrowhead relief on Arrowhead's other claims. Rather, the District Court's Judgment explicitly confirmed Arrowhead's "valid, first priority and superior security interests in the Collateral" and Arrowhead's continuing entitlement to "enforce all Arrowhead's rights and remedies with respect to the Collateral"; further confirmed Arrowhead's right to seek, obtain and enforce discovery, accountings and other post-judgment relief; and also confirmed Arrowhead's right to "seek, obtain and enforce … other or further claims against or relief from any other persons or entities". See that Judgment [Complaint ¶44 and Ex. 2B at pp. 3-4] which states as follows:

> ORDERED, ADJUDGED AND DECREED that Judgment is entered for plaintiff Arrowhead… **Arrowhead has valid, first priority, and superior Copyright Mortgages and security interests in the Collateral (as defined in the Master Agreement); and Arrowhead is entitled to enforce … all Arrowhead's rights and remedies with respect to the Collateral** (whether under the Arrowhead Note, Master Agreement, Financing and Security Agreements, related agreements, June 12, 2012 Decision, October 2012 [State Court] Judgment, or otherwise); …and it is further
>
> ORDERED, ADJUDGED, AND DECREED, that all other causes of action (namely the Third and through the Eighth Causes of Action) in Arrowhead's First Amended Complaint are deemed abandoned, **without prejudice to Arrowhead's right to seek, obtain and enforce (i) post-judgment relief (including without limitation discovery, accounting, garnishment, attachment, turnover orders, or otherwise) under or with respect to this Judgment and any other orders and adjudications obtained or collateral securing and other rights for payment and satisfaction of obligations owing to Arrowhead, and/or (ii) other or further claims against or relief from any other persons or entities."** [emphasis added][1]

---

[1] Similarly, the affirming decision of the Second Circuit Court of Appeals observed, 739 Fed. Appx. 701, 704 (2018) that, under the District Court judgment, causes of action

3

(C) <u>Debtor's False Assertion</u>: "Neither Debtor, SAE (a California company), the senior lender (a UK company), payor of the funds (to PLC's UK bank account) or the Real Property Assets have any contacts with New York" [Debtor Reply Memo at p.5].

*Arrowhead Objection*: Debtor does not cite any evidence in the record as to purported "facts" Debtor so asserts. Rather, the Arrowhead Note and Master Agreement explicitly chose New York law [Complaint ¶¶20-22, Ex.s 2B & 3]; the funds were required to be paid into and held in a designated account at Chase Manhattan Bank, New York, [Complaint ¶24, Ex. 3 §5.1 (first sentence)]; the senior lender was not a UK company [Complaint Ex. 3]; and the Real Property Assets were benefited by payment of funds embezzled from that NY Collection Account (including without limitation more than $2 million diverted to Debtor's predecessor Leeway), as those funds were used to pay utility, real estate and other taxes, insurance, mortgage payments and other expenses and amounts for the Real Estate Properties [Complaint ¶¶55-65, Ex.s 13A through 20].

(D) <u>Debtor's False Assertion</u>: "The Second Circuit does not mention that the transfer of assets to SAE (nothing was ever transferred to SAFELA) occurred in June 2010, one month after the state suit was filed, and the Original Judgment in the state suit was entered on September 2012, long after the transfer to SAE was publicly announced."

*Arrowhead Objection*. Debtor does not cite any evidence in the record to support the purported facts so asserted. The Original Judgment in the state suit was entered in October (not September) 2012 [Complaint Ex. 2B]. The District Court's 2016 opinion observed that SAE thereafter transferred at least "one portion of its business to SAFELA" [2016 WL 4991623 at *15]; its 2017 decision further referred to the Multi-Picture Distribution Agreement between SAE and SAFELA pursuant to which SAE purported to so transfer film distribution rights to SAFELA [2017 WL 1787819 at *3].

---

three through eight were abandoned "without prejudice … as to Arrowhead's claims for post-judgment relief and its claims against other persons or entities."

4

(E) <u>Debtor's False Assertion</u>: "Here, none of Debtor, Mrs. Hoffman or even SAE have any contacts at all with New York. While SAE was held bound by the choice of law clause in the loan documents for the three Pictures in the New York actions, the money it collected was in the UK and California. Nothing ever touched New York ..." [Debtor Reply Memo at p. 5]

*Arrowhead Objection*. Debtor does not cite any evidence in the record to support any of the purported facts so asserted. But, Debtor's assertion does admit that none of the money required to be deposited in the New York Collection Account "in trust for and as the sole and exclusive property of" Arrowhead (the "NY Trust Funds") was so deposited, and that the NY Trust Funds were instead transferred elsewhere – thereby admitting and confirming the embezzlement of and fraud with respect to the NY Trust Funds described in Arrowhead's Complaint (¶¶45-48) and in Arrowhead's Opposition Memorandum to Debtor's Motion to Dismiss.

(F) <u>Debtor's False Assertion</u>: Leeway ceased business "prior to February 2011" [Debtor Reply Memo at p. 7]

*Arrowhead Objection*: Debtor does not cite any evidence in the record as to the date Leeway ceased business. However, Judge Knowles found that Leeway transferred "all" its assets to Debtor, and so became "nothing more than an empty shell", in November (not prior to February) 2011 [Complaint ¶69, Ex. 22 at pp. 2-3].

(G) <u>Debtor's False Assertion</u>: "whatever claims Arrowhead had regarding any SBE or "alter ego" among Leeway, Debtor, Mr. Hoffman and Mrs. Hoffman were available to it and by its own allegation known to its counsel on October 7, 2014 when that action that led to the Arrowhead Judgment was filed." [Debtor Reply Memo at p.7].

*Arrowhead Objection*: Debtor does not cite any evidence in the record as to any of those assertions. Rather, as alleged in Arrowhead's Complaint, the Hoffman's and their affiliates had refused to answer Arrowhead's prior discovery requests for accountings or other documents or information as to the monies collected and required to be deposited in

the NY Collection Account [Complaint ¶28, Ex. 4 (Response to Production Request No.s 23, 25 & 27)]; they continued throughout that litigation to withhold and conceal the bank statements and other documents and information as to the monies collected and required to be deposited into and held in the NY Collection Account; and they were therefore held in contempt as described in Judge Failla's 2017 decision, but never paid the court-ordered sanctions nor purged their contempt [Complaint ¶¶36, 40].

Moreover, Arrowhead could not have known that those funds were transferred to any bank account for Debtor, as the Hoffman's and Debtor admitted at Debtor's 341 hearing that Debtor never had any bank account, books or records, financial statement, or employee of its own [Complaint ¶71-72 citing ECF Doc. 109-9 (Tr. at 8, 13, 16-17, 59-61)].

Indeed, through the current date the Hoffman's and their affiliates have not delivered any accounting as to, but rather have continued to refuse to answer discovery for, the NY Trust Funds which were required to be (but were not) deposited into the NY Collection Account and their disbursement of those funds [Complaint ¶¶45, 49, 80-87, Ex.s 23A-23H]. See also Judge Failla's April 20, 2020 endorsed Order filed as Exhibit 1 to Arrowhead's Request for Judicial Notice requiring SAE and SAFELA to answer Arrowhead's discovery requests (including discovery requests as to transfer to and for Debtor's predecessor Leeway, Debtor and the Royal Street Properties of NY Trust Funds) [ECF Doc. No. 17; see also Complaint ¶83, Ex.s 23A & 23B].

(H) <u>Debtor's False Assertion</u>: "Arrowhead had previously made all these same types of claims ['embezzlement', 'accounting', 'fraudulent concealment', and 'fraudulent transfer'] against PLC, SAE and SAFELA both in the original state court action and in the second Federal action, yet obtained no relief on these claims in any judgment as is clear from the Original Judgment and the Arrowhead Judgment [Complaint Ex. 2A] itself

6

which merely holds SAE and SAFELA liable under the Original Judgment." [Debtor Reply Memo at pp. 7-8]

*Arrowhead Objection.* Debtor does not cite any such evidence as to the original state court action. With respect to the Federal action, Debtor's assertions are belied by the terms of the District Court's Judgment (cited *verbatim* in Arrowhead's response in item B above) which explicitly confirmed Arrowhead's "valid, first priority and superior security interests in the Collateral" and Arrowhead's continuing entitlement to "enforce all Arrowhead's rights and remedies with respect to the Collateral"; further confirmed Arrowhead's right to seek, obtain and enforce "discovery", "accountings" and other post-judgment relief; and also confirmed Arrowhead's right to "seek, obtain and enforce … other or further claims against or relief from any other persons or entities". [See also Arrowhead's Complaint Ex. 2B].

(I) <u>Debtor's False Assertion</u>: The "Arrowhead Judgment dismissed *sub silencio* Arrowhead's Third through Eighth Causes of Action, alleging the same defalcations now alleged against Debtor, presumably because it acknowledged all such claims were barred by claim preclusion." [Debtor Reply Memo at p.8].

*Arrowhead Objection*: Debtor does not cite any evidence in the record as to any of the purported facts so asserted. The Judgment never "acknowledged that Arrowhead's claims were barred by claim preclusion." Rather, the District Court's Judgment explicitly confirmed Arrowhead's "valid, first priority and superior security interests in the Collateral" and Arrowhead's continuing entitlement to "enforce all Arrowhead's rights and remedies with respect to the Collateral"; further confirmed Arrowhead's right to seek, obtain and enforce discovery, accountings and other post-judgment relief; and also confirmed Arrowhead's right to "seek, obtain and enforce … other or further claims against or relief from any other persons or entities". [The pertinent text of that Judgment

7

is set forth in Arrowhead's Response to Item B above. See also Arrowhead's Complaint Ex. 2B].

(J) <u>Debtor's False Assertion</u>: "The District Court thus entered a monetary judgment based on the allegations of those two declaratory relief causes of action [against defendants SAE and SAFELA] and nothing else." [Debtor Reply Memo at p. 8]

*Arrowhead Objection*: Debtor does not cite any evidence in the record as to any of the purported facts so asserted. Rather, Debtor's assertions are belied by the District Court Judgment cited in Arrowhead's Response to Item B above -- including that Judgment's confirmation of Arrowhead's "valid, first priority and superior security interests in the Collateral" and that the Judgment was "without prejudice" to Arrowhead's "right to seek, obtain and enforce (i) post-judgment relief … and/or (ii) other or further claims against or relief from any other persons or entities". [See the text of that Judgment in Arrowhead's Response to Item B above; see also Arrowhead's Complaint Ex. 2B].

(K) <u>Debtor's False Assertion</u>: "Obviously, Debtor and Mrs. Hoffman's Real Estate in New Orleans and SAE's film production business have nothing in common, were not managed together …" [Debtor Reply Memo at p.9].

*Arrowhead Objection*: Arrowhead's Complaint clearly alleges facts showing the Real Property has been and is owned, controlled and managed directly and indirectly by Peter Hoffman using the Los Angeles office, staff, administrative services, fund transfers through and other resources of, and sharing mailing addresses and other facilities with, Seven Arts Companies. See for instance Complaint ¶¶51-87, 90 & 94 and Exhibits 13A through 20 (including insurance documents arranged by Seven Arts Companies, signed by Peter Hoffman, and reflecting his ownership of Real Estate Properties).[2]

---

[2] See also the transcript of Debtor's 341 proceedings, at which Peter Hoffman testified for Debtor, including (among other things) his testimony that he is "the authorized representative to deal with all the matters related to the financing of the properties in this

8

(L) <u>Debtor's False Assertion</u>: "Mrs. Hoffman's and Debtor's Real Property Assets are theirs alone, managed by her in New Orleans and not managed by Mr. Hoffman in Los Angeles. … Arrowhead doesn't even allege any facts contradicting such clearly evident facts." [Debtor Reply Memo at p.9].

*Arrowhead Objection*: Arrowhead's Complaint clearly alleges facts showing that the Real Property has been and is owned, controlled and managed directly and indirectly by Peter Hoffman using the Los Angeles office, staff, administrative services, fund transfers through and other resources of, and sharing mailing addresses and other facilities with, Seven Arts Companies. See for instance Response to Item K above, Complaint ¶¶51-87, 90 & 94, Exhibits 13A through 20, and fn. 2 above.

(M) <u>Debtor's False Assertion</u>: "Arrowhead does not allege which exact funds were 'embezzled' or where the 'embezzlement' took place or where such 'embezzlement' occurred. [Debtor Reply Memo at p. 10].

*Arrowhead Objection*: As described in Arrowhead's Complaint, the "embezzlement" was of the NY Trust Funds – proceeds collected with respect to the Pictures and other Collateral which, pursuant to Master Agreement [Complaint ¶¶23-24, Ex. 3 §5.1 (last sentence)], were required to be deposited in the designated Collection Account at Chase Manhattan Bank, New York, and "held in trust for and as the sole and exclusive property of" and remitted to Arrowhead [Complaint ¶¶35-37, 45-49].

WHEREFORE, Arrowhead objects to the above-described unsupported and improper purported assertions of fact in Debtor's improvident Reply Memorandum and requests those assertions (and any arguments and conclusions based thereon) be disregarded and stricken.

---

proceeding"; that he prepared all of the bankruptcy documents for Debtor with counsel; that he verified the accuracy of the Schedules and Statements that were filed; that he has "knowledge of the Debtor's financial affairs"; and that he has "authority to act on behalf of the business and testify in the [341] proceeding" [Debtor bankruptcy Case No. 19-12337, ECF Doc. No. 109-9 at pp. 2-4].

9

Respectfully submitted,

/s/Barry L. Goldin and PEIFFER WOLF CARR & KANE
BARRY L. GOLDIN, ESQ. BY: /s/Daniel J. Carr
3744 Barrington Drive 1519 Robert C. Blakes, Sr. Drive, 1st Floor
Allentown, PA 18104-1759 New Orleans, Louisiana 70130
Telephone: (610) 336-6680 Telephone: (504) 586-5270
Fax: (610) 336-6678 Fax: (504) 523-2464
Email: barrygoldin@earthlink.net Email: dcarr@pwcklegal.com
*Attorneys for Plaintiff Arrowhead Capital Finance, Ltd.*

ARR000513.3OBJRAPREPLY