**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: § | | CASE NO: 19-12337 |
| § | | |
| ROYAL ALICE PROPERTIES, LLC, § | | CHAPTER 11 |
| § | | |
| DEBTOR. § | | SECTION A |
| § | | |
| ARROWHEAD CAPITAL FINANCE, LTD, § | | |
| § | | |
| PLAINTIFF, § | | |
| § | | ADV. NO. 20-1022 |
| V. § | | |
| § | | |
| ROYAL ALICE PROPERTIES, LLC, § | | |
| § | | |
| DEFENDANT. § | | |

**ORDER & REASONS**

Before the Court is Susan Hoffman's *Motion for Intervention in Adversary Proceedings*, (the "Motion To Intervene"), [ECF Doc. 57], in which Susan Hoffman ("Hoffman"), the sole member of the Debtor, seeks to intervene in the above-captioned adversary proceeding under Federal Rule of Civil Procedure 24. Arrowhead Capital Finance, Ltd. ("Arrowhead") opposes Hoffman's intervention (the "Opposition"), asserting that Hoffman has not complied with all of Rule 24's requirements. [ECF Doc. 60]. Hoffman submitted a reply brief (the "Reply") in further support of her Motion To Intervene. [ECF Doc. 64-1].

This Court heard oral argument on the matter on December 2, 2020, and took the matter under submission. [ECF Doc. 68]. For the foregoing reasons, the Court exercises its discretion to GRANT the relief sought by Hoffman and will allow her to intervene pursuant to Rule 24(b), made applicable here by Rule 7024 of the Federal Rules of Bankruptcy Procedure.

## PROCEDURAL HISTORY

The Debtor filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code on August 29, 2019. [No. 19-12337, ECF Doc. 1]. The Debtor's only assets consist of three real estate properties in the French Quarter neighborhood in New Orleans, Louisiana: (a) 900–902 Royal Street; (b) 906 Royal Street, Unit E; and (c) 910–912 Royal Street, Unit C. [No. 19-12337, ECF Doc. 2]. Only two creditors filed proofs of claim against the Debtor's estate. One of those creditors, Arrowhead, filed a proof of claim for $1 million and also initiated the above-captioned adversary proceeding, alleging in both that the Debtor is liable under alter-ego and/or single-business-enterprise theories, among others, for the unsatisfied obligations of several non-debtor affiliates of the Debtor against which Arrowhead has obtained money judgments (the "Arrowhead Adversary"). On August 28, 2020, this Court granted in part and denied in part the Debtor's motion to dismiss the claims alleged in the Arrowhead Adversary. [ECF Doc. 55].[1]

On September 4, 2020, after a multi-day evidentiary hearing, this Court granted the requests of the United States Trustee ("UST") and Arrowhead, [No. 19-12337, ECF Docs. 136, 142 & 201], and appointed a chapter 11 trustee to oversee the Debtor's case pursuant to 11 U.S.C. § 1104, [No. 19-12337, ECF Doc. 308]. The Debtor moved for reconsideration of the Court's Order appointing a chapter 11 trustee, requesting in part that the Court authorize Hoffman to continue the defense of the Arrowhead Adversary on behalf of the Debtor through existing counsel.

---

[1] The other creditor that filed a proof of claim is AMAG, Inc. ("AMAG"). AMAG asserted a secured claim against the Debtor's estate in the amount of $4,623,618.26, exclusive of post-petition interest, fees, and costs. On September 23, 2019, the Debtor initiated an adversary proceeding against AMAG, challenging the validity, extent, and priority of AMAG's lien on the Debtor's property. *See Royal Alice Props., LLC v. AMAG, Inc.*, Adv. No. 19-01133 (Bankr. E.D. La. filed Sept. 23, 2019). The Court granted AMAG's motion for summary judgment on November 25, 2020, thereby dismissing the Debtor's Complaint. [Adv. No. 19-01133, ECF Docs. 113 & 114]. The Debtor has appealed that ruling. [Adv. No. 19-01133, ECF Doc. 120].

[No. 19-12337, ECF Doc. 310]. Hoffman expressed concern that the trustee "will not aggressively . . . defend" the Arrowhead Adversary. [No. 19-12337, ECF Doc. 310, at 4].[2] In denying the motion for reconsideration, this Court observed that it believed that, as a fiduciary of the estate, the chapter 11 trustee would vigorously defend the estate against the claims alleged in the Arrowhead Adversary, but advised that Hoffman could file a request for intervention in that adversary proceeding. [No. 19-12337, ECF Doc. 322, at 5–6].

Per the Court's directive to appoint a chapter 11 trustee in this case, the UST filed an application and notice to appoint Dwayne M. Murray to serve as the chapter 11 trustee, [No. 19-12337, ECF Doc. 316], which this Court granted on September 18, 2020, [No. 19-12337, ECF Doc. 325].

## DISCUSSION

### A. Compliance with Rule 24(c)

As an initial matter, Arrowhead objects to the Motion To Intervene, asserting that Hoffman has not complied with Rule 24(c)'s requirement to attach "a pleading setting forth the claim or defense for which intervention is sought." Opposition, at 15 (quoting FED. R. CIV. P. 24(c)). But "[t]he Fifth Circuit has permitted intervention even in the absence of a motion to intervene, citing Federal Rule of Civil Procedure 8(e)(1) ('[n]o technical forms of pleadings or motions are required') and Rule 8(f) ('[a]ll pleadings shall be so construed as to do substantial justice')." *Liberty Surplus Ins. Cos. v. Slick Willies of Am., Inc.*, No. 07-0706, 2007 WL 2330294, at *1 (S.D. Tex. Aug. 15, 2007) (citing *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1074 (5th Cir. 1980)); *see also Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005); *Hill v. Day (In re Today's Destiny, Inc.)*, No. 06-3285, 2007 WL 2028111, at *4 (Bankr. S.D. Tex. July 6,

---

[2] Both the UST and Arrowhead opposed the Debtor's motion to reconsider. [ECF Docs. 318 & 320].

2007). In those cases, courts excused a proposed intervenor's technical non-compliance with the requirement to attach a pleading when the intervenor "put the parties on notice of his grounds for intervention." *Liberty Surplus Ins. Cos.*, 2007 WL 2330294, at *2; *see also In re Today's Destiny, Inc.*, 2007 WL 2028111, at *4 (finding that strict compliance with Rule 24(c) was not fatal where "the parties objecting to the interventions clearly had notice of the intervening parties' intent and had notice that the parties were planning on adopting some of the causes of action asserted in the Trustee's Second Amended Complaint").

In September 2020, Hoffman, on behalf of the Debtor, moved for reconsideration of this Court's decision to appoint a chapter 11 trustee, requesting in part to allow the Hoffman and her counsel to maintain control over the defense of the Arrowhead Adversary. [No. 19-12337, ECF Doc. 310, at 3–4]. Hoffman attached to that motion for reconsideration a proposed motion for summary judgment to be filed in the Arrowhead Adversary. [No. 19-12337, ECF Doc. 310-1]. That pleading identifies Hoffman's position in the Arrowhead Adversary and the defenses that Hoffman would raise if allowed to intervene. Therefore, the Court finds that Arrowhead has been put on notice of Hoffman's intent as an intervenor and finds that her failure to comply strictly with Rule 24(c) is not a bar to her requested intervention in the Arrowhead Adversary.[3]

---

[3] The cases from this Circuit cited by Arrowhead do not support its assertion that non-compliance with Rule 24(c) is a procedural non-starter for any request to intervene. In *Pin v. Texaco, Inc.*, the Fifth Circuit affirmed a denial of a motion to intervene, not because the intervenor failed to attach a pleading, but because the trial court found that the attached pleading failed to state a substantive claim. 793 F.2d 1448, 1450 (5th Cir. 1986). In *In re SBMC Healthcare, LLC*, the would-be intervenor not only failed to attach a proposed complaint, but also gave no indication in its motion or elsewhere the nature or substance of its claims or defenses should it be allowed to intervene; therefore, the court could not assess whether Rule 24 intervention was allowed as a matter of right or permissible. 519 B.R. 172, 185 (Bankr. S.D. Tex. 2014). The same dilemma presented itself in *Chaucer Corporate Capital, No. 2 Limited v. Azad*, No. 10-180, 2011 WL 13249479 (S.D. Tex. Sept. 8, 2011). The *Chaucer* court recognized that the Fifth Circuit favors "a permissive interpretation of Rule 24(c)," and, for that reason, also understood that "the rule's requirements typically are excused where the motion to intervene sufficiently does put the parties on notice of [the intervenor's] grounds for intervention, and the party challenging intervention did not contend that it would be prejudiced by the intervention." *Id.* at *1 (internal quotations and citations omitted). But in that case, "the Purported Intervenors . . . failed in their motion to state a claim upon which they propose to

4

### B. Hoffman Does Not Have a Statutory Right To Intervene

Rule 24, made applicable to bankruptcy proceedings by Rule 7024 of the Federal Rules of Bankruptcy Procedure, governs intervention. Upon timely motion,[4] Rule 24(a) permits anyone to intervene in a lawsuit who "is given an unconditional right to intervene by a federal statute." FED. R. CIV. P. 24(a)(1). It is true that some courts allow parties in interest to intervene in adversary proceedings upon request, solely as a consequence of their rights as a party in interest under § 1109(b) of the Bankruptcy Code. *See, e.g.*, *Assured Guaranty Corp. v. The Fin. Oversight & Mgmt. Bd. for Puerto Rico (In re Fin. Oversight & Mgmt. Bd for Puerto Rico)*, 872 F.3d 57 (1st Cir. 2017); *Term Loan Holder Comm. v. Ozer Grp., L.L.C. (In re The Caldor Corp.)*, 303 F.3d 161 (2d Cir. 2002); *Adelphia Commc'ns Corp. v. Rigas (In re Adelphia Commc'ns Corp.)*, 285 B.R. 848 (Bankr. S.D.N.Y. 2002). The Fifth Circuit, however, joins other courts in holding that § 1109 of the Bankruptcy Code does not convey an "unconditional right to intervene by a federal statute" for purposes of intervention as of right under Rule 24(a)(1). *See Fuel Oil Supply & Terminaling v. Gulf Oil Corp.*, 762 F.2d 1283, 1287 (5th Cir. 1985); *see also Vermejo Park Corp. v. Kaiser Coal Corp. (In re Kaiser Steel Corp.)*, 998 F.2d 783, 790 (10th Cir. 2001); *Richman v. First Woman's Bank (In re Richman)*, 104 F.3d 654, 659 (4th Cir. 1996). Therefore, Hoffman may not intervene in the Arrowhead Adversary as a matter of right under Rule 24(a)(1).

---

intervene and further failed to allege sufficient information from which subject matter jurisdiction over their intervention can be ascertained, making their failure to attach a complaint in intervention substantial, not merely technical." *Id*. The *Chaucer* court nevertheless afforded the purported intervenors the opportunity to re-file their motion to intervene accompanied by a pleading that sets out their claims or defenses. *Id*. at *2.

[4] The timeliness of a motion to intervene is a decision left to the discretion of the trial court. *See Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970). Arrowhead does not object to the timeliness of the Motion To Intervene and the Court finds the motion to be timely filed, given the events that have unfolded in the Debtor's main case with the appointment of the chapter 11 trustee and the Arrowhead Adversary.

### C. Hoffman Does Not Have a Non-Statutory Right To Intervene

Rule 24(a) also permits anyone, upon timely motion, to intervene in a lawsuit who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). "Failure to satisfy any one requirement precludes intervention of right," but "[t]he inquiry under subdivision (a)(2) is a flexible one and it 'must be measured by a practical rather than a technical yardstick.'" *Treadway v. Cain (In re Babcock & Wilcox Co.)*, Nos. 01-912 & 01-1187, 2001 WL 1095031, at *2 (E.D. La. Sept. 18, 2001) (quoting *Edwards v. City of Houston*, 78 F.2d 983, 999 (5th Cir. 1996)). "Furthermore, '[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained.'" *Id.* (quoting *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991)).

Rule 24 requires that Hoffman have an interest relating to the property or transaction that is the subject of the litigation. *See* FED. R. CIV. P. 24(a)(2); *In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *3. "To demonstrate an interest relating to the property or subject matter of the litigation sufficient to support intervention of right, the applicant must have a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.2d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). As the sole member holding all of the ownership interests of the Debtor, Hoffman has a "direct, substantial, legally protectable interest" in the outcome of a lawsuit that could render the Debtor liable for the judgments of its non-debtor affiliates. Therefore, the Court finds that Hoffman holds the type of interest that warrants intervention under Rule 24(a)(2).

Rule 24 also requires that Hoffman be "so situated that the disposition of the action would practically impair [her] ability to protect [her] interest." *In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *4. Hoffman asserts, without support, that, should Arrowhead prevail on the remaining claims asserted in the Arrowhead Adversary, the "equity in her membership interests in Debtor would be eliminated and she might even have some personal liability on a judgment on a claim for which she was allowed no involvement." Reply, ¶ 5. The remaining claims against the Debtor—not Hoffman individually—include breach of contract, breach of trust, simulation, and liability under a single-business-enterprise theory, which would, if Arrowhead is successful, work to hold the Debtor liable for the judgment debts of affiliated non-debtor companies. Those claims dismissed by the Court pursuant to the Debtor's Rule 12(b)(6) motion include claims for alter-ego liability, constructive and actual fraudulent conveyance and fraudulent concealment, and unjust enrichment. It is not readily apparent to the Court how Hoffman's membership interests in the Debtor could be eliminated or how she would be liable personally in the event Arrowhead prevails and she has given the Court no foundation for those assertions. If Arrowhead is successful, the assets of the Debtor will be depleted, which could negatively affect the value of Hoffman's ownership interests in the Debtor. *See Rollert Co. v. Charter Crude Oil Co. (In re Charter Co.)*, 50 B.R. 57, 62 (Bankr. W.D. Tex. 1985). But the Court need not determine whether that possibility constitutes a sufficient impairment of Hoffman's ability to protect her interest because, as discussed below, she fails to satisfy the final requirement for Rule 24(a)(2) intervention.

"The final requirement under 24(a)(2) is that the would-be intervenors' interests not be adequately represented by existing parties." *In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *4. The appointed chapter 11 trustee in this case "has the statutory duty to protect and preserve property of the estate for the purpose of maximizing a distribution to creditors." *In re Ngan Gung*

7

*Rest.*, 25 B.R. 566, 570 (Bankr. S.D.N.Y. 2000) (citing 11 U.S.C. § 1106(a)). "A trustee also owes a fiduciary duty to each creditor of the estate." *Id.* (citations omitted). The chapter 11 trustee will also be tasked with evaluating any settlement offers to resolve any claim against or on behalf of the estate, determining whether it is in the best interests of the estate by evaluating the merits of the case, the likely costs of litigation, and the interests of creditors. *See, e.g.*, *In re Eurospark Indus., Inc.*, 424 B.R. 621, 631 (Bankr. E.D.N.Y. 2010) (citations omitted); *In re Heritage Org. L.L.C.*, 375 B.R. 230, 285 (Bankr. N.D. Tex. 2007) (citations omitted). That said, Hoffman's interests here are aligned with those of the chapter 11 trustee, a fiduciary of the estate with the obligation to protect and preserve property of the estate.

To show that her interests regarding the Arrowhead Adversary will not be adequately represented by the chapter 11 trustee for purposes of Rule 24(a)(2) intervention, Hoffman is required to rebut the presumption that she "has the same ultimate objective as a party to the lawsuit," here, the Debtor. *In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *5 (citing *Edwards*, 78 F.3d at 1005).[5] "In order to overcome [that] presumption, the applicant[] must show adversity of interest, collusion or nonfeasance on the part of the existing party." *Id.* Hoffman has made no showing that would rebut that presumption; therefore, she has not satisfied Rule 24(a)(2)'s requirements to intervene as a matter of right.

### D. The Court Will Exercise Its Discretion To Allow Hoffman To Intervene Permissively Under Rule 24(b)

Rule 24(b) provides, in pertinent part, that intervention is permissible by anyone who "has a claim or defense that shares with the main action a common question of law or fact." FED. R.

---

[5] The first presumption of adequate representation is not applicable here. "The first presumption requires the professed representative to be a governmental body or officer charged by law with representing the interests of the applicant." *In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *4 (citing *Edwards*, 78 F.3d at 1005).

CIV. P. 24(b). "A court's application of Federal Rule 24(b) is discretionary—*i.e.*, the court may use its own discretion in determining whether permissive intervention is appropriate for a specific party." *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853–54 (Bankr. S.D.N.Y. 1989) (citation omitted); *see also Atlas Noble, LLC v. Krizman Enters.*, 692 F. App'x 256, 269 (6th Cir. 2017) (evaluating permissive intervention though not raised by parties); *Innovation Ventures LLC v. Pittsburg Wholesale Grocers Inc.*, No. 13-CV-6397, 2019 WL 4805041, at *1 (E.D.N.Y. Sept. 30, 2019) (evaluating both permissive intervention and intervention as of right though pleadings unclear); *Meridian Fin. Advisors, Ltd. v. Contract Purchase & Design, Inc. (In re Shubh Hotels Pittsburgh, LLC)*, 495 B.R. 274, 287 n.8 (Bankr. W.D. Pa. 2013) (evaluating permissive intervention though not raised in motion). "Allowing permissive intervention under Rule 24(b) is wholly discretionary even where there is a common question of law or fact." *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 17-CV-00235, 2017 WL 6059303, at *3 (E.D. Tex. Dec. 7, 2017) (citing *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471). "While the decision to permit intervention is discretionary with the Court, the determination of the commonality of the intervenor's claim and the claims in the main case is not discretionary, but rather a question of law." *Hill v. Day (In re Today's Destiny, Inc.)*, Adv. No. 06-3285, 2007 WL 2028111, at *2 (Bankr. S.D. Tex. July 6, 2007). "If the court determines that there are common claims or defenses, the court shall, in exercising its discretion, 'consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Id.* (quoting FED. R. BANKR. P. 7024).

As evidenced by Hoffman's proposed motion for summary judgment, Hoffman has aligned herself with the chapter 11 trustee in the Debtor's defense against the Arrowhead Adversary. The Court finds that there are common defenses between Hoffman and the Debtor. So it is left to the

Court's discretion whether to allow intervention. *See In re Charter Co.*, 50 B.R. at 63. In evaluating whether to exercise that discretion and allow a party to intervene pursuant to Rule 24(b),

> [c]ourts are directed to consider such factors as whether the intervenors' interests are adequately represented by other parties, whether they will significantly contribute to full development of the underlying factual issues of the suit, the nature and extent of the intervenors' interests, the standing of the intervenors to raise relevant legal issues, and whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

*In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *5 (citations omitted). Hoffman proposes to raise no new issues and no discovery has been conducted to date in the Arrowhead Adversary. Therefore, the Court finds that Hoffman's intervention will not unduly delay the proceedings. *See In re Charter Co.*, 50 B.R. at 63–64. Further, Hoffman's intervention will aid the chapter 11 trustee and "significantly contribute to the full development of the underlying factual issues of the suit," as many of the facts required to resolve the remaining claims in the Arrowhead Adversary involve non-debtor affiliates controlled by Hoffman or her family members. *In re Babcock & Wilcox Co.*, 2001 WL 1095031, at *5.[6] Finally, as a party in interest, Hoffman has standing under 11 U.S.C. § 1109(b) to "raise and . . . appear and be heard on any issue in a case under this chapter." For those reasons, this Court will allow Hoffman to intervene in the Arrowhead Adversary pursuant to Rule 24(b).

This Court, however, is cognizant of the time and costs that come with additional parties. "Since the Court has discretion to deny intervention altogether under Federal Rule of Civil Procedure 24(b), it may also impose conditions under which it will allow the applicant to become a party." *In re Charter Co.*, 50 B.R. at 64. Accordingly, all discovery directed toward Arrowhead will be propounded only by the chapter 11 trustee and his counsel on behalf of the Debtor; Hoffman may not serve any discovery or take depositions, unless prior leave of Court is obtained. And

---

[6] The Court notes that the chapter 11 trustee has not objected to Hoffman's Motion To Intervene.

Hoffman is responsible for her own costs and legal fees she incurs through her participation in the Arrowhead Adversary.

**SO ORDERED.**

New Orleans, Louisiana, January 15, 2021.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE